E-FILED
Tuesday, 30 June, 2026  04:37:21 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## for the
### CENTRAL DISTRICT OF ILLINOIS
### Springfield Division

LUKE A. THOMAS,

           Plaintiff,

    -against-

HOLLY J. HENZE, in her official capacity only;
JERRY J. HOOKER, in his official capacity only;
DEVRON OHRN, in his official and individual
capacities;
JUSTIN OLIVER, in his official and individual
capacities;
GWENDOLYN M. THOMAS, in her official and
Individual capacities;
GEORGEANNE OSMER, individually;
JOHN D. OSMER, individually;
CASS COUNTY, ILLINOIS;
MENARD COUNTY, ILLINOIS;
THE EIGHTH JUDICIAL CIRCUIT OF ILLINOIS;
JOHN DOES 1–10, individually and in their official
capacities (as applicable)

           Defendants.
---------------------------------------------------------x

Civil Action No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

## PRELIMINARY STATEMENT

Plaintiff Luke A. Thomas, a disabled litigant, licensed Illinois attorney, and father of a medically vulnerable child with severe Type 1 diabetes, brings this civil rights action to halt a coordinated, multi-year conspiracy executed under color of state law. State actors and private individuals weaponized a local state court docket to circumvent the Americans with Disabilities Act (ADA) and orchestrate the unrecorded, warrantless seizure and conversion of Plaintiff's federally regulated firearms, ammunition, and related property as hereinbelow set forth.

1

Despite the state court's actual knowledge of Plaintiff's disabilities—arising from aggressive treatment for Stage III rectal cancer—mandatory ADA Title II accommodations were systematically subverted to facilitate unrecorded ex-parte hearings and procedural ambushes designed to exploit Plaintiff's cognitive limitations.

State actors and their co-conspirators engaged in active fraudulent concealment regarding the September 2022 warrantless and unlawful seizure/taking of Plaintiff's Federal Firearms License (FFL) inventory. Said actors, using access gained through an ex-parte, emergency order of protection, improperly removed, concealed and disposed of Plaintiff's property upon removing the same through the original trial date.

Defendants, having learned of Plaintiff's objections and assertions that their conduct constituted theft and also caused multiple technical violations under applicable Illinois and Federal gun laws, refused to identify those present at the time of the taking, account for the property taken and refused to identify location of the property through October, 2022, only furnishing an incomplete list of firearms prepared by Defendants, Georgeanne Osmer and John D. Osmer, by filing the same unredacted within the case (2022DC15).  In fact, this is the only inventory ever provided until May 2026

Plaintiff was prevented from discovering the full scope of this constitutional deprivation until May 2026, when documentary evidence was finally provided and revealed a clandestine liquidation pipeline in which former Cass County Sheriff John D. Osmer used his personal cellular telephone number to orchestrate off-the-books sales of Plaintiff's property in contravention of Illinois Protect Illinois Communities Act (eff. January 1, 2024) and the federal Gun Control Act of 1968.

Upon discovery of the aforesaid unlawful sale, Plaintiff promptly sought emergency supervisory relief from the Illinois Supreme Court pursuant to Illinois Supreme Court Rule 383. Following the Illinois Supreme Court's June 18, 2026 denial of supervisory relief, the trial court escalated its retaliation. On June 23, 2026, the court denied a verified Motion for Substitution for Cause—supported by detailed affidavit to which no counter-affidavit was filed—and imposed retaliatory, sua sponte monetary sanctions under Rule 137 without motion, notice, or hearing. State remedies are futile and exhausted. Plaintiff seeks immediate declaratory and prospective injunctive relief, together with compensatory and punitive damages, to preserve his federally regulated assets and enforce his civil rights.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights), as this action arises under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and Title II of the Americans with Disabilities Act (42 U.S.C. § 12132). Supplemental jurisdiction over any related state law claims is invoked pursuant to 28 U.S.C. § 1367.

2. This action is not barred by the *Rooker-Feldman* doctrine. Plaintiff does not seek appellate review of any state court domestic relations judgment. Rather, Plaintiff seeks redress for independent constitutional injuries, fraudulent concealment, and extra-judicial conspiracies executed by Defendants outside the lawful bounds of any court proceeding.

3. Venue is proper in the Central District of Illinois, Springfield Division, under 28 U.S.C. § 1391(b) because the events, omissions, and property giving rise to the claims are situated within Cass County, which is assigned to the Springfield Division.

## PARTIES

1.  Plaintiff Luke A. Thomas is a resident of Illinois and a qualified individual with a disability under the ADA, suffering from severe PTSD and ADHD secondary to Stage III rectal cancer and its treatment.

2.  Defendant Eighth Judicial Circuit of Illinois, along with Cass County and Menard County, are public entities receiving federal funding and are bound by Title II of the ADA to provide accessible judicial programs and services.

3.  Defendants Judge Holly J. Henze and Judge Jerry J. Hooker are named in their official capacities only for the sole purpose of prospective injunctive and declaratory relief pursuant to *Ex parte Young*, 209 U.S. 123 (1908).

4.  Defendant Gwendolyn M. Thomas is named in her individual capacity (acting under color of state law) and in her official capacity as Menard County State's Attorney.

5.  Defendant Devron Ohrn (Cass County Sheriff) is sued in his official and individual capacities.

6.  Defendant John D. Osmer (former Cass County Sheriff) is sued in his individual capacity as a co-conspirator.

7.  Defendant Georgeanne Osmer is sued in her individual capacity as a co-conspirator.

8.  Defendants John Does 1–10 are unknown named law enforcement officers and private individuals who acted in concert with the named Defendants to execute the unconstitutional seizure, conversion, and clandestine liquidation of Plaintiff's property. Because Sheriff Ohrn intentionally suppressed the generation of standard police reports regarding the September 2022 seizure, and because the auction/liquidation records remain hidden, Plaintiff is

currently unable to ascertain their true identities. They are sued in their individual capacities, and where acting under color of state law, in their official capacities.

## STATEMENT OF FACTS

### A. Plaintiff's Protected Disability Status and the Court's Actual Knowledge

1.  Plaintiff is a cancer survivor whose rigorous treatments resulted in documented cognitive disabilities, including PTSD and ADHD that substantially limit major life activities. Plaintiff was diagnosed with Stage III rectal adenocarcinoma in May 2019 at Mayo Clinic. He underwent customized radiation, an 8+ hour robotic-assisted low anterior resection with colo-anal anastomosis, placement of a temporary ileostomy (reversed after 6.5 months), chemotherapy port placement, six months of Oxaliplatin infusions, oral capecitabine chemotherapy, and multiple follow-up procedures, all collectively intended as a five-year (5) treatment plan.   The intensity and presentation of Plaintiff's resulting C-PTSD, ADHD, and anxiety have fluctuated significantly between 2019 and 2026. These cognitive and psychological conditions are episodic, exacerbated by stressors of load and uncertainty, and are treated pharmacologically and by lifestyle management. (Medical Memorandum, Exhibit 1; ADA Accommodations Request/Order, Exhibit 13).

2.  Defendants had actual, documented knowledge of Plaintiff's disabilities since the inception of the events leading up to, at, and following the inception of the state litigation. Specifically, Plaintiff advised Defendant Judges and other judges, including judges of the the Eighth Judicial Circuit of Illinois, among others, of Plaintiff's Stage III rectal cancer diagnosis directly by electronic correspondences dated  05-07- 2019 and 05-12-2019, respectively. (Medical Diagnosis Disclosures—Legal Practice, Exhibit 2).

3. Between 2019 and April 2022, Defendant Gwendolyn Thomas, while in private practice with the firm McClure, Thomas & Thomas, established a pattern and practice of disclosing Plaintiff's and his minor child's sensitive medical information—including diagnoses and treatment plans—to numerous judges within the Eighth Judicial Circuit, including, among others, Judges Wessel, Tippey, Hooker, Thomson, McCartney & Atterberry. To illustrate, Plaintiff attaches an electronic correspondence (November 22, 2021) from Defendant Thomas to said judicial officers. (Electronic correspondence, November 22, 2021- Thomas to Judges, Exhibit 3).

4. Additionally, at all times following commencement of the subject state court litigation (September 11, 2022) Defendants were aware and repeatedly reminded of Plaintiff's medical conditions and ongoing financial destitution, both formally through court-filings and in-court testimony, and informally. Transcripts before Judge Hooker reflect that Plaintiff was kicked out of his home for 40 days and left destitute while Defendant Gwendolyn Thomas committed fraud upon the court by applying for a state medical card listing "$0 income" despite possessing over $26,000 in income for August 2022.

5. As early as March 2023, Judge Henze confirmed in writing that she had reviewed the entire case file, establishing actual knowledge of Plaintiff's disabilities and the necessity of ADA compliance. Furthermore, Judge Henze declared Plaintiff indigent as late as January 2024 (Doeket Sheet, January 22, 2024 Entry, Exhibit 5).

**Additional Stressors and Actual Knowledge of Personal Danger**

6. During the same period Plaintiff was undergoing aggressive cancer treatment and managing his son's severe Type 1 diabetes for which he was hospitalized in intensive care at least six times as a result of complications, Plaintiff was the victim of a credible and violent threat. In 2021, a former client sent Plaintiff a message stating he intended to get high on methamphetamine and kill Plaintiff and the State's Attorney who prosecuted him.

7. One week later, the individual appeared at Plaintiff's law office armed with a weapon and attempted to break in with a baseball bat, terrifying clients and staff. Plaintiff was present only because he was stopping to pick up his children from school. Given the prior threat, the intensity of the situation, and not knowing whether the perpetrator was armed with additional weapons, Plaintiff was required to take a defensive position with his loaded firearm in light of the credible threat.

8. The judges of the Eighth Judicial Circuit, including those presiding over Plaintiff's domestic relations case, had actual knowledge of the threat and nature of the attempted attack. This ongoing personal danger, combined with Plaintiff's documented medical disabilities and parental responsibilities, further demonstrates the severe strain under which Plaintiff was operating when Defendants denied and subverted his ADA accommodations and proceeded with the seizure and liquidation of his property.

9. Just three weeks prior to the commencement of the state court actions (September 11-12, 2022), Plaintiff discovered his minor son seizing and unresponsive as a result of extreme hypoglycemia, requiring a 911 call and intensive care hospitalization of which all Defendants were already aware or became aware soon after commencement of the state court litigation.

7

**B. The Unlawful Seizure of FFL Assets (September 2022)**

1.  On September 11–12, 2022, Defendant Gwendolyn Thomas, acting in concert with local law enforcement, members of her family, and John Does 1-5, executed the warrantless seizure of Plaintiff's entire federally regulated FFL inventory, consisting of more than 100 firearms and up to 30,000 rounds of ammunition.

2.  Without lawful authority, Sheriff Devron Ohrn permitted the individuals identified above to remove the firearms, ammunition and other property (under the guise of an ex-parte emergency order of protection) from Plaintiff's home without Plaintiff's consent, without conducting required background checks, and without generating standard police reports documenting the seizure or chain of custody, all in violation of the duty of his Office.

3.  Sheriff Ohrn deliberately refused to generate standard police reports regarding the seizure, actively suppressing the creation of a public record and his unlawful conduct and that of his co-conspirators.

**C. Conduct of Sheriff Ohrn and Corrupt Offer of Money**

1.  On September 12, 2022, when Sheriff Devron Ohrn served Plaintiff with the ex parte Emergency Order of Protection in the presence of Plaintiff's minor son G█████ Plaintiff was physically and emotionally exhausted. He weighed only 159 pounds, had been awake for over 24 hours managing his son's extreme and dangerous blood sugar lows.  Plaintiff was not practicing law at the time (having been inactive status after 2021 due to his cancer treatment and recovery). Plaintiff asked Sheriff Ohrn where he could obtain assistance. Sheriff Ohrn responded dismissively and mockingly: "You're smarter than everyone—you're an attorney, you'll figure it out." This callous response, made while Plaintiff was visibly debilitated and in front of his

medically fragile child, exemplifies the retaliatory animus and deliberate indifference to Plaintiff's documented disabilities.

2. During the same encounter, Sheriff Devron Ohrn attempted to hand Plaintiff a white envelope containing $1,000 in cash from "the Osmers" to pay for a hotel room. The Emergency Order of Protection provided Plaintiff with no access to any funds or property. Plaintiff immediately recognized this as improper and stated that this was corrupt and that in all his years of practicing law he had never heard of a sheriff offering money in this manner. The offer was made for the purpose of removing Plaintiff from the home so that the seizure of his FFL inventory could proceed without interference. Because Plaintiff had no other means to obtain funds and needed to immediately pick up Grant's life-saving Lantus insulin prescription (which cost $504), Plaintiff ultimately accepted $700 of the offered money solely to secure his son's medication. This incident concretely demonstrates the coordinated meeting of the minds between Defendant Gwendolyn Thomas, the Osmer family, and Sheriff Ohrn to exploit Plaintiff's disabled and financially destitute condition while effectuating the unlawful seizure.

### D. Fraudulent Concealment and the Discovery Rule (Tolling)

1. Because of the intentional suppression of law enforcement records, the verbatim vacuum maintained by the trial court, and Defendants willful actions to prevent discovery of the sale conducted,  Plaintiff was actively prevented from discovering the conversion and clandestine sale of his FFL inventory until May 5, 2026.

2. The Discovery Rule applies to Plaintiff's property deprivation claims. Plaintiff could not have discovered the full scope of the conspiracy until May 2026, when documentary evidence was finally obtained.

3. Plaintiff uncovered a commercial gun sale settlement sheet from Will Sullivan Auctioneers revealing that Defendant John D. Osmer (former Sheriff) used his personal cellular telephone number to orchestrate the off-the-books liquidation of Plaintiff's stolen FFL inventory.

4. Plaintiff further discovered evidence of commercially unreasonable "sham sales." Highly valuable, pre-ban Russian FIME Group AK-47s belonging to Plaintiff were intentionally auctioned without their provenance or upgrade manifests to artificially deflate their value and keep the sales off national tracking radars, allowing insider acquisitions at below-market prices by private co-conspirators, including John Does 6-10. The foregoing is an example of but one of many actions taken which made the sale commercially unreasonable and in violation of Defendants' legal and fiduciary duties.

**E. The Weaponization of Court Authorization and Unlawful Sales**

1. Despite Plaintiff's repeated notifications to both Judge Hooker and Judge Henze that a substantial portion of the seized firearms were non-marital property, homemade, or defective and therefore could not lawfully be sold, and despite Plaintiff's explicit offer to assist the court and any receiver in properly identifying, categorizing, and valuing the inventory, the trial court entered general orders authorizing the sale and liquidation of the collection, without regard to the foregoing and/or controlling law.

2. Instead of utilizing lawful receivership protocols and/or protocols meeting legal and fiduciary obligations,, the Defendants weaponized the court's general authorization to orchestrate a clandestine, off-the-books liquidation. The Defendants executed these sales in direct violation of state and federal laws—including the Protect Illinois Communities Act (PICA)—intentionally bypassing mandatory background checks, transfer records, and serialization requirements to funnel the assets to insiders.

**F. Plaintiff's Good-Faith Demands and Defendants' Failure to Respond**

1. On January 28, 2024, Plaintiff sent a formal demand letter to Defendant Gwendolyn M. Thomas, John D. Osmer, and Georgeanne Osmer demanding the return of all regulated and non-regulated property seized from him, a full accounting of all property and proceeds, and the location and identity of all current possessors. The letter also placed the recipients on notice of their obligations under federal firearms law and expressly disclaimed any agency relationship. Defendants did not respond to the demand and failed to comply with it. (See Demand Letters, Exhibit 10).

2. On February 26, 2023, Plaintiff also sent a formal notice to John D. Osmer and Georgeanne Osmer regarding attempts to involve or interrogate Plaintiff's minor children/witnesses in the litigation and warning against witness intimidation or coercion. These formal demands and notices further demonstrate Plaintiff's good faith and Defendants' pattern of ignoring Plaintiff's rights and legal obligations.

**G. ADA Subversion, Retaliatory Sanctions, and Institutional Context (June 2026)**

1. While the state court nominally approved ADA accommodations, the Defendant Judges and opposing counsel engaged in systemic sabotage of these protections. They permitted Defendant Gwendolyn Thomas to violate court orders with impunity, effectively weaponizing Plaintiff's request for ADA accommodations as a pretext to terminate his parental visitation. This sham compliance was furthered subsequently through 'fluid dockets' and procedural ambushes designed to bypass the record, characterized by a persistent pattern of unrecorded ex parte communications.

2. To illustrate, Judge Henze's final attempt to coerce Plaintiff into waiving his request for disclosure of the years' worth of ex-parte communications culminated in March, 2026:

A. With Plaintiff's request for reconsideration of his motion for substitution of Judge Henze denied In November 2025, Judge Henze wrote to the parties indicating her understanding of active/pending matters consisted of:

(a) Petition for Indirect Civil Contempt (filed July 18, 2025);

(b) Motion to Stay Proceedings (Filed October 3, 2025);

(c) Motion for Disclosure of Ex Parte Communications  October 6, 2025);

(d) Petition for Relief from Judgment ( October 14, 2025);

(e) Emergency Motion for Temporary Custody; Motion to Modify (filed November 3, 2025) and

(f) Motion to Compel Disclosure of Ex-Parte Communications (filed November 14, 2025).

B. By follow-up email on March 9, 2026, Judge Henze innocuously stated:

"I apologize for the delay in getting back with you for alternative dates to schedule a hearing on **all pending motions**. I spent a week at Ed Con and then spent last week playing catch up. I have the following dates to offer for scheduling, and **I will set aside all day so all motions and petitions can be heard and disposed of.**"

C. **On March 22, 2026,** Plaintiff briefly responded :"Thank you for following up---the May 22, 2026 (9:00 a.m.) date you provided works best."

D. Having still not received any information regarding the location or disposition the firearms and other assets all of which was needed to prepare for Plaintiff's own claims and to also defend

against Defendant's petition for indirect civil contempt (financial reasons), Plaintiff once again

asked Defendant for previously ordered information, namely:

1.  A complete inventory and accounting of all firearms sold;

2.  An inventory of any firearms retained;

3.  The accounting/bill of sale for each sold firearm (listing manufacturer, model, serial number, date sold, amount received, and buyer's name), along with copies of the corresponding ATF-4473 transfer forms;

4.  An inventory and accounting of all ammunition, scopes, hunting gear, accessories, knives, stands, blinds, lights, bags/cases, training tools, gunsmith tools, parts, the oven, and related equipment;

5.  An accounting of the golf clubs;

6.  An accounting of the collectibles;

7.  The titles for the boat, trailer, mini-bike, and go-cart; and

8.  An inventory and accounting of all personal property awarded to me in the dissolution order that has been subsequently sold, disposed of, or otherwise liquidated. (INSERT TOOTNOTE AND EXHIBIT). (Email dated April 7, 2026, Exhibit 14)..

E.  Defendant, Gwendolyn Thomas, elected to once again ignore the requests,

silently refusing to provide the information or any response whatsoever.

F.  On April 10, 2026,  Plaintiff was forced to file a Motion for Extension of Time

and Other Relief, requesting the Court for an extension of time as a result of Defendant Thomas's

refusal to provide the previously ordered information.  Given the importance and relevance of

the requested information, Plaintiff requested the court to extend its deadlines to 14 days

following Plaintiff's receipt of the necessary information from Defendant Thomas.

G.  On May 2, 2026, Plaintiff advised Defendant he could not proceed to hearing without the information, and that though agreed resolution was preferred, Plaintiff would have to file a Motion to Continue the May 22, 2026 hearing.

H.  Having received no response from Defendant and with his Motion for Extension of Time remaining unaddressed, Plaintiff began preparing a formal Motion to Continue the May 22, 2026 trial date.  As a part thereof, Plaintiff surprisingly noted that agreement reached via email on the hearing date selection, was incorrectly memorialized as an "agreed order", in which Judge Henze not only indicated the hearing date was selected by agreement, but also alleged the parties agreed to the pleadings to be heard.

I.  Given the legal effect of the mistaken "agreement", on May 5, 2026,  Plaintiff promptly filed a Motion to correct the record, specifically pointing out the error, which operationally waived Plaintiff's request for disclosure of his requests for disclosure of the ex-parte communications he sought.

J.  On the same date, Plaintiff provided a courtesy copy of the Motions and sought to obtain a hearing date on the Motions (Extension of Time & Continuance), to which Judge Henze once again refused to provide a hearing in advance of the May 22, 2026 date, indicating she could not appear in advance and that she would not begin the hearing with Plaintiff's procedural motions.   Substitution was once again sought thereafter.


3.  When Plaintiff filed a verified Motion for Substitution for Cause in May 2026 outlining these ongoing violations, Defendant Thomas once again filed response or counter-affidavit.

4.  On June 23, 2026, Judge McCartney issued an Order denying the substitution. To protect the ex parte channels, the Court improperly applied res judicata to an interlocutory motion, thereby once again ignoring the unequivocal language of Illinois Supreme Rule 2.9[1]. More egregiously, the Order imposed sua sponte monetary sanctions against Plaintiff under Rule 137, indicating Plaintiff would be required to pay Defendant Thomas's costs for time expended upon application.. This punitive financial sanction was levied without a motion, notice, or evidentiary hearing, constituting a retaliatory violation of procedural due process. The Order was explicitly marked "final and appealable."

5.  During the pendency of these proceedings, Defendant Holly J. Henze was subject to the judicial reappointment process in the Eighth Judicial Circuit. Associate judges in Illinois are reappointed through secret ballot by the circuit judges within their circuit. This structure created a reciprocal institutional interest among the judges, including Defendants Hooker and McCartney, that incentivized protection of one another's conduct. Public results from the 2023 Illinois State Bar Association Judicial Advisory Poll reflect that Defendant Henze received only 68.29% affirmative responses on whether she met acceptable requirements for judicial office — among the lowest in the circuit. This institutional dynamic provides relevant context for Defendant Henze's actions in this matter.

**H.  Refusal to Comply with Illinois Supreme Court Rule 2.9 and Resulting Denial of Due Process**

Plaintiff's efforts to obtain transparency regarding the Court's extrajudicial communications were repeatedly met with silence and/or obstruction.  The trial judges' refusal to disclose substantive ex-parte communications continued post-dissolution.  As a result, Plaintiff

---

[1] IL S. Ct. Rule 2.9: "A judge **shall not** initiate, permit, or consider ex parte communications or consider other communications made to the judge outside the presence of the parties or their lawyers concerning a pending* or impending matter,…*

was forced to file a formal motion requesting these mandatory disclosures on October 6, 2025, and a motion to compel a ruling for disclosure, together with a Memorandum of Law on November 14, 2025.  Even with these request pending and renewed on the record, both Judge McCartney and Judge Henze simply ignored and bypassed these requests, while still insisting Plaintiff proceed to hearing without disclosure.  The Court's refusal to make disclosure or rule on the motions confirms that the *ex parte* conduct was not merely irregular, but a protected feature of the Court's case management strategy ,in contravention to Plaintiff's due process and ADA rights.

## CLAIMS FOR RELIEF

### COUNT I – Violation of ADA Title II (42 U.S.C. § 12132) (Against Defendants Cass County, Menard County, and the Eighth Judicial Circuit)

1.  Plaintiff realleges and incorporates by reference all prior paragraphs. Defendants are public entities under the ADA. Plaintiff is a qualified individual with a disability. By operating in a verbatim vacuum, failing to engage in the interactive process, and actively subverting pre-approved accommodations through ex parte scheduling and procedural ambushes, these entities denied Plaintiff equal access to judicial services and retaliated against him for asserting his federally protected rights.

2.  Pursuant to *Tennessee v. Lane*, 541 U.S. 509 (2004), Title II of the ADA validly abrogates state sovereign immunity where, as here, the public entity's failure to accommodate implicates Plaintiff's fundamental due process right of access to the courts.

16

**COUNT II – 42 U.S.C. § 1983 (Procedural Due Process & Unlawful Seizure) (Against Defendants Gwendolyn Thomas, Devron Ohrn, John D. Osmer)**

1.  Plaintiff realleges and incorporates by reference all prior paragraphs. Acting under color of state law, the individual defendants engaged in joint action to deprive Plaintiff of his commercial property without due process.

2.  By bypassing standard asset-receivership protocols, suppressing police reports, and orchestrating clandestine liquidation — including Sheriff Ohrn's dismissive and mocking response and corrupt offer of family money while Plaintiff was visibly debilitated in front of his son — Defendants unlawfully seized and converted Plaintiff's FFL inventory.

**COUNT III – 42 U.S.C. § 1983 (Civil Rights Conspiracy) (Against Defendants Gwendolyn Thomas, Devron Ohrn, John D. Osmer, Georgeanne Osmer)**

1. Plaintiff realleges and incorporates by reference all prior paragraphs.

2.  The Defendants reached a meeting of the minds to deprive Plaintiff of his constitutional rights.

3.  As evidenced by Defendant Osmer's use of his personal cell phone on the Sullivan settlement sheet to sell property unlawfully seized by Defendant Ohrn for the benefit of Defendant Thomas, the Defendants' intentional weaponization of court orders to bypass PICA transfer requirements, Sheriff Ohrn's cash delivery on September 12, 2022, the prolonged failure to provide court-ordered accounting, and the institutional incentives within the Eighth Judicial Circuit to protect colleagues and the circuit's reputation, the Defendants executed a coordinated scheme of fraudulent concealment and conversion.

**COUNT IV – Monell Municipal Liability (Against Cass County, Illinois and the Eighth Judicial Circuit of Illinois)**

1.  Plaintiff realleges and incorporates by reference all prior paragraphs.

2.  Defendants Cass County and the Eighth Judicial Circuit are municipal entities subject to liability under 42 U.S.C. § 1983 pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

3.  Defendants maintained policies, customs, and practices that were the moving force behind the constitutional violations alleged herein, including but not limited to:

(a) A custom and practice of failing to adequately train and supervise sheriffs, deputies, and court personnel on proper procedures for interacting with individuals with disabilities and mental health conditions, as evidenced by deputies referring to Plaintiff as "crazy" over the radio and Sheriff Ohrn's dismissive response when Plaintiff, who was visibly debilitated, requested assistance;

(b) A policy and practice of failing to train judicial officers and court staff on their obligations under Title II of the Americans with Disabilities Act, including the duty to recognize and respond to requests for reasonable accommodations, engage in the interactive process, and avoid procedural manipulation that subverts previously granted accommodations;

(c) A custom and practice of tolerating and participating in ex parte communications between judges, guardians ad litem, and counsel without proper notice to all parties, in violation of Illinois Supreme Court Rule 2.9 and fundamental due process protections;

(d) An institutional custom of protecting colleagues and shielding the circuit from external scrutiny, as evidenced by the structure of associate judge reappointment through secret ballot by circuit judges and Defendant Henze's actions taken during the pendency of her own reappointment process; and

18

(e) Deliberate indifference to the known and obvious need for training on disability rights and ADA compliance in judicial proceedings and law enforcement interactions, a need that has been publicly recognized at the highest levels of the Illinois judicial system, including the Illinois Supreme Court's creation of a dedicated Title II ADA Compliance Attorney position on June 23, 2026.

4. These policies, customs, and practices were the moving force behind the unlawful seizure and conversion of Plaintiff's property, the denial and subversion of his ADA rights, and the violation of his procedural due process rights.

5. As a direct and proximate result of these policies, customs, and practices, Plaintiff suffered the constitutional injuries alleged herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and grant the following relief:

A. Prospective Injunctive Relief enjoining the Defendant Judges, the Eighth Judicial Circuit, and all agents acting in concert with them from conducting further proceedings involving Plaintiff without strict, documented enforcement of Plaintiff's ADA Title II accommodations;

B. A Temporary Restraining Order and Preliminary Injunction requiring the immediate preservation, accounting, and freezing of all Plaintiff's FFL assets, ammunition, and liquidation proceeds currently held by, or distributed to, any Defendant or their proxies;

C. Declaratory Judgment stating that the Defendants' actions violated the Fourth and Fourteenth Amendments and Title II of the ADA;

D. Declaratory Judgment that compliance with Illinois Supreme Court Rule 2.9 in mandatory, essential to Due Process, and that Defendants' refusal to make such disclosures, as applied to the instant case, violates Plaintiff's rights of due process under the U.S. and Illinois Constitutions;

D. Compensatory and Punitive Damages against the Individual Defendants (excluding the Defendant Judges) for the actual market replacement value of the fraudulently liquidated FFL inventory and for emotional and constitutional injuries;

E. Attorneys' Fees and Costs pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 12205; and

F. Such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## VERIFICATION

I, Luke A. Thomas, declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of June, 2026.

BY    /s/ Luke A. Thomas

LUKE A. THOMAS
PLAINTIFF, pro se
Email:  thomaslitigation2022@gmail.com
Phone: 309-217-8452
Illinois ARDC No.: 6278591

20

**UNITED STATES DISTRICT COURT**
**for the**
**CENTRAL DISTRICT OF ILLINOIS**
**Springfield Division**

LUKE A. THOMAS,

                  Plaintiff,

    -against-

HOLLY J. HENZE, in her official capacity only;
JERRY J. HOOKER, in his official capacity only;
DEVRON OHRN, in his official and individual
capacities;
JUSTIN OLIVER, in his official and individual
capacities;
GWENDOLYN M. THOMAS, in her official and
Individual capacities;
GEORGEANNE OSMER, individually;
JOHN D. OSMER, individually;
CASS COUNTY, ILLINOIS;
MENARD COUNTY, ILLINOIS;
THE EIGHTH JUDICIAL CIRCUIT OF ILLINOIS;
JOHN DOES 1–10, individually and in their official
capacities (as applicable)

               Defendants.
----------------------------------------------------------x

Civil Action No.

**COMPLAINT**

**EXHIBITS TO COMPLAINT**

**INDEX OF EXHIBITS**

| Exhibit | Description |
|---|---|
| 1 | **Medical Memorandum (filed with trial court (medical records consisting of 645 pages excluded)** (Documenting cancer treatment, diagnosis dates, and ongoing pharmacological management for PTSD/ADHD) |
| 2 | **Medical Diagnosis Disclosures—Legal Practice** (Electronic correspondence from May 2019 to Defendant Judge Hooker and other circuit judges) |
| 3 | **Electronic Correspondence (Nov 22, 2021)** (Defendant Gwendolyn Thomas to judicial officers regarding her claimed need to cease legal practice) |
| 4 | **Original Notice to Preserve Evidence (September 2022), Amended Notice to Preserve Evidence (October 1, 2022); FOIA Request (October 5, 2022); Notice to Preserve (ex-parte) served upon GAL (October 2023).** |
| 5 | **Order (Docket)** (January 22, 2024 Order by Judge Henze granting fee waivers based on indigency application) |
| 6 | **Will Sullivan Auctioneers Settlement Sheet** (Documenting the off-the-books liquidation orchestrated by John Osmer) |
| 7 | **Verified Motion for Substitution for Cause** (May 2026 motion filed in state court) |
| 8 | **June 23, 2026 Order** (Order denying substitution and imposing Rule 137 sanctions) |
| 9 | **2023 Illinois State Bar Association Judicial Advisory Poll** (Reflecting Defendant Henze's judicial polling data) |
| 10 | **Formal Demands and Notices** (Jan 28, 2024 demand for property return; Feb 26, 2023 notice regarding child welfare) |
| 11 | **Transcript: Hooker re Medical Card and Job Efforts** (Proceedings regarding eligibility for medical card and court inquiries into employment) |
| 12 | **Transcript: Hooker Disability Summary** (Proceedings regarding disability-related issues and return-to-work efforts) |
| 13 | **ADA Accommodations Request (Initial); Order Addressing Request and Correspondences (for illustrative purposes—ADA Process)** |
| 14 | **Pre-litigation Disability/Financial Status**; Prior Knowledge re Medical Conditions re Duty to Engage in ADA Interactive Process |

| | |
|---|---|
| 1 | **Medical Memorandum (filed with trial court (medical records consisting of 645 pages excluded)** (Documenting cancer treatment, diagnosis dates, and ongoing pharmacological management for PTSD/ADHD) |

FILED
1/26/2023 11:58 AM
BRADLEY PARLIER
CLERK OF THE CIRCUIT COURT
CASS COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL

CIRCUIT OF ILLINOIS, CASS COUNTY, ILLINOIS

GWENDOLYN M. THOMAS,

      Petitioner,

    vs.

LUKE A. THOMAS,

      Respondent.

No. 2022-DC-15

MEMORANDUM REGARDING MEDICAL CONDITIONS AND RECORDS SUMMARY

      Now comes your Respondent, Luke A. Thomas, an Illinois licensed attorney, pro se, and for this Memorandum in advance of the hearing set on January27, 2023 by this honorable Court,  states:

      1.  With exceptions for filings in this cause and testimony to-date, this honorable Court has not had an opportunity to review evidence regarding Respondent's medical conditions that led to his disability and inability to continue practicing as a partner at McClure, Thomas & Thomas.

      2.  Despite Petitioner' clear and obvious statements, private, public and of record in this cause, the extent and nature of Respondent's medical conditions, the severity of illness, and Respondent's work ethic are now at issue in this cause.  Petitioner now maintains Respondent was fully able to work in the same capacity as he did pre-cancer and before other life altering events.  Examples of Petitioner's statements and present position are attached hereto and incorporated herein.

      3.  Rather than try to summarize 3+ years of complex medical treatment and try to explain the same, Respondent submits various medical records given the inability to obtain

- 1 -

funds necessary to properly present physician's testimony.  Respondent does not intend to waive any privilege--past, present or future.

4.    Respondent attaches the Mayo Clinic records submitted to the former firm's insurer, Northwestern Mutual, which found Respondent to be disabled effective September 16, 2019.  Additional records for treatments and visits subsequent to the aforesaid date are included as well.  These records are affixed as "Mayo Clinic Patient Health Summary generated January 25, 2023".  Page numbers were electronically affixed in the bottom right corner for identification purposes using a software program called Workintool PDF creator on January 26, 2023.  No other alterations have been made.

5.    Respondent also attaches photographs pre-diagnosis & post-diagnosis; disability approval correspondence from Northwestern Mutual; Correspondence to associate attorney Jessica Range; Group correspondence sent with Petitioner's encouragement to her father to stress the importance of obtaining care at Mayo Clinic sent July 19, 2019 (on Respondent's birthday).  Page numbers were electronically affixed in the bottom right corner for identification purposes using a software program called Workintool PDF creator on January 26, 2023.  No other alterations have been made.  A cover sheet has been included for identification and clarity purposes.

6.    Respondent will present medical insurance exhibits and address related issues under a separate memorandum.

LUKE A. THOMAS, Respondent
Pro se

By:  /s/ Luke A. Thomas

Luke A. Thomas

- 3 -

CERTIFICATE OF SERVICE

I Luke A. Thomas, an attorney at law duly licensed to practice in the State of Illinois, do hereby certify that I electronically served the MEMORANDUM REGARDING MEDICAL CONDITIONS AND RECORDS SUMMARY in the above-entitled cause upon Petitioner and Guardian Ad Litem electronically to the electronic mailing addresses of record as stated below this 26th day of January, 2023.

Gwendolyn M. Thomas: gwenthomaslaw@gmail.com


Alison Vawter: alison@alisonvawterlaw.com


/s/ Luke A. Thomas


LUKE A. THOMAS
Respondent
Temporary Address: 176 Trillium Lane, Springfield, IL 62707
Thomaslitigation2022@gmail.com
ARDC No.: 6279891

EXHIBIT COVER SHEET

ATTACHED TO:  MEMORANDUM REGARDING MEDICAL
CONDITIONS AND RECORDS SUMMARY

PHOTOGRAPHS AND ELECTRONIC CORRESPONDENCE

Pages 1-2 (pre-diagnosis)
Page 1: Photograph taken September 30, 2018
Page 2:  Photograph taken October 30, 2018

Pages 3-6 (post-diagnosis
Page 3: Photograph taken January 1, 2020
Page 4: Photograph taken February 10, 2020
Page 5: Photograph taken March 9, 2020
Page 6: Photograph taken February 24, 2020

Page 7: Electronic correspondence dated May 7, 2019 to
employee/attorney Jessica Range disclosing diagnosis (also shows
Petitioner still has not entered her time and not billing).

Page 8:  Photograph taken July 1, 2019 at Mall of America during Mayo
Trip

Page 9:  Copy of Electronic Correspondence (text) to David Osmer, Georgeanne Osmer, Petitioner, Jessica Dour sent July 19, 2019.

Page 10:  Photograph taken July 30, 2019 with Vivian on trip to Mayo

Pages 11-13:  Electronic correspondence string regarding complete disability approval by Northwestern Mutual dated September 12-16, 2019





2











**Luke Thomas <lukethomas@mcclurethomaslaw.com>**

# Personal
1 message

**Luke Thomas** <lukethomas@mcclurethomaslaw.com>                    Tue, May 7, 2019 at 4:20 PM
To: Jessica Range <jessicarange@mcclurethomaslaw.com>

Jessica,

I understand Gwen told you about my condition and expected journey. I'm sorry I couldn't tell you personally, but it is just too difficult for me to tell people I care about and that depend on me. I would never want to let you or any of the ladies in the office down or burden anyone.

I know the time we set out to discuss the partnership came and went, probably with some frustration on your part. Please know it has nothing to do with you or your performance. You have been doing very well tracking your cases. I think Cosmolex and having access makes all the difference.

I initially struggled with coming up with a fair way to compensate you. 2018 was all over the place financially. In our business, you don't feel the financial effect for missed work for about 3-6 months. The time off for the election came to a head in February and March. We struggled financially to make sure our obligations were met and that we did not have to lay off any staff.

I could not in good conscience have you rely on a percentage when I knew the income was down. We had Cosmolex up and running in March and things appeared be going as planned. Our work and billing have normalized and (with the exception of GMT's billings) we were getting our bills out and paid so we could have some realistic figures to begin calculating figures.

Now I have this to overcome. No matter how well things go, I will inevitably be out of the office and see a decrease in productivity. I'm going to make every effort to minimize it, but I still know things will be tight.

I am still very optimistic about our firm and future, but this is not a time where I would want you to have your salary based on the firm's net receipts. Ultimately, I don't care what financial consequence this has on me personally---I just want my best chance at seeing my kids grow up. I will make sure you and Gwen are not impacted financially.

Sorry to send this in an email. I'm sure once more people know I will be able to talk more freely about it. Telling people I care about is the hardest thing I've had to do in my life and that will become magnified when I try to explain things to my kids.

While I come across as all-business at times, I deeply care about you, Spencer, and everyone at the office----even Kristine :).

Thanks for listening,

Luke

--
Luke A. Thomas, Managing Partner
McClure, Thomas & Thomas
113 State Street, P.O. Box 170
Beardstown, IL 62618
217-323-2211 (Phone)
217-323-5522 (Facsimile)
lukethomas@mcclurethomaslaw.com
www.mcclurethomaslaw.com
www.casscountytitleinsurance.com

The information and attachments contained in this message are privileged and confidential information intended only for the use of the individual or entity named therein. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby on notice that you are in possession



Thank you for the update on David's condition and your plans. All unexpected, life changing medical conditions are overwhelming to say the least.

If nothing else, David should know his family loves him deeply no matter any varying advice given. Choosing the path forward is deeply personal.

As my surgeon pointed out when pressed for a frank opinion—you only have one life and one chance to get it right so why not go with the best (for you). The best equipment money can buy, more specialists, nurses, resources all working as one team with instant communication and coordinated testing , one employer, one philosophy. Mayo doctors paid equally based on years of experience—they are not in competition with each other or other providers. That's what made it the best choice for ME under a short window of time. I was and remain very fortunate to have unbelievable love and support from family that made my choice even possible.

As articulated in the group message, David has made what he believes to be the best choice for HIM. He has and deserves our unwavering support in his decision and path forward. If I can help in any way, big or small, please let me know. I cannot think of a more kind, caring and greater man to help. True and genuinely good men are hard to come by; we are all blessed to have one in David.

While it goes without saying, being able to google doesn't anoint me with a medical degree. Ill steer clear of any advice in that area—unless it's boob jobs—I can tell ya if they are warranted and if the outcomes are good.

Attempts at levity aside—

As an attorney, two things about David's experience would be glaring issues I would have to point out to a similarly situated client sharing this story for the first time during an office consultation. I would be obligated to advise the person of the possibility of medical malpractice of the prescribing physician for breach of his duty of care to properly monitor the cumulative effects of the prescribed drug. Perhaps less important to the client—I would advise of the market of class action suits for kidney damage resulting from metformin and other type 2 diabetes medications.

My obligation and recommendation ends after informing the client of the options. We don't handle either types of cases, but are still professionally obligated to bring the issue to light. No opinion is given whether such cases should be pursued.

While I have a pretty strong idea of your positions on these issues, the attorney in me still makes none bring it up.

Sorry for the diatribe. Our family deeply loves you both and look forward to brighter days ahead.





**Luke Thomas <lukethomas@mcclurethomaslaw.com>**

---

## Re: Disability claim status - approved {Secure Message}
1 message

---

**Luke Thomas** <lukethomas@mcclurethomaslaw.com>                    Mon, Sep 16, 2019 at 2:31 PM
To: "kathmcgrath@northwesternmutual.com" <kathmcgrath@northwesternmutual.com>

Kathleen,

Thank you for the update and approval of my claim.  I understand your letter may cover the following questions, but I would be most appreciative if you could answer them in the interim so that my family and I can plan our finances accordingly:

1.  What amount will the minimum payment be until you receive my 2018 taxes?
2.  Will the first payment include any back payment to the date of eligibility (date 90 waiting period was up)?
3.  When can I expect the first check and the timing of subsequent checks?

Again, thank you for your assistance with my claim.  At 44 years old with four young children I hoped to never be in this position.  I'm hopeful with God's grace, the wonderful doctors at Mayo Clinic, and better financial stability, my family and i will weather this storm until I've recovered.

Luke

On Thu, Sep 12, 2019 at 5:52 PM kathmcgrath@northwesternmutual.com <kathmcgrath@northwesternmutual.com> wrote:

> Hi Luke,
>
>
> I was able to approve your claim. I'll send you a detailed approval letter (and a complete copy of the policy) next week. One thing you should know is your long term disability benefit is based on your prior year tax income. We will issue the Minimum Monthly benefit until we receive (and review) a complete copy of your 2018 taxes, including all schedules and K-1s. Please forward me a copy as soon as you can!
>
>
>
> Thanks,
>
> Kath
>
>
>
> **Kathleen McGrath | Claims Analyst**
>
> Northwestern Mutual
> 900 Fifth Ave, C19B | Portland, OR 97204
>
> Phone 971.321.3125 | Fax 800.766.6320
>
> Toll-Free 800.378.4665 x3125
>
>
>
> **From:** Luke Thomas <lthomas@thomasrange.com>
> **Sent:** Wednesday, September 11, 2019 11:20 AM
> **To:** MCGRATH, KATH <kathmcgrath@northwesternmutual.com>
> **Subject:** Re: [EXTERNAL] Re: Disability claim status {Secure Message} {Secure Message}
>
>
>
> Ms Mcgrath,

11

I just wanted to confirm you received the documents you requested. If so, please advise whether you now have the necessary information to continue processing my claim. Any update is appreciated.


Thank you.


Luke


On Fri, Sep 6, 2019 at 12:22 PM kathmcgrath@northwesternmutual.com <kathmcgrath@northwesternmutual.com> wrote:

> Hi Mr. Thomas,
>
>
> Thanks for the reply. Please send us a copy of the extension for your 2018 personal tax returns. In addition, please send a copy of your profit and loss statements or your income statement. It appears you only received a K-1, not a W-2. Is that correct?
>
>
> Thanks,
>
> Kath
>
>
> **Kathleen McGrath | Claims Analyst**
>
> Northwestern Mutual
> 900 Fifth Ave, C19B | Portland, OR 97204
>
> Phone 971.321.3125 | Fax 800.766.6320
>
> Toll-Free 800.378.4665 x3125

This e-mail and any attachments may contain confidential information of Northwestern Mutual. If you are not the intended recipient of this message, be aware that any disclosure, copying, distribution or use of this e-mail and any attachments is prohibited. If you have received this e-mail in error, please notify Northwestern Mutual immediately by returning it to the sender and delete all copies from your system. Please be advised that communications with {SECURE MESSAGE} in the subject line have been sent using a secure messaging system. Communications that do not have this tag may not be secure and could be observed by a third party. Thank you for your cooperation.


--
Luke A. Thomas, Managing Partner
McClure, Thomas & Thomas
113 State Street, P.O. Box 170
Beardstown, IL 62618
217-323-2211 (Phone)
217-323-5522 (Facsimile)
lukethomas@mcclurethomaslaw.com
www.mcclurethomaslaw.com
www.casscountytitleinsurance.com

The information and attachments contained in this message are privileged and confidential information intended only for the use of the individual or entity named therein. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby on notice that you are in possession of confidential information. Please immediately notify the sender by telephone or electronic mail of your inadvertent receipt. You will then be asked to permanently destroy the message and attachments at no cost to you. The attorney/client privilege is expressly claimed.

13

EXHIBIT COVER SHEET

ATTACHED TO:  MEMORANDUM REGARDING MEDICAL
CONDITIONS AND RECORDS SUMMARY

"Mayo Clinic Patient Health Summary generated January 25, 2023"

The following records are private and confidential health records.
Disclosure and dissemination are not authorized except as may be
allowed by a court with competent jurisdiction.

| | |
|---|---|
| **2** | **Medical Diagnosis Disclosures—Legal Practice** (Electronic correspondence from May 2019 to Defendant Judge Hooker and other circuit judges) |



Luke Thomas <lukethomas@mcclurethomaslaw.com>

## Fwd: Court Scheduling this Morning (Personal)

1 message

**Luke Thomas** <lukethomas@mcclurethomaslaw.com>                    Tue, May 7, 2019 at 2:33 PM
To: Gwendolyn Thomas <gwendolynthomas@mcclurethomaslaw.com>

Here's the message I sent to Kevin.  Sorry to have put you in an awkward position.  I love you.

---------- Forwarded message ---------
From: **Luke Thomas** <lukethomas@mcclurethomaslaw.com>
Date: Tue, May 7, 2019 at 2:31 PM
Subject: Court Scheduling this Morning (Personal)
To: Kevin Tippey ██████████████████

Kevin,

Gwen told me she became emotional when scheduling a hearing in her case this morning and it undoubtedly came as a surprise to you and opposing counsel.

I have been diagnosed with colorectal cancer involving a malignant tumor which was discovered during a routine colonoscopy a couple of weeks ago.  While I have already underwent diagnostic testing and have met with my surgeon, I am scheduled for additional testing so that my team of physicians will have the best possible opportunity to hopefully cure me of this disease.

While my primary team of physicians are based in Springfield, I will be traveling to Mayo Clinic in Rochester, Minnesota next week as part of determining the best possible path forward.  I will be required to stay in Rochester for 3-5 business days.

From what I know thus far, surgery will inevitably be part of my treatment.  The upcoming testing will help determine whether I must undergo any chemotherapy and/or radiation and further determine surgery options.

Based on my current understanding, surgery will take approximately 4 hours and is quite extensive.  I will be hospitalized for 3-5 days with 4-6 weeks for recovery.  While I'm sure all of this will be life-altering to say the least, my doctors have been very positive about my long-term prognosis thus far.   If I get to see and help my kids grow up, I'll call it a win!

I have not told my kids, staff or clients.  In fact, outside of my wife and in-laws, you are the only other person who now knows this.   I'm not trying to hide it, but want to have my ducks in a row the best I can.  I'll be telling my staff and kids later this week and am already making arrangements to accommodate this 'hiccup'.

Considering this morning and also considering we've known each other almost 20 years (where did time go!), I wanted to let you know before I send out a generalized letter to the various judges, attorneys and clients.  Gwen was only keeping a lid on things this morning at my request.

I kindly ask you keep this information confidential for the time being.  While I've quickly learned you can never truly plan,  I am trying to let people know in a certain order so no one becomes offended because they heard the information second hand.

Take care,


Luke


--
Luke A. Thomas, Managing Partner
McClure, Thomas & Thomas

113 State Street, P.O. Box 170
Beardstown, IL 62618
217-323-2211 (Phone)
217-323-5522 (Facsimile)
lukethomas@mcclurethomaslaw.com
www.mcclurethomaslaw.com
www.casscountytitleinsurance.com

The information and attachments contained in this message are privileged and confidential information intended only for the use of the individual or entity named therein.  If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby on notice that you are in possession of confidential information.  Please immediately notify the sender by telephone or electronic mail of your inadvertent receipt.  You will then be asked to permanently destroy the message and attachments at no cost to you.   The attorney/client privilege is expressly claimed.



Luke Thomas <lukethomas@mcclurethomaslaw.com>

## Personal Email From Luke Thomas

1 message

Luke Thomas <lukethomas@mcclurethomaslaw.com>                    Sun, May 12, 2019 at 1:18 PM
Bcc: "Honorable Bob G. Hardwick, Jr." <bghardwick@cccccomm.com>, JB Blair <jrblair@westcentralbank.com>, Barb
Merriman <
<rwhitlow@
<paulreyno
Thompson
<butlersa@
<alvarezlaw
<depcircler
Beardstown
<bjones@fr
<aliciaartha
<beardstow
Reynolds <
<andrearey
Gwendolyn
Susan McD
<HeatherSt
E. Gill" <ge
<ajackson@
atucker@m
<casscount
<sudbrink@
Jack Fearn
<bcstatesat

Dear Friends, Colleagues, and Clients,

As we have all experienced, life is full of blessings, joy and challenges. I am regretfully writing to share one of life's
challenges my family and I recently learned we will be facing.

I have been diagnosed with colorectal cancer involving a malignant tumor which was discovered during a routine
colonoscopy a couple of weeks ago. While I have already underwent diagnostic testing and have met with my
surgeon, I am scheduled for additional testing so that my team of physicians will have the best possible opportunity
to hopefully cure me of this disease.

While my primary team of physicians are based in Springfield, I will be traveling to Mayo Clinic in Rochester,
Minnesota this week as part of determining the best possible path forward. I will be required to stay in Rochester for
3-5 business days.

From what I know thus far, surgery will inevitably be part of my treatment. The upcoming testing will help determine
whether I must undergo any chemotherapy and/or radiation and further determine surgery options.

Based on my current understanding, surgery will take approximately 4 hours and is quite extensive. I will be
hospitalized for 3-5 days with 4-6 weeks for recovery.

Luckily, I feel healthy and have continued to work full-time. This will be my intention whether surgery is in the next 2-
3 weeks or next 2-3 months.

In addition to having 4 wonderful children and an amazing wife, all of whom I love more than words can ever express,
I also want to do my best to meet all of my personal and professional obligations to each of you.

I am sharing this information not only for my family to be in your prayers, but also so that you may make informed
decisions on legal matters which I may be assisting you. We will be making temporary changes in office hours
together with other measures to account for my absence. I plan to work remotely when out of the office and will do
everything I can to minimize delays, continuances, and cancellations. Despite my best efforts, delays will occur, and I
will be slow or unable to respond at times.

I fully recognize delays can be unacceptable or not in clients' best interests and/or not in the interest of our legal system.  The timelines and outcomes I've set forth are not guaranteed and may change as this journey continues.  If there are legal matters we are asked to transition to other counsel, Gwen and I fully understand. Likewise, if we believe a transition is necessary to meet clients' best interests, we will attempt to inform clients of this as well at the earliest possible moment.  We truly want the best outcomes for our clients, whether we are providing legal representation or not.

I apologize for having to send such a somber correspondence.   I remain hopeful for the future, personally and of our firm.  These challenges serve as a reminder of how many blessings God has given me--- a great life filled with happiness, family and each of you.

Sincerely,


Luke

P.S.

If you respond to this email and I am slow to respond, please know I am not being dismissive or being rude.  The bulk of my time at this juncture is being prioritized to minimize  impact upon clients, my family and employees.

Also, the list of folks I have sent this to is not exhaustive.  Feel free to let any of your colleagues know the foregoing in case we have any ongoing or future matters together.

Thank you.


Luke


--
Luke A. Thomas, Managing Partner
McClure, Thomas & Thomas
113 State Street, P.O. Box 170
Beardstown, IL 62618
217-323-2211 (Phone)
217-323-5522 (Facsimile)
lukethomas@mcclurethomaslaw.com
www.mcclurethomaslaw.com
www.casscountytitleinsurance.com

The information and attachments contained in this message are privileged and confidential information intended only for the use of the individual or entity named therein.  If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby on notice that you are in possession of confidential information.  Please immediately notify the sender by telephone or electronic mail of your inadvertent receipt.  You will then be asked to permanently destroy the message and attachments at no cost to you.   The attorney/client privilege is expressly claimed.

| 3 | **Electronic Correspondence (Nov 22, 2021)** (Defendant Gwendolyn Thomas to judicial officers regarding her claimed need to cease legal practice) |
|---|---|



**Gwendolyn Thomas <gwendolynthomas@mcclurethomaslaw.com>**

---

# (no subject)
4 messages

---



**Gwendolyn Thomas** <gwendolynthomas@mcclurethomaslaw.com>                    Mon, Nov 22, 2021 at 11:01 AM

To: Timothy Wessel <~~cassocountyjudge@gmail.com~~>, Judge Escapa <r.escapa@schuylercounty.org>, Judge Roger Thomson <~~rjthom9750@gmail.com~~>, Judge Michael Atterberry <m...@...>, Jerry Hooker <j...@...>, Judge Tippey <k...@...>

Judges,

This will serve to let you know that I have made the difficult decision to close my office. I want you to hear "the news" from me, rather than through the rumor mill. The ongoing health issues in my family are such that I can no longer fulfill my professional obligations in the time and manner in which my clients deserve. At this point, I need to be home to care for my family. Over the next several weeks, I will be finalizing the matters that are able to be completed and seeking to withdraw from others. There will be a few carryover cases that I will finalize after the first of the year. I appreciate your patience with me and any courtesies extended over the last couple of years. It has been a difficult road for my entire family and your graciousness has made it a bit easier.

I plan to return to the practice once I have the ability to focus and adhere to the level of professionalism I expect of myself.

If you need to get in touch with me for any reason, please reach me on my cell (217) 370-0141.

Sincerely,

Gwendolyn M. Thomas
McClure, Thomas & Thomas
113 S. State Street
P.O. Box 170
Beardstown, IL 62618
Tel: (217) 323-2211
Fax: (217) 323-5522
Web: www.mcclurethomaslaw.com

The information contained in this message is privileged and confidential information, intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby on notice that you are in possession of confidential information. Please immediately notify the sender of your inadvertent receipt and do not disseminate the contents of this message. The attorney/client privilege is claimed.

---

**Gwendolyn Thomas** <gwendolynthomas@mcclurethomaslaw.com>                    Mon, Nov 22, 2021 at 11:02 AM
To: Luke Thomas <lukethomas@mcclurethomaslaw.com>

FYI
[Quoted text hidden]

---

**Mike Atterberry** <mat...@...>                    Mon, Nov 22, 2021 at 11:14 AM
To: Gwendolyn Thomas <gwendolynthomas@mcclurethomaslaw.com>

Thoughts and prayers will be with you during this difficult and trying period

**From:** Gwendolyn Thomas [mailto:gwendolynthomas@mcclurethomaslaw.com]
**Sent:** Monday, November 22, 2021 11:02 AM
**To:** Ti███████████████████████████████████████████████████Roger
Thom███████████████████████████████████████████████████
<jerr███████████████████████████████████████████████████
**Subje**████████████████████████████████████████████████

**CAUTION:** This email is from an external source. **WARNING:** Be careful when clicking on links or opening attachments.

[Quoted text hidden]

---

**Kevin Tippey** <ktippey@co.menard.il.us>                    Mon, Nov 22, 2021 at 12:44 PM
To: Gwendolyn Thomas <gwendolynthomas@mcclurethomaslaw.com>

Sorry it has reached this point. Prayers for you all.
KDT

Sent from my iPad

On Nov 22, 2021, at 11:02 AM, Gwendolyn Thomas <gwendolynthomas@mcclurethomaslaw.com> wrote:

CAUTION: This email is from an external source. WARNING: Be careful when clicking on links or opening attachments.

Judges,

This will serve to let you know that I have made the difficult decision to close my office. I want you to hear "the news" from me, rather than through the rumor mill. The ongoing health issues in my family are such that I can no longer fulfill my professional obligations in the time and manner in which my clients deserve. At this point, I need to be home to care for my family. Over the next several weeks, I will be finalizing the matters that are able to be completed and seeking to withdraw from others. There will be a few carryover cases that I will finalize after the first of the year. I appreciate your patience with me and any courtesies extended over the last couple of years. It has been a difficult road for my entire family and your graciousness has made it a bit easier.

I plan to return to the practice once I have the ability to focus and adhere to the level of professionalism I expect of myself.

If you need to get in touch with me for any reason, please reach me on my cell (217) 370-0141.

Sincerely,

Gwendolyn M. Thomas
McClure, Thomas & Thomas
113 S. State Street
P.O. Box 170
Beardstown, IL 62618
Tel: (217) 323-2211
Fax: (217) 323-5522
Web: www.mcclurethomaslaw.com<http://www.mcclurethomaslaw.com>
[Quoted text hidden]

# Luke A. Thomas

Electronic Mailing Address:

lukethomas@mcclurethomaslaw.com

Phone: 217.210.1430

21 September 2022

Sheriff Devron Ohrn
Deputy Sheriff Terry Comiskey
Mr. John David Osmer
Mrs. Georgeanne Osmer
Mr. John David Osmer, II
Mrs. Jessica J. Dour a/k/a Jessica J. Osmer
Mrs. Gwendolyn Thomas

Mr. Jack Fearneyhough
Mrs. Marti Fearneyhough
Mr. Steven Daniels
Mr.  Bryce Hager
Cass County Sheriff's Office
Sangamon County Sheriff's Office

Re:   Notice to Preserve Tangible and Electronic Evidence

Dear Ladies and Gentlemen:

Please take notice you may be named as a defendant in lawsuit(s) arising from your acts or omissions arising from the events leading up to and following the removal of my person and property on or about September 12, 2022.  Electronically stored information would include, but not limited to, electronic mail, telephone records, text messages, pictures, warrant applications, recordings, deposits, credit card statements, and any other record, electronically stored or otherwise (hereinafter "records" or "evidence").

Additionally, said records may constitute evidence in any suit brought by or against the undersigned and are material to all matters arising out of the events referenced above. Said time period and duty shall include any and all records in existence from November 1, 2022, and continuing in perpetuity until said notice is terminated in writing.

Said materials are discoverable under Federal Rules of Civil Procedure (Rule 26), and this request meets all requirements under State law.  If there are any costs associated with the preservation of such records/evidence, please promptly inform the same in writing at the electronic mailing address provided above so that reasonable compensation may be provided when warranted.

Sincerely,

By

Luke A. Thomas

# Luke A. Thomas

Electronic Mailing Address:

***thomaslitigation2022@gmail.com***

Phone: 217.210.1430

*\*Amendments in Bold and Italicized*

*Original request date: September 21, 2022*
***Amended October 1, 2022***

Sheriff Devron Ohrn                                    Mr. Jack Fearneyhough
Deputy Sheriff Terry Comiskey              Mrs. Marti Fearneyhough
Mr. John David Osmer                            Mr. Steven Daniels
Mrs. Georgeanne Osmer                         ISP Master Sargent ***Brice*** Hager
Mr. John David Osmer, II
Mrs. Jessica J. Dour a/k/a Jessica J. Osmer          ***ISP Trooper First Class Aaron French***
Mrs. Gwendolyn Thomas
                                                                      Cass County Sheriff's Office

                                                                      Sangamon County Sheriff's Office

Re:    Notice to Preserve Tangible and Electronic Evidence

Dear Ladies and Gentlemen:

          Please take notice you have or may be named as a defendant in lawsuit(s) arising from your acts or omissions arising from the events leading up to and following the removal of my person and property on or about September 12, 2022 and events occurring thereafter through at least the date of this notice.  Electronically stored information would include, but not limited to, electronic mail, telephone records, text messages, pictures, warrant applications, recordings, deposits, credit card statements, and any other record, electronically stored ~~or otherwise~~ *in your possession, control or available to you*. (hereinafter "records" or "evidence").

          *Additionally, you must preserve all social media posts, comments, messages, photographs, videos, search history, originated or received by you through through Facebook, Facebook Messenger, Instagram, Twitter, or any other social media platform with similar capabilities of generating and storing electronic data, for all primary and secondary accounts you own, use or to which you have access.  These materials, together with the materials referenced in the preceding paragraph, are collectively considered "records" or "evidence" as well.*

          Additionally, said records may constitute evidence in any suit brought by or against the undersigned and are material to all matters arising out of the events referenced above. Said time period and duty shall include any and all records in existence from November 1, 2021, and continuing in perpetuity until said notice is terminated in writing. *Upon information and belief, said electronically stored material may evidence commission of civil or criminal misconduct by one or more of the individuals name above and should be preserved to prevent furtherance of such misconduct and aid in the administration of justice.*

          Said materials are discoverable under Federal Rules of Civil Procedure (Rule 26), and this request meets all requirements under State law.   If there are any costs associated with the preservation of such records/evidence, please promptly inform the same in writing at the electronic mailing address provided above so that reasonable compensation may be provided when warranted.

                                                                      Sincerely,


By

                                                                      Luke A. Thomas

*Courtesy Copies:  Deputy Director's Office*
                    *Colonel Akill Smith*
                    *Lieutenant Col. Isaiah Vega*

# Luke A. Thomas

Electronic Mailing Address:

thomaslitigation2022@gmail.com

Phone: 217.210.1430

5 October 2022

Cass County Illinois Freedom of Information Officer
c/o Cass County Clerk
Sent via electronic correspondence as allowed by Act to:

***cassclerkoffice@casscountyil.gov***

Re:   Freedom of Information Act Request

Dear FOIA Officer:

Please consider the following requests to be made pursuant to the Illinois Freedom of Information Act (5 ILCS 140/1 et seq.) for the records listed on page two of this letter.   I would note this request is for personal, non-commercial use for the purpose of assessing fees, if any.

If any portion of a record is exempt, please redact that information and provide the remaining non-exempt portion of the document with a detailed factual basis for asserting the exemption, citing the statutory basis, if applicable. Also, please retain all records responsive to this request until all avenues of appeal have been exhausted or the timeframe for such appeals have expired.

In order to expedite your responses, I ask that you provide your responses in electronic format to the email address contained in the above letterhead.

Sincerely,

By  /s/ Luke A. Thomas

Luke A. Thomas

Page 1 of 2

Cass County Illinois Freedom of Information Request
Cass County FOIA Officer
October 5, 2022
Page 2 of 2


RECORDS REQUESTED FOR THE TIME PERIOD OF JUNE 1, 2022 THROUGH
OCTOBER 4, 2022:

1.  Name of each Cass County Sheriff's Department Elected or Appointed Official, Deputy or Employee;
2.  Complete telephone number of each landline or mobile device used by each person identified in paragraph 1, including the name of the telephone carrier, Device Model, Serial Number and SIM number.  This request includes any phones issued by the department or used by said individuals in any manner in the scope of their employment.
3.  Complete copies of any billing statement, or phone, text and data records indicating whether calls, text or data are incoming or outgoing, and further identifying to telephone number of the party to whom such call, text or data was made or from whom the text, call or data was received.
4.  A true and correct copy of any text message made or received from each device;
5.  A true and correct copy of the Cass County Sheriff's department policy manual, handbook or document, and specifically any policy manual, handbook, document or regulation governing the use of such devices issued by the Department, including the use of personally owned devices, whether used exclusively for business use, personal use or hybrid use.  Also include any records retention policy regarding data, call log, or text message received or sent from such device;
6.  True and correct copies of any audio recordings made or received by each device or any such audio recordings stored remotely from such device;
7.  If any for the requests contained above are unclear, ambiguous or otherwise prevents a full and complete response to any request contained herein, a statement as to why the request or portion thereof is unclear or ambiguous.
8.  If any portion of a requested record is exempt, please redact that information and provide the remaining non-exempt portion of such record with a detailed factual basis for asserting the exemption, citing the statutory basis, if applicable. Also, please retain all records responsive to this request until all avenues of appeal have been exhausted or the timeframe for such appeals have expired.
9.  An affirmative statement that the records provided are true, accurate and complete.

# Luke A. Thomas

Electronic Mailing Address:

thomaslitigation2022@gmail.com

ARDC No: 6278591

21 October 2023

Ms. Alison Vawter
Vawter Law LTD
100 South Campbell Street
2nd Floor
Macomb, IL 61455

*Sent via electronic mail only*: alison@alisonvawterlaw.com

Re:　Notice to Preserve Tangible and Electronic Evidence

Dear Ms. Vawter:

By Order dated October 21, 2022, you were appointed as Guardian ad Litem by the Honorable Jerry J. Hooker in Cass County, Illinois case number 2022DC15. Recognizing that 'but for' your appointment many items sought to be preserved by his Notice may not have come into your possession, I would like it to be clear this Notice is being sent to you personally as the present custodian of such categories of evidence, not in your court-appointed capacity.

<u>This Summary is intended to aid in defining the scope of this Notice only</u>

Since October 21, 2022, you have received notice of various legal claims, pending and potential, under Illinois and federal civil and criminal law involving the parties and their minor children subject of 2022DC15. Likewise, you may have received and/or may have been made aware of information, claims, and/or acts or omissions, which may be relevant to duties imposed under the Rules of Professional Conduct upon all persons subject to the same.

You previously received notice of the commencement of a federal civil cause of action, including demands intended to prevent witness tampering and preserve witness/victim rights under federal law. For reference, please see 2022DC15, "Verified Notice of Suit and Completion of Record" which was served upon you in accordance with Illinois Supreme Court Rule 12 and 1-109 of the Illinois Code of Civil Procedure on February 28, 2023.

The "Verified Notice of Suit and Completion" as served upon you was accepted and filed of record by the Cass County Circuit Clerk in 2022DC15 on February 28, 2023. Included as part of the filing aforesaid, you received a true and correct copy of the Complaint in the aforesaid cause of action, as filed with the Hon. Shig Yasunaga, Clerk of the Court, United States District Court for the Central District of Illinois, Springfield Division, docketed under number 3:23-cv-3037. Having previously been informed by you that you felt obligated to review/investigate claims contained in said Complaint resulting from appointment as Guardian ad Litem in 2022DC15, I will not reiterate the contents of the Complaint or the aforesaid "Verified Notice of Suit and Completion of Record."

Ms. Alison Vawter
Vawter Law Ltd.
October 21, 2023
Page 2

This Notice covers the time from October 1, 2022, and continuing in perpetuity, or until ordered by a United States District Court of competent jurisdiction.

Words and terminology used hereinbelow to define the scope of this Notice should be given the broadest possible interpretation and definition and not limited by technical deficiencies if reasonably synonymous language can be inferred and would otherwise impose a duty to preserve. If any word or phrase has more than one legal definition or interpretation, such definition or interpretation which may require preservation should be used.

Preserve:

1.      Any written or electronic communication initiated or received by you, whether as primary, secondary, or incidental recipient, whether in tangible or digital form, capable of being preserved. This includes records of any written or electronic communications between persons for which you were not an original or intended recipient at the time such communication originated, but are otherwise in your possession or control. This preservation request would encompass persons in any capacity named or identified in the Notice of Verified Suit aforesaid, including all relatives of any parties and any person acting in an official capacity.

2.      Any record, document, file, tangible/physical item, log, recording, or copy thereof furnished to you by the parties of the causes of action heretofore identified or supplied to you or obtained by you from any source.

3.      Copies of all phone records, logs, and all other means used by you or anyone with whom you contract to memorialize the date, time, duration, content, location, and/or identities of the persons or devices used in the transmission of voice, text, and or data to and from you in your professional capacity.

4.      All written or electronic communications between you and:

    1.      Gwendolyn M. Thomas
    2.      Luke A. Thomas
    3.      Relatives of Gwendolyn M. Thomas or Luke A. Thomas
    4.      Trial Court Judges assigned to 2022DC15
    5.      Employees, agents, or officers of any state or federal agency, including, but not limited to: Illinois Department of Children and Family Services & Department of Healthcare and Family Services.
    6.      Any persons having communication with you in your capacity as Guardian ad Litem in 2022DC15.

5.      All records, notes, memoranda, recordings, files, photographs or similar tangible or electronic items in your possession or control as part of any investigation undertaken by you or anyone at your direction as part of your involvement in 2022DC15.

Ms. Alison Vawter
Vawter Law Ltd.
October 21, 2023
Page 3

If there are any calculatable costs to preserve the foregoing items or if compliance with any part of this Notice places an extraordinary burden upon you, please let me know as soon as possible by email at thomaslitigation2022@gmail.com.

Thank you for your time and cooperation.


Sincerely,


By   /s/ Luke A. Thomas


Luke A. Thomas, Plaintiff
ARDC No 6278591

| | |
|---|---|
| **5** | **Order (Docket)**  (January 22, 2024 Order by Judge Henze granting fee waivers based on indigency application) |

# Cass County, IL

**NOTICE:** By clicking the 'Search' button below, or otherwise using the Judici.com website

**2022DC15  THOMAS, LUKE A**                  Last Search  |  Information  |  Dispositions  |  **History**  |  Payments  |  Fines & Fees

| Date | Entry | Judge | Reporter |
|---|---|---|---|
| | Entered Under: THOMAS, GWENDOLYN M | | |
| 06/23/2026 | Order Re: June 15, 2026 Hearing on Motion for Substitution of Judge entered. .................... | JFM | |
| 06/23/2026 | Document #296309 (ORDER RE: JUNE 15, 2026 HEARING ON MOTION FOR SUBSTITUTION OF JUDGE) dated 6/23/2026 emailed to: THOMAS, LUKE A THOMAS, GWENDOLYN M. | UNASSIGNED | |
| 06/16/2026 | Order RE: payment to court reporter entered. .................. | JFM | |
| 06/15/2026 | Petitioner present in person. Respondent present via zoom. Cause comes on for Motion Hearing. Hearing held in CR 1. ........................ Motion to Stay is denied as to this hearing. ........................ Arguments heard on Motion for Substitution of Judge. ........................ Matter taken under advisement. ...................... Formal Order to Follow. ...................... | JFM | GF |
| 06/11/2026 | Motion for Stay and Notice of Filing Motion Pursuant to S. Ct. Rule 383 filed by THOMAS, LUKE. | UNASSIGNED | |
| 06/11/2026 | Group Exhibit A -- Notice of Filing and Motion to Stay Trial Court Proceedings filed by THOMAS, LUKE. Group Exhibit A - Part 2 (Supporting Record) filed by THOMAS, LUKE. | UNASSIGNED | |
| 06/08/2026 | Notice of Filing Motion for Supervisory Order Pursuant to Rule 383 filed by THOMAS, LUKE. | UNASSIGNED | |
| 06/01/2026 | Proof of Service/Certificate of Service filed by THOMAS, LUKE. | UNASSIGNED | |
| 06/01/2026 | Notice of Subpoena Duces Tecum filed by THOMAS, LUKE. | UNASSIGNED | |
| 05/28/2026 | Court sets cause to June 15, 2026 at 1:00 p.m. for hearing on Motion for Substitution. ...................... Parties may appear via zoom or in person but shall advise the Court as to whether they will appear via zoom through email by June 12, 2026. ...................... Order entered. ...................... | JFM | |
| 05/28/2026 | Document #294525 (ORDER ENTERED.) dated 5/28/2026 emailed to: THOMAS, LUKE THOMAS, GWENDOLYN M. | UNASSIGNED | |
| 05/27/2026 | Amended Notice Of Intent To Seek Supervisory Order filed by THOMAS, LUKE. | UNASSIGNED | |
| 05/21/2026 | A Motion for Substitution of Judge having been filed, this matter is hereby referred to the Chief Judge. ................... Hearing date of May 22, 2026 is vacated. ................... Order entered. ................... | HJH | |
| 05/21/2026 | Document #294101 (ORDER ENTERED.) dated 5/21/2026 emailed to: THOMAS, LUKE A THOMAS, GWENDOLYN M. | UNASSIGNED | |
| 05/21/2026 | It is hereby Ordered that the Honorable J. Frank McCartney is assigned to hear and determine the Motion for Substitution of Judge for Cause filed in this matter. ........................ Order Re:Assignment of Judge for Motion for Substitution entered. ........................ | RBT | |
| 05/21/2026 | Document #294121 (ORDER RE:ASSIGNMENT OF JUDGE FOR MOTION FOR SUBSTITUTION) dated 5/21/2026 emailed to: THOMAS, LUKE THOMAS, GWENDOLYN M. | UNASSIGNED | |

| Date | Description | |
|---|---|---|
| 05/20/2026 | Notice of Intent to File Rule 383 Motion filed by THOMAS, LUKE. | UNASSIGNED |
| 05/20/2026 | Motion for Substitution of Judge filed by THOMAS, LUKE. | UNASSIGNED |
| 05/19/2026 | Notice of Receipt re Firearms filed by THOMAS, LUKE. | UNASSIGNED |
| 05/19/2026 | Response to Emergency Motion for Temporary Custody filed by THOMAS, GWENDOLYN. <br><br> Response to Emergency and Permanent Petition Modification of Custody filed by THOMAS, GWENDOLYN. | UNASSIGNED |
| 05/05/2026 | Document #292866 (MOTION TO VACATE ERRONEOUS ORDER AND STRIKE HEARING) dated 5/5/2026 emailed to: <br> HENZE, HOLLY J <br> THOMAS, LUKE <br> VAWTER, ALISON <br> NICKOLS, LORELEI <br> THOMAS, GWENDOLYN M. | UNASSIGNED |
| 05/04/2026 | Motion to Vacate Erroneous Order and Strike Hearing filed by THOMAS, LUKE. | UNASSIGNED |
| 04/22/2026 | [Impounded] | UNASSIGNED |
| 04/10/2026 | Motion for Extension of Time re Financial Affidavit and lack of Info filed by THOMAS, LUKE. | UNASSIGNED |
| 04/06/2026 | [Impounded] | UNASSIGNED |
| 03/23/2026 | By agreement, Cause is set for Hearing on May 22, 2026 at 9:00 a.m. for Petition Hearing. <br> ..................... <br> Any and all amendments to the previously filed Petitions and Financial Affidavits shall be filed by April 6, 2026. Proposed Parenting Plans shall be filed by April 22, 2026. <br> ..................... <br> Order entered. <br> ..................... | HJH |
| 02/23/2026 | Mandate Received dismissing appeal filed. <br> ..................... | UNASSIGNED |
| 01/16/2026 | Order from Appellate Court dismissing appeal filed. <br> .................. | UNASSIGNED |
| 12/26/2025 | Notice of Appeal filed by THOMAS, LUKE. | UNASSIGNED |
| 12/01/2025 | Response to Petition for Indirect Civil Contempt filed by THOMAS, LUKE. | UNASSIGNED |
| 11/25/2025 | Order Re: Motion for Substitution filed November 7, 2025 entered. <br> ..................... | JFM |
| 11/25/2025 | Document #282794 (ORDER RE: MOTION FOR SUBSTITUTION) dated 11/25/2025 emailed to: <br> THOMAS, LUKE <br> THOMAS, GWENDOLYN M. | UNASSIGNED |
| 11/19/2025 | Order Referring Matter to Chief Judge for Assignment and Scheduling of Hearing entered. <br> .................. | HJH |
| 11/14/2025 | Motion to Compel Disclosure of Ex-Parte Communications filed by THOMAS, LUKE. | UNASSIGNED |
| 11/14/2025 | Exhibit filed by THOMAS, LUKE. | UNASSIGNED |
| 11/14/2025 | The Honorable Holly J. Henze referred this matter to the Chief Judge for assignment to hear the Motion for Substitution of Judge for Cause. <br> ............................. <br> The Honorable J. Frank McCartney is assigned to hear the Motion for Substitution of Judge for Cause. <br> ........................... <br> Order Assigning Judge to Hear Motion for Substitution of Judge for Cause entered. <br> ..................... | RBT |
| 11/14/2025 | Document #282213 (ORDER ASSIGNING JUDGE TO HEAR MOTION FOR SUBSTITUTION) dated 11/14/2025 emailed to: <br> THOMAS, LUKE <br> THOMAS, GWENDOLYN M. | UNASSIGNED |
| 11/14/2025 | Memorandum of Law in Support of Motion to Compel Disclosure of Ex-Parte Communications filed by THOMAS, LUKE. | UNASSIGNED |
| 11/07/2025 | Verification filed by THOMAS, LUKE. | UNASSIGNED |
| 11/07/2025 | Motion for Substitution of Judge--Judge is Material Witness (a)(1) filed by THOMAS, LUKE. | UNASSIGNED |
| 11/06/2025 | Order in RE: Motion to Reconsider-Denied entered. <br> .................. | JFM |
| 11/06/2025 | Order for Consolidation of Cases and Assignment of Judge entered. <br> .................. <br> 23-OP-29 is hereby consolidated with this matter. Judge Holly J. Henze to hear consolidated matters. <br> .................. | RBT |

| | | |
|---|---|---|
| 11/06/2025 | Document #281436 (ORDER FOR CONSOLIDATION OF CASES AND ASSIGNMENT OF JUDGE) dated 11/6/2025 emailed to:<br>THOMAS, LUKE<br>VAWTER, ALISON<br>NICKOLS, LORELEI<br>THOMAS, GWENDOLYN M.<br>Document #281435 (ORDER) dated 11/6/2025 emailed to:<br>THOMAS, LUKE<br>VAWTER, ALISON<br>NICKOLS, LORELEI<br>THOMAS, GWENDOLYN M. | UNASSIGNED |
| 11/03/2025 | Emergency Motion for Temporary Custody filed by THOMAS, LUKE. | UNASSIGNED |
| 11/03/2025 | Affidavit in Support of Emergency Custody Issues filed by THOMAS, LUKE. | UNASSIGNED |
| 11/03/2025 | Certificate Of Service filed by THOMAS, LUKE. | UNASSIGNED |
| 11/03/2025 | Motion to Modify filed by THOMAS, LUKE. | UNASSIGNED |
| 11/03/2025 | Certificate Of Service filed by THOMAS, LUKE. | UNASSIGNED |
| 11/03/2025 | Affidavit re Attempts to Mediate filed by THOMAS, LUKE. | UNASSIGNED |
| 10/28/2025 | Correspondence to Honorable J. Frank McCartney filed by THOMAS, LUKE. | UNASSIGNED |
| 10/27/2025 | Motion to Reconsider filed by THOMAS, LUKE. | UNASSIGNED |
| 10/15/2025 | Report of Proceedings, September 25, 2025 Hearing, filed by Kathy Genenbacher, CSR. | UNASSIGNED |
| 10/15/2025 | Order RE: payment to court reporter entered.<br>.................... | HJH |
| 10/14/2025 | Petition for Relief from Judgment Pursuant to 735 ILCS 5/2-1401 filed by THOMAS, LUKE. | UNASSIGNED |
| 10/06/2025 | Motion for Disclosure of Ex-Parte Communications (Rule 2.9) filed by THOMAS, LUKE. | UNASSIGNED |
| 10/06/2025 | Order RE: payment to court reporter entered.<br>.................... | HJH |
| 10/03/2025 | Motion to Continue filed by THOMAS, LUKE. | UNASSIGNED |
| 10/03/2025 | Respondent's Motion to Stay Proceedings filed by THOMAS, LUKE. | UNASSIGNED |
| 10/03/2025 | Report of Proceedings filed by THOMAS, LUKE. | UNASSIGNED |
| 10/03/2025 | Document #279646 (REPORT OF PROCEEDINGS) dated 10/3/2025 emailed to: THOMAS, LUKE A. | UNASSIGNED |
| 10/02/2025 | [Impounded] | UNASSIGNED |
| 10/02/2025 | [Impounded] | UNASSIGNED |
| 09/26/2025 | Order Re: September 25, 2025 Motion Hearing entered.<br>............................ | JFM |
| 09/26/2025 | Document #278998 (ORDER RE: SEPTEMBER 25, 2025 MOTION HEARING) dated 9/26/2025 emailed to:<br>THOMAS, LUKE A<br>THOMAS, GWENDOLYN M. | UNASSIGNED |
| 09/25/2025 | Petitioner present pro se. Respondent present pro se via zoom. Cause comes on for Pending Motion Hearing. Hearing held in CR 1.<br>....................<br>Arguments heard on Motion for Clarification & to Set Procedural Order and Motion for Administrative Order.<br>....................<br>Motion for Clarification & and to Set Procedural Order is denied.<br>....................<br>Motion for Administrative Order denied.<br>....................<br>Respondent sworn in to testify.<br>....................<br>Arguments heard on Respondent's Third Amended Motion for Substitution.<br>....................<br>Respondent's Third Amended Motion for Substitution is denied.<br>....................<br>Formal Order to Follow.<br>.................... | JFM | KG |
| 09/22/2025 | Motion for Clarification and to Set Procedural Order of Hearing filed by THOMAS, LUKE. | UNASSIGNED |
| 09/19/2025 | Order Setting Hearing to September 25, 2025 at 2:30 p.m. for hearing on all pending motions entered.<br>.......................... | JFM |
| 09/19/2025 | Document #278496 (ORDER SETTING HEARING) dated 9/19/2025 emailed to: THOMAS, LUKE A<br>THOMAS, GWENDOLYN M. | UNASSIGNED |
| 09/18/2025 | Certificate of Service regarding discovery upon Luke Thomas filed by THOMAS, GWENDOLYN. | UNASSIGNED |
| 09/16/2025 | Motion for Administrative Order filed by THOMAS, LUKE. | UNASSIGNED |
| 09/15/2025 | Second Amended Motion for Substitution of Judge for Cause filed by THOMAS, LUKE.<br>Third Amended Motion for Substitution for Judge for Cause filed by THOMAS, LUKE. | UNASSIGNED |

| | | |
|---|---|---|
| 09/08/2025 | Order RE: payment to court reporter entered. | TJW |
| 09/08/2025 | Order Setting Hearing to September 25, 2025 at 2:30 p.m. for hearing on Motion for Substitution entered. | JFM |
| 09/08/2025 | Document #277502 (ORDER SETTING HEARING) dated 9/8/2025 emailed to: THOMAS, LUKE A THOMAS, GWENDOLYN M. | UNASSIGNED |
| 09/08/2025 | Amended Motion for Substitution of Judge for Cause filed by THOMAS, LUKE. | UNASSIGNED |
| 09/04/2025 | The Honorable Holly J. Henze referred this matter to the Chief Judge for assignment to hear the Motion for Substitution of Judge for Cause. | RBT |
| | The Honorable J. Frank McCartney is assigned to hear the Motion for Substitution of Judge for Cause. | |
| | Order Assigning Judge to Hear Motion for Substitution of Judge for Cause entered. | |
| 09/04/2025 | Document #277340 (ORDER ASSIGNING JUDGE TO HEAR MOTION FOR SUBSTITUTION) dated 9/4/2025 emailed to: THOMAS, LUKE A THOMAS, GWENDOLYN M. Document #277340 (ORDER ASSIGNING JUDGE TO HEAR MOTION FOR SUBSTITUTION) dated 9/4/2025 emailed to: HENZE, HOLLY J. | UNASSIGNED |
| 09/02/2025 | Motion for Substitution of Judge for Cause filed by THOMAS, LUKE. | UNASSIGNED |
| 09/02/2025 | Respondent's Motion for Substitution for Cause is stricken for the reason that the Motion fails to comply with 735 ILCS 5/2-1001(a)(3)(ii). | HJH |
| | Order entered. | |
| 09/02/2025 | Document #277104 (ORDER ENTERED.) dated 9/2/2025 emailed to: THOMAS, LUKE A THOMAS, GWENDOLYN M. | UNASSIGNED |
| 09/02/2025 | Motion for Substitution of Judge for Cause filed by THOMAS, LUKE. | UNASSIGNED |
| 08/29/2025 | Report of Proceedings filed by Tracy Grott, OCR. | UNASSIGNED |
| 08/29/2025 | Document #277041 (REPORT OF PROCEEDINGS) dated 8/29/2025 emailed to: THOMAS, LUKE A THOMAS, GWENDOLYN M. | UNASSIGNED |
| 08/25/2025 | On the Court's own motion, the Zoom status review scheduled for noon on October 9, 2025 is vacated. Cause is now set for in person status review at the Cass County Courthouse on October 6, 2025 beginning at 1:00 p.m. The Petitioner may appear via Zoom if she so desires. | HJH |
| | Order Entered | |
| 08/25/2025 | Document #276778 (ORDER ENTERED) dated 8/25/2025 emailed to: THOMAS, LUKE A THOMAS, GWENDOLYN M. | UNASSIGNED |
| 08/21/2025 | Motion for Additional Time to File Financial Affidavit filed by THOMAS, GWENDOLYN. | UNASSIGNED |
| 08/21/2025 | Petitioner present via zoom. Respondent present via zoom. Cause comes on for Status/Review. Hearing held in Adams County Courthouse in CR1A. | HJH |
| | Discovery requests to be filed by September 18, 2025 and parties shall respond to same within 28 days of receipt. | |
| | Financial Affidavits to be filed by October 2, 2025. Unless good cause shown, if a party fails to file his/her Financial Affidavit, he/she will be barred from presenting such evidence at trial. | |
| | Matter is set for Status/Review via Zoom at 12:00 p.m. on October 9, 2025. | |
| | Order entered. | |
| 08/21/2025 | Document #276683 (ORDER ENTERED.) dated 8/21/2025 emailed to: THOMAS, LUKE A THOMAS, GWENDOLYN M. | UNASSIGNED |
| 08/19/2025 | Motion to Continue filed by THOMAS, LUKE. | UNASSIGNED |
| 08/19/2025 | Exhibit 'A' to Respondent's Motion to Continue Hearing and for Status on Administrative Matters filed by THOMAS, LUKE. | UNASSIGNED |

| Date | Description | Initials |
|---|---|---|
| 07/24/2025 | Petitioner appears via zoom. Respondent does not appear. Cause comes on for hearing on Emergency Motions. Hearing held.<br>.....................<br>Ruling is made regarding Emergency Motions.<br>.....................<br>Petition for Indirect Civil Contempt is set for status on August 21, 2025 at 12:00 p.m. via zoom.<br>.....................<br>Order Re: Emergency Motions entered.<br>..................... | HJH |
| 07/21/2025 | Notice of Hearing filed by THOMAS, GWENDOLYN. | UNASSIGNED |
| 07/21/2025 | Proof of Service/Certificate of Service filed by THOMAS, GWENDOLYN. | UNASSIGNED |
| 07/18/2025 | Petition For Indirect Civil Contempt filed by THOMAS, GWENDOLYN. | UNASSIGNED |
| 07/18/2025 | Emergency Motion to Address Health Insurance filed by THOMAS, GWENDOLYN.<br>Emergency Motion to Address Carnival Mastercard filed by THOMAS, GWENDOLYN. | UNASSIGNED |
| 08/20/2024 | Mandate received affirming decision.<br>..................... | UNASSIGNED |
| 05/14/2024 | Order to pay Court Reporter Zoe Rosecrans entered.<br>................... | TJW |
| 04/04/2024 | Order to pay Court Reporter Nicole Kopec entered.<br>................... | TJW |
| 04/03/2024 | Order to pay Court Reporter Gina Feehan entered.<br>...................<br>Order to pay Court Reporter Kathryn Henseler entered.<br>................... | TJW |
| 04/03/2024 | Document #239436 (ORDER) dated 4/3/2024 emailed to:<br>THOMAS, LUKE A<br>THOMAS, GWENDOLYN M.<br>Document #239435 (ORDER) dated 4/3/2024 emailed to:<br>THOMAS, LUKE A<br>THOMAS, GWENDOLYN M. | UNASSIGNED |
| 04/03/2024 | Report of Proceedings filed by THOMAS, LUKE.<br>Report of Proceedings filed by THOMAS, LUKE.<br>Report of Proceedings filed by THOMAS, LUKE. | UNASSIGNED |
| 04/02/2024 | Report Of Proceedings for September 20, 2023 Zoom Hearing filed by Gina L. Feehan, RPR, CSR. | UNASSIGNED |
| 04/01/2024 | Report of Proceedings filed by THOMAS, LUKE. | UNASSIGNED |
| 02/27/2024 | Request for Preparation of Record on Appeal filed by THOMAS, LUKE. | UNASSIGNED |
| 02/27/2024 | Request for Report of Proceedings filed by THOMAS, LUKE.<br>Request for Report of Proceedings - list of hearings 2022dc15.pdf filed by THOMAS, LUKE. | UNASSIGNED |
| 02/27/2024 | A/R added with total of $181.00.<br>Credit of $45.25 recorded on 01/22/2024.<br>Account Status Report generated. | UNASSIGNED |
| 02/15/2024 | Notice of Appeal with COS filed by THOMAS, LUKE. | UNASSIGNED |
| 02/02/2024 | [Sealed] | TJW |
| 02/02/2024 | Document #234220 (ORDER) dated 2/2/2024 emailed to:<br>HENZE, HOLLY J<br>THOMAS, LUKE<br>VAWTER, ALISON<br>NICKOLS, LORELEI<br>THOMAS, GWENDOLYN M. | UNASSIGNED |
| 01/22/2024 | APPLICATION FOR WAIVER OF COURT FEES (CIVIL) filed by THOMAS, LUKE. | UNASSIGNED |
| 01/22/2024 | Order On Application for Wavier of Court Fees entered.<br>........................ | HJH |
| 01/22/2024 | Document #233398 (ORDER ON APPLICATION FOR WAVIER OF COURT FEES) dated 1/22/2024 emailed to:<br>THOMAS, LUKE A. | UNASSIGNED |
| 01/18/2024 | Order from Final Pretrial Conference (December 29, 2023)entered nunc pro tunc to December 29, 2023.<br>.............................<br>Order Re:Respondent's Pretrial Motions entered nunc pro tunc to January 11, 2024.<br>...................<br>Judgment for Dissolution of Marriage and Parenting Plan entered.<br>................... | HJH |
| 01/18/2024 | Document #233177 (ORDER) dated 1/18/2024 emailed to:<br>THOMAS, LUKE | UNASSIGNED |

VAWTER, ALISON
THOMAS, GWENDOLYN M.
Document #233178 (ORDER) dated 1/18/2024 emailed to:
THOMAS, LUKE
VAWTER, ALISON
THOMAS, GWENDOLYN M.
Document #233181 (JUDGMENT FOR DISSOLUTION OF MARRIAGE) dated 1/18/2024 emailed to:
THOMAS, LUKE
VAWTER, ALISON
THOMAS, GWENDOLYN M.

| 01/11/2024 | Petitioner present pro se. Respondent present pro se via zoom. GAL Allison Vawter present via zoom. Cause comes on for Bench Trial on All Remaining Issues. Hearing held. | HJH |

................
Arguments on Pretrial Motions heard.
..................
Respondent's Motion to Continue denied.
..................
Respondent's Motion in Limine to Exclude is granted.
................
Respondent indicates he must exit hearing due to work related issues.
................
Hearing proceeds without Respondent.
................
On Motion of Petitioner, Court takes Judicial Notice of Final Report of GAL.
................
GAL Allison Vawter sworn in to testify.
................
Respondent's Motion to Bar Evidence of Dissipation is moot.
................
Petitioner sworn in to testify.
................
Mr. David Osmer sworn in to testify.
................
Formal Order to follow.
................

| 01/10/2024 | [Impounded] [Impounded] [Impounded] [Impounded] [Impounded] [Impounded] [Impounded] [Impounded] | UNASSIGNED |
| 01/10/2024 | Supplemental filed by THOMAS, LUKE.<br>Supplemental filed by THOMAS, LUKE. | UNASSIGNED |
| 01/10/2024 | Motion to Bar Evidence and Consideration of Issue--Dissipation filed by THOMAS, LUKE. | UNASSIGNED |
| 01/10/2024 | Supplemental filed by THOMAS, LUKE.<br>Supplemental filed by THOMAS, LUKE. | UNASSIGNED |
| 01/09/2024 | [Impounded] [Impounded] [Impounded] [Impounded] [Impounded] [Impounded] [Impounded] [Impounded] [Impounded] [Impounded] [Impounded] | UNASSIGNED |
| 01/08/2024 | Motion For Judicial Notice #5 & Motion in Limine to Exclude Petitioner's Evidence (Appraisal) filed by THOMAS, LUKE. | UNASSIGNED |
| 01/08/2024 | Motion to Continue filed by THOMAS, LUKE.<br>Motion To Continue (Attachment) filed by THOMAS, LUKE.<br>Motion To Continue (Attachment) filed by THOMAS, LUKE.<br>Motion To Continue (Attachment) filed by THOMAS, LUKE.<br>Motion To Continue (Attachment) filed by THOMAS, LUKE.<br>Motion To Continue (Attachment) filed by THOMAS, LUKE.<br>Motion To Continue (Attachment) filed by THOMAS, LUKE.<br>Motion To Continue (Attachment) filed by THOMAS, LUKE.<br>Motion To Continue (Attachment) filed by THOMAS, LUKE.<br>Motion To Continue (Attachment) filed by THOMAS, LUKE.<br>Motion To Continue (Attachment) filed by THOMAS, LUKE. | UNASSIGNED |
| 01/02/2024 | Final Report Of The Guardian Ad Litem (Updated) filed by VAWTER, ALISON. | UNASSIGNED |
| 12/28/2023 | [Impounded] | UNASSIGNED |
| 12/27/2023 | Final Report Of Gal filed by VAWTER, ALISON.<br>Attachments To Final Report filed by VAWTER, ALISON. | UNASSIGNED |
| 12/27/2023 | [Impounded] [Impounded] [Impounded] [Impounded] [Impounded] | UNASSIGNED |
| 12/18/2023 | [Impounded] [Impounded] | UNASSIGNED |
| 12/15/2023 | Order Regarding Holiday Schedule entered. | HJH |

................
The deadline for fileing of Pretrial Affidavits and GAL Report is extended to Wednesday, December 27, 2023.
..................

Order entered.
....................

| | | |
|---|---|---|
| 12/13/2023 | On the Court's own Motion, the status hearing scheduled for December 18, 2023 is vacated. Hearing is continued to December 29, 2023 at 12:00 p.m.. | UNASSIGNED |

Order entered.
...................

| | | |
|---|---|---|
| 12/12/2023 | [Impounded] [Impounded] | UNASSIGNED |
| 12/08/2023 | [Impounded] [Impounded] | UNASSIGNED |
| 12/08/2023 | Motion for Extension of Time with COS filed by THOMAS, LUKE. | UNASSIGNED |
| 12/08/2023 | By agreement, the time for presentation of a proposed agreed order regarding holiday parenting time is extended to December 14, 2023. | HJH |

Order entered.
...................

| | | |
|---|---|---|
| 12/01/2023 | Order Re: December 1, 2023 Review/Status Hearing entered. | HJH |

....................

| | | |
|---|---|---|
| 11/29/2023 | [Impounded] [Impounded] | UNASSIGNED |
| 11/20/2023 | [Sealed] | TJW |
| 11/13/2023 | [Impounded] [Impounded] [Impounded] [Impounded] [Impounded] [Impounded] [Impounded] [Impounded] [Impounded] [Impounded] [Impounded] | UNASSIGNED |
| 11/03/2023 | Petitioner present pro se. Respondent present pro se. GAL Vawter present. All parties appear via zoom. Cause comes on for Case Management Conference. Hearing held. | HJH |

....................
Cause is set to December 1, 2023 at 12:00 p.m. for Review/Status heaing via zoom.
.................
Order Updating Parental Responsibilities entered.
....................

| | | |
|---|---|---|
| 11/03/2023 | Document #215988 (ORDER) dated 11/3/2023 emailed to:<br>THOMAS, LUKE A<br>VAWTER, ALISON<br>THOMAS, GWENDOLYN M. | UNASSIGNED |
| 10/23/2023 | Verified Notice Of Filing For Completion Of Record filed by THOMAS, LUKE.<br>Notice-Attachment filed by THOMAS, LUKE.<br>Notice-Attachment filed by THOMAS, LUKE.<br>Notice - Attachment filed by THOMAS, LUKE. | UNASSIGNED |
| 10/20/2023 | Motion to Deem Facts Admitted re 4-29-2023 RTA filed by THOMAS, LUKE. | UNASSIGNED |
| 10/20/2023 | Certificate Of Service filed by THOMAS, LUKE. | UNASSIGNED |
| 10/18/2023 | Motion for Judicial Notice #4 re ADA filed by THOMAS, LUKE.<br>Motion for Judicial Notice re School & Removal of GAL filed by THOMAS, LUKE. | UNASSIGNED |
| 10/18/2023 | Exhibit A filed by THOMAS, LUKE.<br>Exhibit B filed by THOMAS, LUKE. | UNASSIGNED |
| 10/12/2023 | [Impounded] [Impounded] | UNASSIGNED |
| 09/25/2023 | Respondent's Motion For Judicial Notice #3 filed by THOMAS, LUKE. | UNASSIGNED |
| 09/25/2023 | [Impounded] | UNASSIGNED |
| 09/20/2023 | Petitioner present pro se. Respondent present pro se. GAL Vawter present. All parties present via zoom. Cause comes on for status and scheduling. | HJH |

....................
Ms. Malinda Vogel shall provide reports to the GAL in sufficient time to provide a final GAL report to the Court well in advance of trial.
..............................
The Court will not entertain any emergency motions or petitions without the availability of the findings and recommendations of the court appointed experts.
....................
On the Court's own motion, paragraph 13 of the Emergency Order entered on or about May 20, 2023 is modified to allow electronic communications with the parties minor children.
...................
The Respondent's recently filed Motions for Judicial Notice will be considered and ruled upon at trial.
....................
Order entered.
....................
All Pretrial Motions and Pretrial Affidavits shall be filed by December 15, 2023.

..................
Pretrial Conference is set for December 18, 2023 at 12:00 p.m. via
zoom.
..................
All remaining issues are set for Trial/hearing on January 11 and 12, 2024 at 9:00 a.m.
..................
Domestic Relations Hearing Scheduling Order entered.
.................

| Date | Entry | Initials |
|---|---|---|
| 09/19/2023 | Motion for Judicial Notice #2 filed by THOMAS, LUKE. | UNASSIGNED |
| 09/18/2023 | Motion for Judicial Notice #1 filed by THOMAS, LUKE. | UNASSIGNED |
| 09/13/2023 | Case continued to September 20, 2023 at 12:00 p.m. for Status hearing via Zoom.<br>......................<br>Order entered.<br>...................... | HJH |
| 09/13/2023 | Document #211710 (ORDER ENTERED.) dated 9/13/2023 emailed to:<br>THOMAS, LUKE<br>VAWTER, ALISON<br>THOMAS, GWENDOLYN M. | UNASSIGNED |
| 09/08/2023 | Case set to September 13, 2023 at 12:00 p.m. for Status hearing via Zoom.<br>......................<br>Order entered.<br>...................... | HJH |
| 09/08/2023 | Document #211370 (ORDER ENTERED.) dated 9/8/2023 emailed to:<br>THOMAS, LUKE A<br>VAWTER, ALISON<br>THOMAS, GWENDOLYN M. | UNASSIGNED |
| 09/07/2023 | Supplement To Petition For Expedited Temporary Relief filed by THOMAS, LUKE.<br>Supplemental Attachment filed by THOMAS, LUKE.<br>Supplemental Attachment filed by THOMAS, LUKE.<br>Supplemental Attachment filed by THOMAS, LUKE. | UNASSIGNED |
| 08/29/2023 | Petition For Temporary Relief filed by THOMAS, LUKE. | UNASSIGNED |
| 08/01/2023 | Document #207854 (ORDER ENTERED.) dated 8/1/2023 emailed to:<br>THOMAS, LUKE A<br>VAWTER, ALISON<br>THOMAS, GWENDOLYN M. | UNASSIGNED |
| 07/31/2023 | Trial dates of August 17 and 18, 2023 are hereby vacated for good cause. Cause is set to September 7, 2023 at 12:30 p.m. for status hearing via zoom.<br>......................<br>Order entered.<br>...................... | HJH |
| 07/13/2023 | Mandate received dismissing appeal per order.<br>................... | UNASSIGNED |
| 06/22/2023 | Document #204608 (ORDER ENTERED.) dated 6/21/2023 emailed to:<br>HENZE, HOLLY J<br>THOMAS, LUKE A<br>THOMAS, GWENDOLYN M. | UNASSIGNED |
| 06/21/2023 | The Court having received an invoice attached hereto as Exhibit "A" from Court Reporter Shannon Nickamp, and finding that this is necessary for the Court, it is hereby Ordered that the Cass County Treasurer shall pay said invoice within 30 days of this Order.<br>................<br>Order entered.<br>................ | KDT |
| 06/20/2023 | Report Of Proceedings October 21, 2022 filed by Shannon M. Niekamp, CSR.<br>Report Of Proceedings November 15, 2022 filed by Shannon M. Niekamp, CSR.<br>Report Of Proceedings December 22, 2022 filed by Shannon M. Niekamp, CSR.<br>Report Of Proceedings January 27, 2023 filed by Shannon M. Niekamp, CSR.<br>Report Of Proceedings February 3, 2023 filed by Shannon M. Niekamp, CSR.<br>Report Of Proceedings March 28, 2023 filed by Shannon M. Niekamp, CSR. Report Of Proceedings April 28, 2023 filed by Shannon M. Niekamp, CSR. | UNASSIGNED |
| 06/08/2023 | Order from Appellate Court dismissing appeal filed.<br>................... | UNASSIGNED |

| | | |
|---|---|---|
| 05/30/2023 | Motion for Extension of Time filed by THOMAS, GWENDOLYN. | UNASSIGNED |
| 05/30/2023 | Proof of Service/Certificate of Service filed by THOMAS, GWENDOLYN. Proof of Service/Certificate of Service filed by THOMAS, GWENDOLYN. | UNASSIGNED |
| 05/30/2023 | Response filed by THOMAS, GWENDOLYN. | UNASSIGNED |
| 05/30/2023 | Order Regarding Midwest Counseling Services entered.<br>...................<br>Motion for Extension of Time granted.<br>...................<br>Petitioner is granted an additional 14 days from this date to respond to the discovery requests. Pretrial date of August 4, 2023 is<br>vacated.<br>...................<br>Order entered.<br>................... | HJH |
| 05/30/2023 | Document #202641 (ORDER ENTERED.) dated 5/30/2023 emailed to:<br>THOMAS, LUKE<br>VAWTER, ALISON<br>THOMAS, GWENDOLYN M.<br>Document #202640 (ORDER) dated 5/30/2023 emailed to:<br>THOMAS, LUKE<br>VAWTER, ALISON<br>THOMAS, GWENDOLYN M. | UNASSIGNED |
| 05/24/2023 | Motion for Subsitution of Judge as a Matter of Right filed by THOMAS, LUKE. | UNASSIGNED |
| 05/24/2023 | Respondent's Amended Motion for Substitution of Judge as a Matter of RIght is hereby denied.<br>................<br>Order entered.<br>................ | HJH |
| 05/24/2023 | Amended Motion for Substitution of Judge filed by THOMAS, LUKE. | UNASSIGNED |
| 05/24/2023 | Document #202364 (ORDER ENTERED.) dated 5/24/2023 emailed to:<br>THOMAS, LUKE<br>VAWTER, ALISON<br>THOMAS, GWENDOLYN M. | UNASSIGNED |
| 05/23/2023 | Emergency Order #2 entered. | HJH |
| 05/23/2023 | Supplemental Information Provided Re Sangamon Co. 2023-op-938 filed by THOMAS, LUKE. | UNASSIGNED |
| 05/23/2023 | Emergency Notice of Appeal and Emergency Stay filed by THOMAS, LUKE. | UNASSIGNED |
| 05/22/2023 | Emergency Order entered and impounded.<br>................ | HJH |
| 05/15/2023 | Report of Proceedings filed by THOMAS, LUKE. | UNASSIGNED |
| 05/15/2023 | Upon the court's request and by agreement, the hearing dates of<br>August 10-11, 2023 are hereby vacated. This matter shall instead be set for hearing on August 17-18, 2023.<br>...................<br>Order entered.<br>................... | HJH |
| 05/15/2023 | Document #201603 (ORDER ENTERED.) dated 5/15/2023 emailed to:<br>THOMAS, LUKE<br>VAWTER, ALISON<br>THOMAS, GWENDOLYN M. | UNASSIGNED |
| 05/12/2023 | Document #201292 (ORDER ENTERED.) dated 5/12/2023 emailed to:<br>THOMAS, LUKE<br>VAWTER, ALISON<br>NICKOLS, LORELEI<br>THOMAS, GWENDOLYN M.<br>Document #201297 (HEARING SCHEDULING ORDER) dated 5/12/2023 emailed<br>to:<br>THOMAS, LUKE<br>VAWTER, ALISON<br>THOMAS, GWENDOLYN M. | UNASSIGNED |
| 05/12/2023 | Emergency Motion filed by VAWTER, ALISON. | UNASSIGNED |
| 05/12/2023 | Cause comes on for hearing on GAL's Emergency Motion. All parties, GAL and the Court appear via zoom.<br>................<br>GAL's Emergency Motion granted.<br>................<br>Order entered.<br>................ | HJH |

| 05/12/2023 | Document #201292 (ORDER ENTERED.) dated 5/12/2023 emailed to:<br>THOMAS, LUKE<br>VAWTER, ALISON<br>THOMAS, GWENDOLYN M. | UNASSIGNED |
|---|---|---|
| 05/11/2023 | Cause comes on for heaing on pending pleadings. All parties and the court appear via Zoom. | HJH |
| | ................. | |
| | State's (IDHS) Motion to Strike the Respondent's Motion for Joinder<br>is granted for the reasons stated on record. | |
| | ................. | |
| | Petitioner is ordered to immediately reimburse the Respondent for the cost to tow Respondent's vehicle from her driveway. | |
| | ................. | |
| | Petitioner shall pay her share of the repair bill for the<br>Respondent's vehicle. | |
| | ............... | |
| | Any comtempt finding shall be reserved. | |
| | .............. | |
| | A transcript of this proceeding shall be made and filed with the<br>costs to Cass County pursuant to previous Order. | |
| | ................ | |
| | Order entered. | |
| | ................ | |
| | Domestic Relations Hearing Scheduling Order entered. | |
| | ................. | |
| 05/08/2023 | Petition for Rule to Show Cause filed by THOMAS, LUKE.<br>Petition for Rule to Show Cause filed by THOMAS, LUKE.<br>Petition for Rule to Show Cause filed by THOMAS, LUKE. | UNASSIGNED |
| 05/08/2023 | Notice Of Hearing filed by THOMAS, LUKE. | UNASSIGNED |
| 05/02/2023 | Document #199851 (ORDER) dated 5/2/2023 emailed to:<br>THOMAS, LUKE<br>VAWTER, ALISON<br>NICKOLS, LORELEI<br>THOMAS, GWENDOLYN M. | UNASSIGNED |
| 05/01/2023 | Certificate Of Service filed by THOMAS, LUKE. | UNASSIGNED |
| 05/01/2023 | Order regarding hearing held on April 28, 2023 entered. | HJH |
| | ................. | |
| | Respondent's Motion for Joinder filed March 10, 2023 and the IDHS Motion to Strike shall be heard on Thursday May 11, 2023 at 2:30 p.m. via zoom. | |
| | ................. | |
| 04/28/2023 | Petitioner present pro se. Respondent present pro se. Cause comes<br>on for All Pending/Status. Hearing held. | HJH |
| | ................ | |
| | Respondent, Attorney L. Thomas hereby withdraws Subpoenas. Motion to Quash Subpoenas is hereby granted. | |
| | ................ | |
| | Order entered. | |
| | ................ | |
| | Attorney L. Thomas makes argument for Motion to Vacate Order (filed<br>3-6-23) | |
| | ............... | |
| | Court hereby grants the Motion to Vacate. Ruling as to allocation of firearms to be reserved at final hearing. | |
| | ............... | |
| | Attorney L. Thomas makes argument for Motion to Deem Facts Admitted (filed 3-3-23). | |
| | .............. | |
| | Court hereby grants Motion to Deem Facts. Facts are deemed admitted. | |
| | .............. | |
| | Attorney L. Thomas makes argument for Motion to Bar Evidence<br>(filed 1-20-23). | |
| | .............. | |
| | Court hereby | |
| | .............. | |
| | Court allows Petitioner to respond by May 30, 2023. | |
| | .............. | |
| | Attorney L. Thomas makes argument for Motion for Temporary Relief (filed 12-5-22). | |
| | .............. | |
| | Respondent's Exhibit 1 is hereby admitted. | |
| | .............. | |
| | Court hereby takes Motion for Temporary Relief under advisement. | |
| | .............. | |
| | Attorney G. Thomas makes argument. | |

.............
Attorney L. Thomas makes argument for Petition for Indirect Civil Contempt (10-21-22 Order) (filed 3-23-23).
.............
(Court recesses 11:19 a.m.)
.............
(Court reconvenes 11:24 )
.............
Court hereby denies Petition to Indirect Civil Contempt.
.............
Attorney G. Thomas makes argument Motion for Bifurcated Judgment of Dissolution (filed 11-22-23).
.............
Attorney L. Thomas makes argument.
.............
Court hereby grants Motion for Bifurcated Judgment of Dissolution.
.............
Court hereby Bifurcates & grants Judgment of Dissolution. Court finds grounds for Judgment of Dissolution. All Remainin issues to be
addressed.
.............
Court hereby sets Zoom hearing for Motion for Joinder on May 11, 2023.
.............
Attorney G. Thomas addresses remaining issues.
.............
Court to be in contact with parties in regard to final hearings dates.
.............
Attorney G. Thomas to file Motions.
.............
(Formal Order to be submitted by Judge Henze).
.............

| Date | Description | |
|---|---|---|
| 04/20/2023 | Supplemental To Motion To Bar Evidence filed by THOMAS, LUKE. | UNASSIGNED |
| 04/14/2023 | Entry Of Appearance filed by NICKOLS, LORELEI. | UNASSIGNED |
| 04/14/2023 | Motion to Strike Filed by IDHS filed by NICKOLS, LORELEI. | UNASSIGNED |
| 04/14/2023 | Motion to Continue filed by NICKOLS, LORELEI. | UNASSIGNED |
| 04/14/2023 | Proof of Service/Certificate of Service filed by NICKOLS, LORELEI. | UNASSIGNED |
| 04/14/2023 | Document #198813 (MOTION TO CONTINUE) dated 4/14/2023 emailed to: HENZE, HOLLY J THOMAS, LUKE VAWTER, ALISON NICKOLS, LORELEI THOMAS, GWENDOLYN M. | UNASSIGNED |
| 03/28/2023 | [Impounded] | UNASSIGNED |
| 03/28/2023 | Mr. Thomas appears via Zoom. GAL Alison Vawter appears via Zoom. Ms.Thomas does not appear. Cause comes on for hearing on Petition for Order of Protection. Hearing held (Adams Co.) .................... Petition is continued to April 28, 2023 at 9:00 a.m. for further hearing. .................... Order on Petition for Order of Protection entered. .................. | HJH |
| 03/28/2023 | Document #197280 (ORDER) dated 3/28/2023 emailed to: THOMAS, LUKE VAWTER, ALISON THOMAS, GWENDOLYN M. | UNASSIGNED |
| 03/27/2023 | All Pending Motion and Petitions are hereby set for hearing beginning at 9:00 a.m. on Friday, April 28, 2023. ................ On the Court's on motion, the Petitioner is granted ten days within which to file written responses or objections to all pending Motions and Petitions. ................... On the Court's own motion, the Respondent's Motion for Leave to file Response to Petition for Dissolution of Marriage is granted. The Respondent's Response shall be filed in stanter. ................ Order entered. ................. | HJH |
| 03/27/2023 | Document #197058 (ORDER ENTERED.) dated 3/27/2023 emailed to: THOMAS, LUKE VAWTER, ALISON THOMAS, GWENDOLYN M. | UNASSIGNED |
| 03/27/2023 | Notice of Hearing with COS filed by THOMAS, LUKE. | UNASSIGNED |

| Date | Description | Code |
|---|---|---|
| 03/27/2023 | [Impounded] | UNASSIGNED |
| 03/23/2023 | Petition for Indirect Civil Contempt re Disposal of Earned Income without Approval filed by THOMAS, LUKE. | UNASSIGNED |
| 03/23/2023 | Attachment: Order - No Disposal Of Earned Income 10-21-22 filed by THOMAS, LUKE. | UNASSIGNED |
| 03/10/2023 | Motion to Quash Subpoena filed. <br> ................. | UNASSIGNED |
| 03/10/2023 | Motion for Joinder re Illinois Department of Human Services filed by THOMAS, LUKE. <br> Motion for Joinder re Illinois Department of Human Services - Message to Sheriff Ohrn re Medicaid Fraud 9-14-2022.pdf filed by THOMAS, LUKE. Motion for Joinder re Illinois Department of Human Services - Logsdon Davidsmeier Check Held by GMT 10-13-2022.pdf filed by THOMAS, LUKE. Motion for Joinder re Illinois Department of Human Services - Thomas <br> v Thomas Memorandum in Support of Determination as a Matter of Law --IDHS.pdf filed by THOMAS, LUKE. | UNASSIGNED |
| 03/08/2023 | Motion to Quash Subpoena filed. <br> ................. | UNASSIGNED |
| 03/08/2023 | Cause is set to March 17, 2023 at 1:30 p.m. for telephonic Case Management Conference. <br> ................. <br> Order entered. <br> ................. | HJH |
| 03/08/2023 | Document #195661 (ORDER ENTERED.) dated 3/8/2023 emailed to: <br> THOMAS, LUKE <br> VAWTER, ALISON <br> THOMAS, GWENDOLYN M. | UNASSIGNED |
| 03/06/2023 | Motion to Vacate Order With Alternative Relief Requested filed by THOMAS, LUKE. | UNASSIGNED |
| 03/06/2023 | Supplemental filed by THOMAS, LUKE. <br> Supplemental filed by THOMAS, LUKE. | UNASSIGNED |
| 03/03/2023 | Motion To Address Classification Of Funds filed by THOMAS, LUKE. | UNASSIGNED |
| 03/03/2023 | Notice of Interlocutory Appeal filed by THOMAS, LUKE. | UNASSIGNED |
| 03/03/2023 | Motion To Deem Facts Admitted filed by THOMAS, LUKE. <br> Motion to Deem Facts Admitted filed by THOMAS, LUKE. | UNASSIGNED |
| 03/03/2023 | The Honorable Jerry J. Hooker hereby recuses himself from the cause. <br> ...................... <br> Cause is referred to the Chief Judge for re-assignment. <br> ...................... <br> Court vacates March 3, 2023 hearing. <br> ...................... <br> Order entered. <br> ...................... | JJH |
| 03/03/2023 | Document #195395 (ORDER ENTERED.) dated 3/3/2023 emailed to: <br> THOMAS, LUKE <br> VAWTER, ALISON <br> THOMAS, GWENDOLYN M. | UNASSIGNED |
| 03/03/2023 | The Honorable Holly J. Henze is assigned to hear this case through completion. <br> ................. <br> Order for Reassignment of Judge entered. <br> ................. | JFM |
| 03/03/2023 | Document #195453 (ORDER) dated 3/3/2023 emailed to: <br> HOOKER, JERRY J <br> THOMAS, LUKE A <br> VAWTER, ALISON <br> THOMAS, GWENDOLYN M. | UNASSIGNED |
| 02/28/2023 | Verified Notice of Suit and Completion of Record filed by THOMAS, LUKE. | UNASSIGNED |
| 02/28/2023 | Verified Notice Of Suit And Completion Of Record - Text Re Federal Complaint To Judge From Gmt filed by THOMAS, LUKE. <br> Verified Notice Of Suit And Completion Of Record - Osmer, John D. Ltr 2-19-2023 filed by THOMAS, LUKE. <br> Verified Notice Of Suit And Completion Of Record - Osmer, David & Georgeanne Ltr. 2-26-2023 filed by THOMAS, LUKE. <br> Verified Notice Of Suit And Completion Of Record - Email Chain Regarding Fed Complaint filed by THOMAS, LUKE. <br> Verified Notice Of Suit And Completion Of Record - Federal Complaint Ecf Downloaded From Cour filed by THOMAS, LUKE. | UNASSIGNED |
| 02/27/2023 | Motion for Hearing Setting on Pending Motions and Summary of Pending Motions filed by THOMAS, LUKE. | UNASSIGNED |
| 02/27/2023 | Summary Of Pending Motions filed by THOMAS, LUKE. | UNASSIGNED |
| 02/27/2023 | Subpoena - Issued filed by THOMAS, LUKE. | UNASSIGNED |
| 02/16/2023 | Petitioner present by phone. Respondent present by phone. Cause comes on for Status. Hearing held. <br> ................. | JJH |

Status Hearing Order entered.
................

| Date | Description | |
|------|-------------|---|
| 02/16/2023 | Document #194186 (ORDER ENTERED.) dated 2/16/2023 emailed to:<br>THOMAS, LUKE<br>VAWTER, ALISON<br>THOMAS, GWENDOLYN M. | UNASSIGNED |
| 02/06/2023 | Order following previous hearing entered. | JJH |

....................

Case Management Order entered.
....................

| Date | Description | |
|------|-------------|---|
| 02/06/2023 | Document #193246 (CASE MANAGEMENT ORDER) dated 2/6/2023 emailed to: THOMAS, LUKE<br>VAWTER, ALISON<br>THOMAS, GWENDOLYN M.<br>Document #193244 (ORDER) dated 2/6/2023 emailed to:<br>THOMAS, LUKE<br>VAWTER, ALISON<br>THOMAS, GWENDOLYN M. | UNASSIGNED |
| 02/06/2023 | MOTION FOR SPECIFIC FINDINGS OF FACT REGARDING DETERMINATION RESPONDENT IS NOT DISABLED filed by THOMAS, LUKE. | UNASSIGNED |
| 02/03/2023 | Petitioner present pro se. Respondent present pro se. Cause comes on for Motion Hearing/Status. Hearing held. | JJH |

................

Court addresses requests made from previous order.
................

Financial Affidavit filed by Petitioner.
................

(Court Recesses 10:31 a.m.)
................

(Court Reconvenes 10:42 a.m.)
................

Court addresses Emergency Motion For Temporary Relief. Court hears arument & evidence given in regard to Motion Hearing.
................

Group Exhibits 1 thru 10 admittted over objection.
................

Gwendolyn M. Thomas, Petitioner, sworn in for Testimony.
................

(Court Recesses 11:59 a.m.)
................

(Court Reconvenes 12:59 a.m.)
................

Gwendolyn M. Thomas, Petitioner, recalled for Testimony.
................

Georgeanne Osmer, Petitioner's Mother, sworn in for Testimony.
................

Based upon the arguments of counsel & evidence, Emergency Motion for Temporary Relief is hereby denied.
................

Cause is continued for Conference Call to February 7, 2023 at 8:00 a.m.
................

Formal Order is to follow.
................

(NO WRITTEN ORDER ENTERED)
................

| Date | Description | |
|------|-------------|---|
| 02/01/2023 | Memorandum In Support Of Determination As A Matter Of Law filed by THOMAS, LUKE. | UNASSIGNED |
| 01/30/2023 | The court directs the parties to obtain all requested information on the following Order. | JJH |

................

Order entered.
................

| Date | Description | |
|------|-------------|---|
| 01/30/2023 | Document #192512 (ORDER ENTERED.) dated 1/30/2023 emailed to:<br>THOMAS, LUKE<br>THOMAS, GWENDOLYN M. | UNASSIGNED |
| 01/27/2023 | Memorandum Re Radon Reports filed by THOMAS, LUKE. | UNASSIGNED |
| 01/27/2023 | Petitioner present pro se. Respondent present pro se. Cause comes on for Motion/status hearing. Hearing held. | JJH |

................

Atty. Alison Vawter, GAL for all 4 children, sworn in for testimony.
...............

Cause is continued to February 3, 2023 at 9:00 a.m. for status

hearing.

..................

ORDER ENTERED.

.........

| | | |
|---|---|---|
| 01/27/2023 | [Impounded] | UNASSIGNED |
| 01/27/2023 | Document #192474 (ORDER ENTERED.) dated 1/27/2023 emailed to:<br>THOMAS, LUKE<br>VAWTER, ALISON<br>THOMAS, GWENDOLYN M. | UNASSIGNED |
| 01/26/2023 | [Impounded] [Impounded] [Impounded] | UNASSIGNED |
| 01/20/2023 | Subpoena - to Issue filed by THOMAS, LUKE. | UNASSIGNED |
| 01/20/2023 | Subpoena - Return filed by THOMAS, LUKE. | UNASSIGNED |
| 01/20/2023 | Motion to Bar Evidence and Testimony with COS filed by THOMAS, LUKE. | UNASSIGNED |
| 01/19/2023 | Motion To Pay Filing Fees filed by THOMAS, LUKE. | UNASSIGNED |
| 01/17/2023 | Motion to Compel #2 re Request for Document Production filed by THOMAS, LUKE. | UNASSIGNED |
| 01/13/2023 | Motion to Compel re First Set of Interrogatories filed by THOMAS, LUKE. | UNASSIGNED |
| 01/12/2023 | Plaintiff present pro se. Respondent present pro se. Cause comes on for CMC via phone. Hearing held.<br>...............<br>Cause set January 27, 2023 at 9:00 a.m. for Motion hearing.<br>.................<br>Order entered.<br>................... | JJH |
| 01/12/2023 | Document #191672 (ORDER ENTERED.) dated 1/12/2023 emailed to:<br>THOMAS, LUKE<br>VAWTER, ALISON<br>THOMAS, GWENDOLYN M. | UNASSIGNED |
| 01/10/2023 | Emergency Motion For Temporary Relief filed by THOMAS, LUKE. | UNASSIGNED |
| 01/09/2023 | Certificate Of Service filed by THOMAS, LUKE. | UNASSIGNED |
| 01/09/2023 | Motion for Temporary Relief filed by THOMAS, LUKE. | UNASSIGNED |
| 12/22/2022 | Petitioner present pro se. Respondent present pro se. Cause comes on for Motion for Substitution of Judge. Hearing held.<br>......................<br>Based upon arguments, Court does not find basis to grant Motion for Substitution by Matter of Cause. Motion is hereby denied.<br>......................<br>Cause is continued generally for scheduling.<br>......................<br>Order entered.<br>...................... | CHB |
| 12/20/2022 | Amended Motion for Substitution of Judge filed by THOMAS, LUKE. | UNASSIGNED |
| 12/19/2022 | Certificate Of Service filed by THOMAS, LUKE. | UNASSIGNED |
| 12/16/2022 | Cause is set for hearing on the Respondent's Motion for Substitution of Judge on December 22, 2022 at 10:30 a.m. before the Honorable Charles H.W. Burch at the Cass County Courthouse.<br>.................<br>Order Setting Hearing entered.<br>................ | CHB |
| 12/16/2022 | Document #189452 (ORDER SETTING HEARING) dated 12/16/2022 emailed to: THOMAS, LUKE A<br>VAWTER, ALISON<br>THOMAS, GWENDOLYN M. | UNASSIGNED |
| 12/15/2022 | Certificate of Service re LAT's Request for Document Production filed by THOMAS, LUKE. | UNASSIGNED |
| 12/15/2022 | Notice of Scrivener's Error re Discovery Certificates of Service filed by THOMAS, LUKE. | UNASSIGNED |
| 12/15/2022 | Certificate Of Service Re Second Set Of Supp 29-30 filed by THOMAS, LUKE.<br>Certificate Of Service Re Third Set Of Matrimonial Interrogatories filed by THOMAS, LUKE.<br>Certificate Of Service Re Respondent's First Set Of Matrimonial Interrogatories filed by THOMAS, LUKE. | UNASSIGNED |
| 12/15/2022 | Notice of Filing re Lis Pendens with Certificate of Service filed by THOMAS, LUKE.<br>Notice Of Filing Re Lis Pendens With Certificate Of Service Lis filed by THOMAS, LUKE. | UNASSIGNED |
| 12/13/2022 | The Honorable Charles H. W. Burch is assigned to hear the motion for Substitution of Judge for Cause against Jerry J. Hooker.<br>...........<br>Order for Hearing on Motion for Substitution entered.<br>........... | JFM |

| | | |
|---|---|---|
| 12/13/2022 | Document #189008 (ORDER) dated 12/13/2022 emailed to:<br>THOMAS, LUKE<br>THOMAS, GWENDOLYN M. | UNASSIGNED |
| 12/12/2022 | Notice of Hearing for December 16 Hearing filed by THOMAS, LUKE. | UNASSIGNED |
| 12/12/2022 | Motion to Appoint Attorney for Minor Children filed by THOMAS, LUKE. Motion to Reconsider with Proof of Service Incorporated filed by THOMAS, LUKE. | UNASSIGNED |
| 12/06/2022 | Subpoena Duces Tecum filed by Gwendolyn M. Thomas.<br>.................... | UNASSIGNED |
| 12/05/2022 | Motion For Substitution Of Judge filed by THOMAS, LUKE. | UNASSIGNED |
| 12/05/2022 | Motion to Address Conflicts filed by THOMAS, LUKE.<br>Motion for Temporary Relief filed by THOMAS, LUKE. | UNASSIGNED |
| 11/28/2022 | Notice of Hearing filed by petitioner.<br>....................<br>Certificate of Service filed by petitioner. | UNASSIGNED |
| 11/22/2022 | Motion For Leave To File Response To Petition For Dissolution filed by THOMAS, LUKE. | UNASSIGNED |
| 11/22/2022 | Response To Petition For Dissolution Of Marriage filed by THOMAS, LUKE. | UNASSIGNED |
| 11/22/2022 | Certificate Of Service filed by THOMAS, LUKE. | UNASSIGNED |
| 11/22/2022 | Motion for Sale of Firearms filed by Gwendolyn M. Thomas.<br>....................<br>Motion for Bifurcated Judgment of Dissolution of Marriage filed by Gwendolyn M. Thomas.<br>.................... | UNASSIGNED |
| 11/18/2022 | Parties present by phone. Cause comes on for conference call.<br>...................<br>Hearing held.<br>.............<br>Order entered.<br>............ | JJH |
| 11/18/2022 | Document #187102 (ORDER ENTERED.) dated 11/18/2022 emailed to:<br>THOMAS, LUKE<br>THOMAS, GWENDOLYN M. | UNASSIGNED |
| 11/15/2022 | Petitioner present pro se. Respondent present pro se. Cause comes on for status hearing. Hearing held.<br>.............<br>Cause is continued to November 30, 2022 at 4:00 p.m. for conference call regarding status.<br>...................<br>Cause is set for status hearing on December 16, 2022 at 9:00 a.m.<br>......................<br>Order entered.<br>............... | JJH |
| 10/21/2022 | Petitioner present pro se. Respondent present pro se.<br>..............<br>Based on the evidence heard in 22-OP-66, Protective Order is entered in this case.<br>..................<br>Emergency Order in 22-OP-66 is vacated.<br>..................<br>Plenary Petition remains pending.<br>.............<br>Parenting time is established.<br>..............<br>Court appoints Alison Vawter as GAL.<br>..................<br>Cause is continued to November 15, 2022 at 11:00 a.m. for status.<br>.............<br>Order entered.<br>............<br>.................. | JJH |
| 10/18/2022 | Alias Summons returned showing service and filed.<br>................... | UNASSIGNED |
| 10/17/2022 | Alias Summons issued to the Cass County Sheriff for service.<br>.................. | UNASSIGNED |
| 10/13/2022 | The Honorable Jerry J. Hooker is hereby assigned to hear this case through completion.<br>..................<br>Order for Reassignment of Judge entered.<br>................. | JFM |

| | | |
|---|---|---|
| 10/13/2022 | Document #184060 (ORDER) dated 10/13/2022 emailed to:<br>HOOKER, JERRY J<br>THOMAS, LUKE A<br>THOMAS, GWENDOLYN M. | UNASSIGNED |
| 10/11/2022 | Summons returned not served and filed.<br>............. | UNASSIGNED |
| 10/03/2022 | Notice of Change of Electronic Mailing Address w Certificate of Service filed by THOMAS, LUKE. | UNASSIGNED |
| 09/20/2022 | Cause is set for Status/Case Management Conference on September 30, 2022 at 11:00 a.m.<br>................<br>Case Management Order entered.<br>................ | RBT |
| 09/19/2022 | The Honorable Timothy J. Wessel and the Honorable Kevin D. Tippey having recused themselves, it is hereby Ordered as follows: The Honorable Roger B. Thomson is assigned to hear this case through to completion.<br>................<br>Order for Reassignment of Judge entered.<br>.............. | JFM |
| 09/19/2022 | Document #171881 (ORDER) dated 9/19/2022 emailed to:<br>THOMSON, ROGER B. | UNASSIGNED |
| 09/14/2022 | Summons issued and returned to Petitioner service.<br>................ | UNASSIGNED |
| 09/13/2022 | The Honorable Timothy J. Wessel and the Honorable Kevin D. Tippey hereby recuse themselves from hearing any proceedings in regard to this matter.<br>.............<br>This matter is referred to the Honorable Frank McCartney, Chief Judge of the Eighth Judicial Circuit, for reassignment.<br>..............<br>Order of Recusal entered.<br>.............. | TJW |
| 09/12/2022 | Petition for Dissolution of Marriage filed.<br>..................<br>Notice of Confidential Information within Court filing filed.<br>................<br>Payment of $306.00 posted on 09/12/2022. | UNASSIGNED |

For questions or comments about this web site, please see our Contacts Page.

Terms of use    | Privacy policy

Advertise on Judici.

Copyright © 2002-2026 Judici

Last modified: 2026/06/16 15:00 Version: 3.9.0.937

| | |
|---|---|
| **6** | **Will Sullivan Auctioneers Settlement Sheet** (Documenting the off-the-books liquidation orchestrated by John Osmer) |



Consignor Settlement

| | | | CO #: | 1790 |
|---|---|---|---|---|
| | | | Date: | 2/9/2024 |
| | | | Page: | 1 |

**Consignor: 1**
Gwen Thomas
416 N. Sylvan St.
Ashland, IL 62612
Phone:217-883-7373

(John D. Osmer  Contact Number

Auction: March 16 2024

| Lot# | Description | Quantity | Unit Price | Ext.Price | Comm/BuyBack | Expenses |
|---|---|---|---|---|---|---|
| 55 | Ruger Precision Black, 6.5 Creedmoor (24") - Vorte | 1.00 | 1,200.00 | 1,200.00 | -216.00 | 0.00 |
| 58 | Colt Lightweight Defender (3") Stainless, 45 ACP, | 1.00 | 950.00 | 950.00 | -171.00 | 0.00 |
| 130 | Dan Wesson Discretion (5.5" Match Grade - Threaded | 1.00 | 1,400.00 | 1,400.00 | -252.00 | 0.00 |
| 132 | PARA USA Pro Custom (5" Match Grade), 45 ACP, Semi | 1.00 | 650.00 | 650.00 | -117.00 | 0.00 |
| 140 | SIG SAUER P226, .177 Pellet, CO2 Air-Pistol (No Pa | 1.00 | 100.00 | 100.00 | -18.00 | 0.00 |
| 144 | SIG SAUER P320 RXP Nitron Compact (3.9"), 9mm Luge | 1.00 | 400.00 | 400.00 | -72.00 | 0.00 |
| 150 | Kimber Micro Diamond - Engraved/ Silver (2.75"), 3 | 1.00 | 700.00 | 700.00 | -126.00 | 0.00 |
| 152 | Winchester Model 70 "Westerner" (24") Limited Prod | 1.00 | 600.00 | 600.00 | -108.00 | 0.00 |
| 189 | Colt M4 Carbine (16"), 5.56 NATO, Semi-Auto, SN - | 1.00 | 500.00 | 500.00 | -90.00 | 0.00 |
| 195 | Barrett REC7 DI GEN II (16" Match), 5.56 NATO, Sem | 1.00 | 1,200.00 | 1,200.00 | -216.00 | 0.00 |
| 209 | Windham Weaponry Carbon Fiber SRC (16"), 5.56 NATO | 1.00 | 300.00 | 300.00 | -54.00 | 0.00 |
| 211 | Ruger AR-5.56 (18"), 223 Wylde, Semi-Auto, SN - 85 | 1.00 | 550.00 | 550.00 | -99.00 | 0.00 |
| 213 | Daniel Defense DDM4 V7 Pro (18") - Leupold, 5.56 N | 1.00 | 1,600.00 | 1,600.00 | -288.00 | 0.00 |
| 217 | Ruger AR-5.56 NATO (16"), Semi-Auto, SN - 854-0045 | 1.00 | 350.00 | 350.00 | -63.00 | 0.00 |
| 219 | American Tactical Omni Hybrid  (18.5"), 410 Ga., S | 1.00 | 300.00 | 300.00 | -54.00 | 0.00 |
| 223 | Windham Weaponry Carbon Fiber SRC (16"), 5.56 NATO | 1.00 | 325.00 | 325.00 | -58.50 | 0.00 |
| 225 | Ruger 10/22 With Archangel 556 AR-15 Stock (16"), | 1.00 | 210.00 | 210.00 | -37.80 | 0.00 |



| | | CO #: | 1790 |
|---|---|---|---|
| | | Date: | 2/9/2024 |
| | | Page: | 2 |

| Lot# | Description | Quantity | Unit Price | Ext.Price | Comm/BuyBack | Expenses |
|---|---|---|---|---|---|---|
| 229 | SDS LYNX (20" Threaded), 12 Ga., Semi-Auto, SN - L | 1.00 | 600.00 | 600.00 | -108.00 | 0.00 |
| 231 | Remington 870 Tactical (18" RemChoke), 12 Ga., Pum | 1.00 | 475.00 | 475.00 | -85.50 | 0.00 |
| 233 | New Frontier Armory C-9 (7.5" Threaded), 9mm, Semi | 1.00 | 425.00 | 425.00 | -76.50 | 0.00 |
| 235 | Freedom Ordnance FX-9 - (9") - Leupold Sight, 9mm, | 1.00 | 500.00 | 500.00 | -90.00 | 0.00 |
| 237 | Spike's Tactical ST15 Water Board Instructor (7" S | 1.00 | 475.00 | 475.00 | -85.50 | 0.00 |
| 239 | BCP F15 (8"), 300 Blackout, Semi-Auto Pistol, SN - | 1.00 | 240.00 | 240.00 | -43.20 | 0.00 |
| 241 | Fedarm FP-15 (7"), 7.62x39, Semi-Auto Pistol, SN - | 1.00 | 300.00 | 300.00 | -54.00 | 0.00 |
| 242 | Springfield Armory XD(M) FS (4.5" Match), 9mm, Sem | 1.00 | 400.00 | 400.00 | -72.00 | 0.00 |
| 243 | Masterpiece Arms MPA30DMG (4.5" Threaded), 9mm, Se | 1.00 | 325.00 | 325.00 | -58.50 | 0.00 |
| 244 | Springfield Armory XD-S (3.3?),  9mm, Semi-Auto (W | 1.00 | 425.00 | 425.00 | -76.50 | 0.00 |
| 252 | Springfield Armory 1911-A1 Mil-Spec Stainless (5" | 1.00 | 700.00 | 700.00 | -126.00 | 0.00 |
| 254 | Springfield Armory EMP - Enhanced Micro Pistol (3" | 1.00 | 500.00 | 500.00 | -90.00 | 0.00 |
| 256 | Springfield Armory XD Service Model (4"), 45 ACP, | 1.00 | 230.00 | 230.00 | -41.40 | 0.00 |
| 258 | Springfield Armory XD Service Model (4"), 45 ACP, | 1.00 | 275.00 | 275.00 | -49.50 | 0.00 |
| 262 | Rock Island Armory TCM Rock Target HC (5"), 9mm, S | 1.00 | 350.00 | 350.00 | -63.00 | 0.00 |
| 264 | Browning Buck Mark Micro Target (4"), 22 LR, Semi- | 1.00 | 400.00 | 400.00 | -72.00 | 0.00 |
| 268 | Kimber Micro 9 Stainless (3"), 9mm, Semi-Auto, SN | 1.00 | 425.00 | 425.00 | -76.50 | 0.00 |
| 269 | Ruger "50 Years" Tribute - 10/22 Takedown (18.5" W | 1.00 | 350.00 | 350.00 | -63.00 | 0.00 |
| 270 | Kimber Micro 380 Desert Night (2.75"), 380 ACP, Se | 1.00 | 400.00 | 400.00 | -72.00 | 0.00 |
| 273 | Remington 700 VTR-SS Stainless/FDE (22"), 308 Win. | 1.00 | 1,000.00 | 1,000.00 | -180.00 | 0.00 |



Consignor Settlement

| | CO #: | 1790 |
|---|---|---|
| | Date: | 2/9/2024 |
| | Page: | 3 |

| Lot# | Description | Quantity | Unit Price | Ext.Price | Comm/BuyBack | Expenses |
|---|---|---|---|---|---|---|
| 275 | Savage 93R17 BSEV (21") - Spiral Stainless Laminat | 1.00 | 550.00 | 550.00 | -99.00 | 0.00 |
| 279 | Ruger American Rifle (22"), 308 Win., Bolt-Action, | 1.00 | 400.00 | 400.00 | -72.00 | 0.00 |
| 281 | Ruger American Rifle Compact (18" Threaded), 22 LR | 1.00 | 200.00 | 200.00 | -36.00 | 0.00 |
| 283 | Savage Model 11 Trophy Hunter XP (22"), 6.5 Creedm | 1.00 | 400.00 | 400.00 | -72.00 | 0.00 |
| 286 | Grand Power X-Caliber (5"), 9mm, Semi-Auto (W/ Cas | 1.00 | 450.00 | 450.00 | -81.00 | 0.00 |
| 287 | Thompson Center Compass 5R (22" Threaded), 30-06 S | 1.00 | 450.00 | 450.00 | -81.00 | 0.00 |
| 310 | Tactical Solutions PAC-LITE (5.5" Fluted + Compens | 1.00 | 375.00 | 375.00 | -67.50 | 0.00 |
| 314 | Ruger P90 Special Edition - Grey Anodized & Hogue | 1.00 | 275.00 | 275.00 | -49.50 | 0.00 |
| 316 | Walther PPQ Q5 Match (5"), 9mm, Semi-Auto (W/ Case | 1.00 | 800.00 | 800.00 | -144.00 | 0.00 |
| 318 | Walther PPQ M2 (5"), 9mm, Semi-Auto (W/ Case & Acc | 1.00 | 450.00 | 450.00 | -81.00 | 0.00 |
| 320 | Walther CCP - Concealed Carry Pistol (3.5"), 9mm, | 1.00 | 400.00 | 400.00 | -72.00 | 0.00 |
| 324 | Walther Colt 1911 A1 Rail Gun (5" Threaded), 22 LR | 1.00 | 250.00 | 250.00 | -45.00 | 0.00 |
| 325 | Zastava Arms N-PAP M70 (16"), 7.62x39, Semi-Auto, | 1.00 | 900.00 | 900.00 | -162.00 | 0.00 |
| 328 | Remington RP9 (4.5"), 9mm, Semi-Auto, SN - RP00907 | 1.00 | 250.00 | 250.00 | -45.00 | 0.00 |
| 329 | 1974 Yugo Zastava M59/66A1 PAP (22"), 7.62x39, Sem | 1.00 | 500.00 | 500.00 | -90.00 | 0.00 |
| 333 | Molot Vepr-12 (18"), 12 Ga., Semi-Auto (W/ Drum & | 1.00 | 900.00 | 900.00 | -162.00 | 0.00 |
| 335 | Russian Izhmash Saiga-308-1 (22"), 7.62x51, Semi-A | 1.00 | 750.00 | 750.00 | -135.00 | 0.00 |
| 336 | Smith & Wesson M&P Shield Compact (3 1/8"), 40 S&W | 1.00 | 210.00 | 210.00 | -37.80 | 0.00 |
| 337 | Molot Vepr AK (16"), 7.62x39, Semi-Auto, SN - 17VC | 1.00 | 1,700.00 | 1,700.00 | -306.00 | 0.00 |
| 338 | Smith & Wesson M&P Shield Compact (3 1/8"), 40 S&W | 1.00 | 190.00 | 190.00 | -34.20 | 0.00 |
| 339 | Century Arms M74 Sporter (16"), 5.45x39, Semi-Auto | 1.00 | 800.00 | 800.00 | -144.00 | 0.00 |

Consignor Settlement



WILL SULLIVAN
AUCTION COMPANY

| CO #: | 1790 |
|---|---|
| Date: | 2/9/2024 |
| Page: | 4 |

| Lot# | Description | Quantity | Unit Price | Ext.Price | Comm/BuyBack | Expenses |
|---|---|---|---|---|---|---|
| 340 | Smith & Wesson M&P Shield Compact (3 1/8"), 9mm, S | 1.00 | 250.00 | 250.00 | -45.00 | 0.00 |
| 341 | Romanian Cugir Arms Draco AK Pistol (11.5"), 7.62x | 1.00 | 550.00 | 550.00 | -99.00 | 0.00 |
| 342 | Smith & Wesson M&P Compact (4" Threaded), 22 LR, S | 1.00 | 275.00 | 275.00 | -49.50 | 0.00 |
| 343 | Romanian Cugir Arms Mini Draco AK Pistol (7.5"), 7 | 1.00 | 500.00 | 500.00 | -90.00 | 0.00 |
| 345 | Kel-Tec PLR16 Pistol (9" Threaded), 5.56 NATO, Sem | 1.00 | 500.00 | 500.00 | -90.00 | 0.00 |
| 346 | Smith & Wesson M&P Bodyguard W/ Laser (1.875"), 38 | 1.00 | 400.00 | 400.00 | -72.00 | 0.00 |
| 349 | Kel-Tec SUB2000 "The Fold" Gen3 - Digital Camo (16 | 1.00 | 400.00 | 400.00 | -72.00 | 0.00 |
| 351 | Kel-Tec PLR22 Pistol (10" Threaded), 22 LR, Semi-A | 1.00 | 250.00 | 250.00 | -45.00 | 0.00 |
| 352 | GLOCK 31 Full-Size - Gold (4.5"), 357 SIG, Semi-Au | 1.00 | 375.00 | 375.00 | -67.50 | 0.00 |
| 353 | Kel-Tec CMR30 Carbine (16" Threaded) - TRIJICON AC | 1.00 | 850.00 | 850.00 | -153.00 | 0.00 |
| 354 | GLOCK 21 Full-Size (4.5"), 45 ACP, Semi-Auto (W/ C | 1.00 | 350.00 | 350.00 | -63.00 | 0.00 |
| 355 | Hi-Point 4595TS FGFL LAZ Carbine (17.5"), 45 ACP, | 1.00 | 500.00 | 500.00 | -90.00 | 0.00 |
| 356 | GLOCK 31 Full-Size (4.5"), 357 SIG, Semi-Auto, SN | 1.00 | 300.00 | 300.00 | -54.00 | 0.00 |
| 357 | Hi-Point 995TS Carbine (16.5"), 9mm Luger, Semi-Au | 1.00 | 180.00 | 180.00 | -32.40 | 0.00 |
| 359 | Ruger AR-556 Stripped Lower Receiver (NIB), SN - 8 | 1.00 | 45.00 | 45.00 | -8.10 | 0.00 |
| 361 | Ruger AR-556 Lower Receiver W/ Buffer Tube & Some | 1.00 | 55.00 | 55.00 | -9.90 | 0.00 |
| 362 | GLOCK 19 Compact- Gold (4"), 9mm, Semi-Auto, SN - | 1.00 | 425.00 | 425.00 | -76.50 | 0.00 |
| 366 | GLOCK 22 Full-Size (4.5"), 40 S&W, Semi-Auto, SN - | 1.00 | 325.00 | 325.00 | -58.50 | 0.00 |
| 370 | GLOCK 26 Subcompact (3.43"), 9mm, Semi-Auto, SN - | 1.00 | 350.00 | 350.00 | -63.00 | 0.00 |
| 372 | GLOCK 26 Subcompact (3.43"), 9mm, Semi-Auto, SN - | 1.00 | 350.00 | 350.00 | -63.00 | 0.00 |



| | CO #: | 1790 |
|---|---|---|
| | Date: | 2/9/2024 |
| | Page: | 5 |

| Lot# | Description | Quantity | Unit Price | Ext.Price | Comm/BuyBack | Expenses |
|---|---|---|---|---|---|---|
| 376 | GLOCK 43 Ultra-Compact Pink (3.25"), 9mm, Semi-Au | 1.00 | 325.00 | 325.00 | -58.50 | 0.00 |
| 378 | GLOCK Full Size (4.5") ZEV Custom - Blue/Red, 9mm, | 1.00 | 240.00 | 240.00 | -43.20 | 0.00 |
| 380 | Ruger American Compact Pistol (3.6"), 9mm, Semi-Au | 1.00 | 300.00 | 300.00 | -54.00 | 0.00 |
| 386 | Ruger LC9s (3.12"), 9mm, Semi-Auto (W/ Magazines), | 1.00 | 250.00 | 250.00 | -45.00 | 0.00 |
| 390 | Taurus PT111 Millennium G2 (3.25"), 9mm, Semi-Auto | 1.00 | 210.00 | 210.00 | -37.80 | 0.00 |
| 391 | 1943 Russian Izhevsk Mosin-Nagant M91/30, 7.62x54R | 1.00 | 250.00 | 250.00 | -45.00 | 0.00 |
| 392 | Taurus 709 Slim (3"), 9mm, Semi-Auto, SN - TJT9839 | 1.00 | 150.00 | 150.00 | -27.00 | 0.00 |
| 394 | Taurus 709 Slim (3"), 9mm, Semi-Auto, SN - TJT9933 | 1.00 | 250.00 | 250.00 | -45.00 | 0.00 |
| 396 | Kel-Tec PMR30 (4.4"), 22 Magnum, Semi-Auto, SN - W | 1.00 | 425.00 | 425.00 | -76.50 | 0.00 |
| 398 | Kel-Tec PF9 (3"), 9mm, Semi-Auto, SN - SXY08 | 1.00 | 180.00 | 180.00 | -32.40 | 0.00 |
| 402 | Taurus 605 Stainless (2"), 357 Magnum/ 38 Special, | 1.00 | 300.00 | 300.00 | -54.00 | 0.00 |
| 447 | Hopkins & Allen X.L. Double-Action (6"), 22 Short, | 1.00 | 100.00 | 100.00 | -18.00 | 0.00 |
| 462 | North American Arms Mini-Revolver W/ Holster Grip | 1.00 | 200.00 | 200.00 | -36.00 | 0.00 |
| 466 | Hi-Point Model C9 - Pink Camo (3.5"), 9mm, Semi-Au | 1.00 | 110.00 | 110.00 | -19.80 | 0.00 |
| 476 | Smith & Wesson 686-1 - Stainless, 357 Magnum, Revo | 1.00 | 800.00 | 800.00 | -144.00 | 0.00 |
| 478 | GLOCK 17 Gen4, 9mm, Semi-Auto, SN - TKF883 (NOT IN | 1.00 | 210.00 | 210.00 | -37.80 | 0.00 |
| 480 | Smith & Wesson M&P15 Lower Receiver W/ Buffer Tube | 1.00 | 120.00 | 120.00 | -21.60 | 0.00 |
| 482 | JR Carbine (16"), 9mm, Semi-Auto, SN - JRJA097040 | 1.00 | 140.00 | 140.00 | -25.20 | 0.00 |
| 514 | Barnett Recruit Tactical Crossbow With Premium Red | 1.00 | 70.00 | 70.00 | -12.60 | 0.00 |
| 516 | Carbon Express Piledriver 390 Crossbow With Scope | 1.00 | 180.00 | 180.00 | -32.40 | 0.00 |
| 519 | Athlon Optics 8-34x56 Argos BTR Tactical Rifle Sco | 1.00 | 300.00 | 300.00 | -54.00 | 0.00 |



| CO #: | 1790 |
|---|---|
| Date: | 2/9/2024 |
| Page: | 6 |

| Lot# | Description | Quantity | Unit Price | Ext.Price | Comm/BuyBack | Expenses |
|---|---|---|---|---|---|---|
| 522 | Tactical Plate Carrier Battle Vest With Helmet & ( | 1.00 | 425.00 | 425.00 | -76.50 | 0.00 |
| 524 | Tactical Plate Carrier Battle Vest With (2) VISM T | 1.00 | 180.00 | 180.00 | -32.40 | 0.00 |
| 526 | Tactical Plate Carrier Battle Vest "Security" With | 1.00 | 60.00 | 60.00 | -10.80 | 0.00 |
| 536 | Sig Sauer MCX CO2 .177 Caliber Air Rifle - NO PAP | 1.00 | 75.00 | 75.00 | -13.50 | 0.00 |
| 537 | (25) 5.56x45 NATO Polymer Magazines W/ Caldwell Lo | 1.00 | 170.00 | 170.00 | -30.60 | 0.00 |
| 541 | 100 Round Dual Drum Magazine - 5.56 NATO - For AR- | 1.00 | 100.00 | 100.00 | -18.00 | 0.00 |
| 543 | (2) PMAG D-60 Gen M3 Drum Magazines - 5.56x45 NATO | 1.00 | 180.00 | 180.00 | -32.40 | 0.00 |
| 545 | (10) 7.62x39mm Polymer Magazines | 1.00 | 75.00 | 75.00 | -13.50 | 0.00 |
| 551 | (4) 45 ACP Polymer Stick Magazines | 1.00 | 40.00 | 40.00 | -7.20 | 0.00 |
| 553 | (8) 9mm Luger Polymer Stick Magazines | 1.00 | 45.00 | 45.00 | -8.10 | 0.00 |
| 554 | Wheeler Engineering Ultra Scope Mounting Kit - New | 1.00 | 120.00 | 120.00 | -21.60 | 0.00 |
| 555 | (11) 45 ACP Steel Pistol Magazines | 1.00 | 120.00 | 120.00 | -21.60 | 0.00 |
| 556 | Site-Lite Mag Laser Boresighting System | 1.00 | 80.00 | 80.00 | -14.40 | 0.00 |
| 557 | (21) 9mm Luger Pistol Magazines | 1.00 | 160.00 | 160.00 | -28.80 | 0.00 |
| 559 | (8) Springfield Armory 45 ACP Pistol Magazines | 1.00 | 95.00 | 95.00 | -17.10 | 0.00 |
| 560 | (9) Various 22 LR Pistol Magazines & (4) SIG-SAUER | 1.00 | 35.00 | 35.00 | -6.30 | 0.00 |
| 562 | Mini Crossbow, Survival Knife, Gun Parts, Pouches, | 1.00 | 150.00 | 150.00 | -27.00 | 0.00 |

Total Quantity: 116.00
Total Invoice Sale Price: 45,780.00
Total Commission: ( 8,240.40)
Total Due to Consignor: 37,539.60
Total Payments: 0.00
Balance: $37,539.60

Positive Balance, Monies Owed to Consignor
Inventory Remaining For This Consignment Order

## COMMISSION SETTINGS

Calculate Commission By: Each
Commission Structure Type: Sliding Scale

| | |
|---|---|
| Up to $2,000 | 18% |
| $2,000.01 - $4,000 | 15% |
| $4,000.01 - $10,000 | 12% |
| $10,000.01 - $20,000 | 10% |
| Over $20,000 | 7% |

2089

**WILL SULLIVAN AUCTION**
TRUST ACCOUNT
501 MAIN ST   P.O. BOX 68
CARTHAGE, ILLINOIS 62321


**UNITED COMMUNITY BANK**
*The Leader of Community Banking*
www.UCBbank.com

70-840/711

3/21/2024

PAY TO THE
ORDER OF ___Gwen Thomas___ $ **37,539.60

Thirty-Seven Thousand Five Hundred Thirty-Nine and 60/100******                    DOLLARS

Gwen Thomas
416 N Sylvan St.
Ashland, IL 62612

MEMO                                          *Rebecca Seigfreid*
March 2024                                    AUTHORIZED SIGNATURE


WOUNDED WARRIORS
FAMILY SUPPORT

⑈002089⑈ ⑆071108407⑈ 1735221⑈

| 7 | **Verified Motion for Substitution for Cause** (May 2026 motion filed in state court) |
|---|---|

FILED
5/20/2026 1:59 PM
BRADLEY PARLIER
CLERK OF THE CIRCUIT COURT
CASS COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL

CIRCUIT OF ILLINOIS, CASS COUNTY, ILLINOIS

GWENDOLYN  M. THOMAS,         )
         )
         Petitioner,      )
         )
    vs.         )      No. 2022DC15
         )
LUKE A. THOMAS         )
         )
         Respondent.    )

**RESPONDENT'S MOTION FOR SUBSTITUTION OF JUDGE**
**735 ILCS 5/2-1001(a)(3)**
**(May 2026)**

NOW COMES the Respondent, LUKE A. THOMAS, *pro se*, and pursuant to 735 ILCS 5/2-1001(a)(3), respectfully petitions this Court for a Substitution of Judge for Cause. In support of this Petition, Respondent states as follows:

1. Respondent brings this Motion as authorized by 735 ILCS 5/2-1001(a)(3), which mandates that upon the filing of a petition for substitution of judge for cause, supported by affidavit, the court shall halt proceedings on substantive matters, and the petition shall be heard by a judge other than the judge named in the petition.

2. The presiding judge in this matter, the Honorable Judge Henze, harbors actual prejudice and animosity toward the Respondent. This prejudice is actively manifesting as a calculated, retaliatory deprivation of Respondent's fundamental civil and due process rights, specifically designed to exploit Respondent's documented medical disabilities and force procedural defaults.

3. The Court has demonstrated a fundamental hostility toward Respondent's invocation of the Americans with Disabilities Act. Judge Henze either completely misunderstands a disabled litigant's absolute right to these statutory protections, or she harbors an insurmountable personal bias against Respondent because of his disability or otherwise, deliberately making a fair and impartial proceeding impossible.

- 1 -

4. As specifically detailed in the attached Sworn Affidavit (Exhibit A), incorporated herein by reference, Judge Henze appears to be intentionally weaponizing the Court's docket to: a. Subvert and violate Respondent's formally granted accommodations under the Americans with Disabilities Act (ADA). b. Coerce the legal waiver of pending threshold structural challenges—including a Section 2-1401 Petition and Motions for Disclosure of *Ex Parte* Communications—by forcing a "fluid docket" evidentiary ambush on May 22, 2026. c. Actively retaliate against Respondent for previously questioning the tribunal's integrity in a prior Substitution of Judge proceeding. d. Shield the Petitioner (a Sitting State's Attorney) from federal scrutiny regarding the  clandestine, unauthorized taking and liquidation of a federally regulated FFL inventory and the concealment of proceeds and other property not disclosed to Respondent or this Court; e.  Shield Petitioner from scrutiny for violations of State and federal law previously raised, which remains unadjudicated despite Respondent's pending pleadings/motions.

5. The Court's May 5, 2026, written directive explicitly refusing to adjudicate threshold jurisdictional and structural motions prior to taking evidence on substantive financial matters constitutes an intentional abandonment of judicial duty and a denial of meaningful access to the courts.

6. Because Judge Henze's administrative and *ex parte* conduct forms the factual basis of the pending structural challenges, she cannot act as an impartial trier of fact in these proceedings.

7. This Petition is filed at the earliest practical moment following the Court's retaliatory directive of May 5, 2026, and is brought in good faith, not for the purposes of delay, but to preserve the structural integrity of the proceedings and protect Respondent's constitutional rights.

- 2 -

8. True and correct copies of the correspondence and other communications (email) from/to Judge Henze as referenced herein are attached as Group Exhibit 'B' and by this reference, Respondent incorporates the same as if restating the contents verbatim.

9. Copies of Respondent's ADA accommodations request(s) are attached, together with the Order approving the same for the Court's convenience.

10. The record is replete with examples of Judge Henze admittedly engaging in communications intended to be within the scope of Canon 2, Rule 2.9 of the Illinois Code of Judicial Conduct, yet Judge Henze has evidenced no intention to make the disclosures required by said Rule.

**WHEREFORE**, Respondent, LUKE A. THOMAS, respectfully prays that:

A. The Honorable Judge Henze immediately stay all substantive proceedings in Case No. 2022-DC-15, including the evidentiary hearing currently scheduled for May 22, 2026;

B. This Motion be transferred and reassigned to a different judge pursuant to 735 ILCS 5/2-1001(a)(3); and/or

C. Upon hearing, this Petition be granted and a new judge be permanently assigned to this matter; and/or

D. This Court stay all substantive proceedings until such time a supervisory order is sought from the Illinois Supreme Court pursuant to Rule 383 and rendered accordingly; and

D. For such other and further relief as justice and equity require.

Respectfully submitted,

By:    LUKE A. THOMAS, Respondent

/s/ Luke A. Thomas
Luke A. Thomas, Respondent
ARDC No:6278591

LUKE A. THOMAS, Respondent
Thomaslitigation2022@gmail.com

- 3 -

**VERIFICATION**

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of

Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true

and correct, except as to matters therein stated to be on information and belief and as to such

matters the undersigned certifies as aforesaid that he verily believes the same to be true.

BY: /s/ Luke A. Thomas

Luke A. Thomas, Respondent

CERTIFICATE OF SERVICE

I, Luke A. Thomas, pro se Respondent in the above captioned cause, do hereby certify that I

served a copy of the foregoing Motion for Substitution of Judge Pursuant to 735 ILCS 5/2-

1001(a)(3) upon Petitioner via the Court's electronic filing system to the electronic mailing

address disclosed on the record and electronic mailing address of Petitioner's last-known

address, addressed as follows on the date and time this Motion was submitted for filing with the

Clerk of this Court on this 20th day of May, 2026

Electronic Mail: gwenthomaslaw@gmail.com

By:    /s/Luke A. Thomas

Luke A. Thomas, Respondent

# EXHIBIT 'A'

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL

CIRCUIT OF ILLINOIS, CASS COUNTY, ILLINOIS

| | | |
|---|---|---|
| GWENDOLYN M. THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 2022DC15 |
| | ) | |
| LUKE A. THOMAS | ) | |
| | ) | |
| Respondent. | ) | |

**AFFIDAVIT OF LUKE A. THOMAS IN SUPPORT OF MOTION FOR SUBSTITUTION OF JUDGE FOR CAUSE AND PRESERVATION OF THE RECORD**

I, LUKE A. THOMAS, under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, state that the following statements are true to the best of my knowledge and belief:

**I. MEDICAL HISTORY, DIAGNOSIS, AND BASELINE OF DISABILITY**

1.  I am the Respondent in this matter. I am an attorney licensed to practice in the State of Illinois, United States District Court (Central Illinois Div.), United States Bankruptcy Court and United States Supreme Court.

2.  In 2019, at the age of 43 and as the father of four young children, I was diagnosed with Stage IIIb Rectal Cancer. Prior to this diagnosis, I maintained a highly active legal practice and operated as a Federal Firearms Licensee (FFL) (2016-2019), wherein I was in the build-out phase of launching a federally regulated online tactical retail business, *Threegunstore.com*.

3.  My medical treatment required aggressive surgical intervention, radiation and chemotherapy, together with subsequent follow-up surgeries and diagnostic testing as part of a five-year cancer care plan. The severity of the disease and the resulting treatments inflicted a profound, lasting physical and cognitive toll, forcing me to ethically

step away from my legal practice and suspend my business operations during my recovery.

4. The trial court has possessed actual, documented knowledge of my medical condition, diagnosis, and the resulting physical and cognitive limitations from the inception of these proceedings. I formally notified the court, including Judge Hooker, of my diagnosis and my need to step away from active practice via written correspondence to the judges of the Eighth Circuit following my 2019 diagnosis.

## II. STRICT ETHICAL COMPLIANCE, EXPLOITATION, AND WITNESS TAMPERING

5. Recognizing that the physical and cognitive toll of my disease and treatments would prevent me from providing competent representation, I strictly adhered to the Illinois Rules of Professional Conduct—specifically Rule 1.1 (Competence) and Rule 1.16(a)(2) (Mandatory Withdrawal). I made the ethical decision to close my practice and secure my regulated FFL inventory so my clients and the public would not be prejudiced by my medical crisis.

6. From the inception of this case, I have openly disclosed my deeply private health information to the Court to secure equitable relief. Rather than ensuring a level playing field, the Petitioner—a sitting State's Attorney—has weaponized my ethical disclosures. She has subjected me to relentless stonewalling, demeaning name-calling, and a coordinated campaign of false and defamatory statements to my family.

7. Most disturbingly, the Petitioner has engaged in a predatory effort to alienate my family support system in the event my medical condition worsens. Despite having only met my paternal uncle, Gerald, on two brief occasions, the Petitioner has repeatedly contacted him to provide false or misleading information. This is a calculated witness-tampering tactic designed to ensure that my family will not ask questions or assist me should my

health render me unable to testify to the Court regarding the unauthorized liquidation of my assets, exploitation during recovery, and acts of criminality committed against me and my children.

**III. CREATION OF THE HIGH-VALUE PORTFOLIO AND SUBSEQUENT SEIZURE**

8.  Following the passing of my father in 2016, I transitioned my investment strategy to tangible assets as an inflation hedge. This portfolio included precious metals, FFL business inventory (approximately 60% of the total firearms), personal firearms (40%), and specifically curated Russian weaponry anticipated to become scarce due to import bans.

9.  Following the closure of my Beardstown office in November 2021 due to my ongoing medical crisis, I secured this entire portfolio, along with an estimated 25,000 to 30,000 rounds of ammunition (including armor-piercing calibers and high-capacity magazines), inside a dedicated, biometric safe room at my residence to ensure compliance with the Federal Gun Control Act.

10. In 2022, utilizing an *Ex Parte* Emergency Order of Protection to bar me from my own residence under false pretenses, the Petitioner and her family, including her father, the former Cass County Sheriff, without my knowledge or consent, and all believed to be non-FFL licensees, unilaterally seized the entirety of my business inventory, my personal portfolio, and the 30,000 rounds of ammunition, together with high-end optics, armor, hunting gear, tools, WWII memorabilia, and related items.. During this same time, Petitioner and her family also unilaterally removed and concealed all of my important papers, including my tax records, FFL logs, receipts, video security footage and drives, business and client records, together with other original legal documents in hopes of making it difficult or impossible to hold them accountable for their unlawful behavior or to account for the property removed.

## IV. PRE-ACCOMMODATION ATTRITION AND RECORD SPOLIATION

11. Recognizing my severe medical and cognitive disadvantages at the time against an actively practicing attorney, sitting prosecutor, and former family law practitioner,  I repeatedly petitioned the trial court for an equitable allocation of marital funds to secure legal representation.

12. Despite its actual knowledge of my Stage IIIb Cancer diagnosis, the court deliberately and repeatedly denied these requests for financial relief. This engineered a calculated financial stranglehold, intentionally forcing a medically compromised litigant to proceed *pro se* in highly complex litigation.

13. The tangible, prejudicial result of this judicially engineered cognitive overload was my inability to independently verify or secure court reporters for every proceeding, though the same should have been unnecessary, as I was regularly told that and and all matters, regardless of significance, were being recorded and/or transcribed.  Both Judge Hooker and Judge Henze were specifically asked and confirmed the accuracy of the foregoing more than once throughout the pendency of the matter.  Yet, numerous critical hearings proceeded without a preserved recording or transcript. The trial court's refusal to provide equitable relief effectively resulted in the spoliation of the appellate record, shielding its own procedural abuses from review.

## V. JUDICIAL ENABLING OF PERJURY AND PARENTAL ALIENATION

14. Judge Henze's overt bias against me has created an environment where the Petitioner operates with total impunity, openly violating the Rules of Professional Conduct without fear of sanction or mandatory ARDC reporting by the Court.

15. This complicity was starkly demonstrated regarding our son nearly three years ago to-date The Petitioner maliciously lied to the Court, falsely claiming she had not given me

permission to take Gr███ on a camping trip, utilizing this fabricated emergency to secure a wrongful, punitive order banning contact between me and my children.

16. Judge Henze explicitly acknowledged on the record that the Petitioner had lied about this permission. However, despite catching an officer of the court committing perjury to sever a father's access to his son, Judge Henze took no corrective or disciplinary action. The Court's refusal to enforce ethical mandates emboldened the Petitioner to escalate her extrajudicial misconduct.

## VI. FEDERAL MAIL INTERCEPTION AND FINANCIAL STRANGULATION

17. Emboldened by the Court's refusal to hold her accountable, the Petitioner has engaged in the ongoing, unlawful interception of my personal and business mail.

18. I formally filed a Motion complaining of this conduct. In response, the Petitioner brazenly taunted me, stating, *"What are you going to do, call the cops?"* Since filing that Motion, the interception has escalated into a total embargo. I have received absolutely none of my mail, including critical tax documents (1099s, W-2s), refund checks, legal notices, and other essential paperwork.

19. This interception includes corporate business mail directed to me and to the former law firm of McClure, Thomas & Thomas. By ignoring my motions regarding this federal offense, the Court is actively facilitating the Petitioner's strategy of financial and procedural strangulation.

20. Petitioner's conduct continued post-judgment.  Petitioner has since received, intercepted, retained or disposed of important tax and legal notices, together with refund checks made payable to me.

## VII. ESTABLISHMENT AND SUBVERSION OF ADA ACCOMMODATIONS

20. Due to the ongoing discrimination, I was forced to formally seek accommodations under the Americans with Disabilities Act (ADA) in July 2025, which were subsequently

granted. These accommodations mandate the statutory time required to adequately prepare my cognitive resources, subpoena witnesses, and formulate defenses for specifically identified proceedings.

21. Judge Henze has actual knowledge of these granted ADA accommodations but has engaged in an intentional campaign to subvert them. While strictly enforcing fluid dockets against me, Judge Henze routinely accommodates the Petitioner, granting her instant, unnotified *ex parte* emergency hearings. This disparate treatment demonstrates actual bias and a deliberate effort to exploit my documented disabilities.

22. Petitioner, emboldened by  Judge Henze's bias towards me, unilaterally suspended any visitation between me and my daughters for over three months commencing in August 2025 following my request for ADA accommodations, indicating I must be too disabled to safely have visits with my daughters.  This weaponization of visitiation is continually used by the Petitioner and is implicitly if not explicitly condoned by Judge Henze to punish me and/or discourage me for seeking legal relief.  This disgusting, unethical conduct brings disrepute upon this Court, our profession,  and continues to cause anxiety and emotional harm to my children.

## VIII. FEIGNED IGNORANCE, PRETEXTUAL SCHEDULING, AND THE WAIVER TRAP

22. On May 5, 2026, Judge Henze transmitted written correspondence declaring her intent to force a hearing on May 22, 2026. She explicitly stated she would hear *"as many pending motions/petitions as time will allow."* Imposing a "fluid docket" on a litigant with granted cognitive ADA accommodations is a deliberate, prejudicial ambush.

23. In that same May 5 directive, Judge Henze questioned whether there were any other pending matters. This feigned ignorance is demonstrably pretextual. The Court possesses intimate knowledge of the docket, having previously authored correspondence explicitly

listing these exact pending motions when threatening to dismiss them for Want of Prosecution (WOP).

24. This pattern of procedural coercion was evident in when Judge Henze threatened WOP dismissals and unilaterally cherry-picked substantive motions for hearing without notice that would require me to abandon seeking disclosure of serious, substantive ex-parte communications. Proceeding as ordered would have legally forced me to waive pending structural motions. This conduct could reasonably be viewed as gaslighting a disabled litigant about the existence of their own file-stamped motions to justify a "fluid docket", which constitutes a a severe deprivation of due process.

The following excerpts have been taken from the attached, Group Exhibit 'B':

**December 1, 2025-Email from Judge Henze**

"Based on my review of the filings, the following pleadings remain to be heard:
07/18/25 Petition for Indirect Civil Contempt
10/03/25 Motion to Stay Proceedings
10/06/25 Motion for Disclosure of Ex Parte Communications
10/14/25 Petition for Relief from Judgment
11/03/25 Emergency Motion for Temporary Custody Motion to Modify 11/14/25 Motion to Disclose Ex Parte Communications"

*In addition to the foregoing, as of 12/1/2026, the docket/record in this cause also reflects the following remained unaddressed:

11/14/2025:  Motion to Compel Disclosure of Ex-Parte Communications, together with a Memorandum of Law in Support of Motion to Compel Disclosure

**February 17, 2026 Email from Judge Henze**

"If either of you intend on proceeding to hearing on your respective petitions and motions, please advise at your earliest convenience. I will send out additional dates for scheduling purposes.  If I do not hear from you by close of business on Friday, February 20, I will enter an order which dismisses all pending petitions and motions for want of prosecution.

HJH"

**March 9, 2026 Email from Judge Henze**

"I apologize for the delay in getting back with you for alternative dates to schedule a hearing on all pending motions…… Friday , May 22, 2026 beginning at 9:00 a.m….. I would remind you that our email correspondence address scheduling matters only. All other issues should be brought by motion. HJH"

**May 5, 2026 Email from Judge Henze**

"The intent of my scheduling Order was that the parties agreed on a date and time for the next hearing. I selected the motions/petitions to be heard on that date based on my review of the file and the motions/petitions that were the most urgent. Any motion/petition requesting a modification of parental responsibility takes priority.

Please advise of any other motions/petitions that have not previously been resolved either by me, Judge McCartney or the Appellate Court.

Finally, I have no time in my schedule to travel to Cass County for a hearing on any pretrial motion(s) prior to May 22. If a global agreement cannot be reached, I would intend to proceed to hearing on as many pending motions/petitions as time will allow on May 22,    beginning with the request to modify parental responsibilities.

HJH"

## IX. ESCALATING RETALIATION FOLLOWING PRIOR SOJ

25. In the fall of 2025, I filed a Petition for Substitution of Judge for Cause, raising grave concerns regarding undisclosed *ex parte* communications and the fact that Judge Henze's conduct makes her a material witness to the procedural deprivations in this case. While denied by Judge McCartney, the threshold Motions for Disclosure of *Ex Parte* Communications remain pending.

26. Since that filing, the Court's May 5, 2026 directive refusing to honor my ADA accommodations and attempting to force an evidentiary hearing before ruling on my pending Section 2-1401 Petition and *ex parte* motions is a direct, retaliatory effort to punish me for questioning the tribunal's integrity, ensuring those challenges are permanently buried under a forced waiver.

## X. FRAUDULENT TIMING AND CONCEALMENT OF THE AUCTION

27. From the inception of this matter, I repeatedly lodged formal objections to the sale of my property and continuously demanded access to, and the return of, my portfolio. These demands were systematically ignored by Petitioner, those acting at her direction or on her behalf and, regretfully, the judges assigned to hear this case.

28. Immediately following the entry of the Judgment of Dissolution, the Petitioner aggressively insisted I execute a deed transferring my interest in the marital home. I complied. Unbeknownst to me, at the exact time she was demanding my compliance on the real estate transfer, she was secretly orchestrating the unadvertised liquidation of my firearms and property.

29. The Petitioner went to extraordinary lengths to conceal this sale, keeping it hidden from my daughters and me. I had absolutely no knowledge that any part of my property had been liquidated until I was served with the Petitioner's subsequent pleadings. Even then, my repeated requests for an accounting were completely ignored until the Petitioner recently produced a partial PDF ledger from Sullivan Auctioneers on **May 4, 2026.**

## XI. FRAUDULENT AFFIDAVITS, THE $9,000 DISCREPANCY, AND MISSING FEDERAL LOGS

30. The production of the Sullivan Auctioneers ledger exposed a glaring, documented financial fraud. On or about April 6, 2026, the Petitioner signed and filed a sworn Post-Judgment Financial Affidavit. In Section 11(c), the Petitioner wrote "Guns sold at auction" but intentionally left the actual dollar amount blank.

31. Instead of a proper accounting, the Petitioner attached a Beardstown Savings account statement, simply handwriting the words "gun money" next to two account balances. The total amount identified by the Petitioner as "gun money" equals $28,447.32.

32. However, the ledger provided directly from Sullivan Auctioneers unequivocally shows a net total payout of $37,539.60.

33. By signing and filing this affidavit, the Petitioner swore under oath to a financial accounting that intentionally conceals a discrepancy of $9,092.28 from the sale of my property. Concurrently, public Judici records indicate that a collection lawsuit against the Petitioner regarding a Carnival Mastercard was recently settled and dismissed with prejudice during this exact timeframe.

34. Furthermore, this $37,539.60 ledger accounts only for the firearms. The Petitioner has completely failed to account for the estimated 25,000 to 30,000 rounds of ammunition, high-capacity magazines, and other premium assets seized from the safe room, and continues her refusal to produce the federally mandated ATF-4473 transfer forms or Illinois State Police portal logs.

## XII. SYSTEMIC ASSET STRIPPING AND PERJURIOUS OMISSIONS IN SWORN AFFIDAVITS

35. In May 2024, my son GAT and I traveled from Minnesota to Ashland, Illinois, for my daughter VMT's 8th-grade graduation. I made a good-faith effort to retrieve my personal property, but the Petitioner outright refused to allow me access to the property.

36. Since that denial of access, the Petitioner has systematically disposed of tens of thousands of dollars in assets, none of which are disclosed on her sworn April 6, 2026, Financial Affidavit.

37. The Petitioner's sworn affidavit intentionally omits the possession, transfer, or liquidation proceeds of the following high-value assets: a John Deere Snow Blower (purchased new for $2,000); a Massimo Mini-bike and Go-kart; a lithium-battery Golf Cart (which she explicitly refused to sell for $2,000 at the case's inception); a boat; a standing tool box loaded with premium Craftsman and Snap-on tools; the transfer of an SUV with an estimated FMV in excess of $20,000; and the remaining physical assets of the former law firm.

38. Beyond the physical property, her affidavits conceal major financial transfers and obligations, making any attempt at truly resolving the financial issues with Petitioner pointless

39. By forcing an unaccommodated evidentiary hearing, Judge Henze is deliberately precluding my ability to conduct the discovery necessary to trace these missing assets, weaponizing my disability to railroad a judgment based on a facially fraudulent Post-Judgment Financial Affidavit.

40. Though Petitioner was required to prepare and provide an accounting of the "gun collection" and accounting of the proceeds of any sale within thirty (30) days, Petitioner hid the sale and failed to provide any accounting whatsoever for a period of more than two years; Despite this, Judge Henze, without due notice and without receiving any accounting, permitted Petitioner to use the sale proceeds to satisfy a personal credit card debt—such conduct constitutes  impermissible bias.

**XIII.  FAILURE TO CORRECT RECORD:**  The severe prejudice of Judge Henze's May 5th directive is compounded by the Court's tolerance of prosecutorial misconduct. Specifically, the Petitioner filed a petition in July 2025 alleging that I willfully failed to carry insurance on our daughter, L.L.T..

41. Both the Court and the Petitioner have since been provided with irrefutable evidence that this allegation was entirely false. As a licensed Illinois Attorney and State's Attorney, the Petitioner has a strict ethical mandate under Rule 3.3 and Rule 3.1 to amend or withdraw pleadings once she has actual knowledge that the material allegations are false.

42. In brazen defiance of these obligations, the Petitioner refuses to withdraw the false July 2025 petition. By failing to compel the withdrawal of this demonstrably false pleading, and by simultaneously issuing a directive that she will hear "as many pending motions/petitions as time will allow" on May 22, Judge Henze is intentionally forcing a

disabled litigant to expend finite, accommodated cognitive resources preparing to defend

against a known, fraudulent claim. This is a coordinated strategy of cognitive and

financial attrition.


**FURTHER AFFIANT SAYETH NAUGHT**

Signed this 19th day of May, 2026.

/s/<u>Luke A. Thomas</u>

BY:

Luke A. Thomas, Respondent

Thomaslitigation2022@gmail.com
ARDC No; 6278591

# GROUP EXHIBIT 'B'

Electronic Mail to/from

Hon. Holly Henze

December 1, 2025-May 5, 2026

 Gmail

Luke Thomas <thomaslitigation2022@gmail.com>

## IRMO Thomas Cass No 22 DC 15

1 message

**Holly Henze** <hhenze@adamscountyil.gov>                    Mon, Dec 1, 2025 at 12:00 PM
To: "THOMAS, LUKE" <thomaslitigation2022@gmail.com>, "THOMAS, GWENDOLYN M" <gwenthomaslaw@gmail.com>
Cc: Nicole Kopec-gmail <nkopec03@gmail.com>

Based on my review of the filings, the following pleadings remain to be heard:

| | |
|---|---|
| 07/18/25 | Petition for Indirect Civil Contempt |
| 10/03/25 | Motion to Stay Proceedings |
| 10/06/25 | Motion for Disclosure of Ex Parte Communications |
| 10/14/25 | Petition for Relief from Judgment |
| 11/03/25 | Emergency Motion for Temporary Custody |
| | Motion to Modify |
| 11/14/25 | Motion to Disclose Ex Parte Communications |

If I have missed anything, please let me know.

I would suggest we select a date and get through as many of these Motions/Petitions as we can.  In the alternative, we can schedule the Emergency Motion for Temporary Custody for hearing and schedule the remaining Motions/Petitions for another day.

I have the following dates/times available to travel to Cass County for hearing:

Tuesday, January 6, either morning or afternoon

Friday, January 9, morning

Friday, January 16, morning

Tuesday, January 20, morning

Friday, January 23, morning

Tuesday, January 27, morning

Thursday, January 29, afternoon

February dates are almost non-existent, as I have two weeks blocked off for Adams County jury trials and another week blocked off for Ed Con.

Please let me hear back from you as to logistically how you want to proceed and what dates are mutually agreeable.

### Hon. Holly J. Henze

521 Vermont Street

Quincy, IL 62301

217-277-2032

hhenze@adamscountyil.gov

 **Gmail**

## IRMO Thomas
1 message

**Holly Henze** <hhenze@adamscountyil.gov>                                    Tue, Feb 17, 2026 at 10:53 AM
To: "THOMAS, LUKE" <thomaslitigation2022@gmail.com>, "THOMAS, GWENDOLYN M" <gwenthomaslaw@gmail.com>

I have not heard back from either of you regarding the proposed hearing dates provided in my email of December 1, and I note that the most recent Appeal was dismissed on January 16.


If either of you intend on proceeding to hearing on your respective petitions and motions, please advise at your earliest convenience. I will send out additional dates for scheduling purposes.


If I do not hear from you by close of business on Friday, February 20, I will enter an order which dismisses all pending petitions and motions for want of prosecution.


HJH


### *Hon. Holly J. Henze*

521 Vermont Street

Quincy, IL 62301

217-277-2032

hhenze@adamscountyil.gov

 **Gmail**                                              **Luke Thomas <thomaslitigation2022@gmail.com>**

## RE: IRMO Thomas
1 message

**Holly Henze** <hhenze@adamscountyil.gov>                    Mon, Mar 9, 2026 at 3:43 PM
To: Luke Thomas <thomaslitigation2022@gmail.com>
Cc: Gwendolyn Thomas <gwenthomaslaw@gmail.com>

I apologize for the delay in getting back with you for alternative dates to schedule a hearing on all pending motions.  I spent a week at Ed Con and then spent last week playing catch up.

I have the following dates to offer for scheduling, and I will set aside all day so all motions and petitions can be heard and disposed of.

Tuesday, March 24, 2026 beginning at 9:00 a.m.

Tuesday, March 31, 2026 beginning at 9:00 a.m.

Tuesday, May 5, 2026 beginning at 9:00 a.m.

Friday, May 8, 2026 beginning at 9:00 a.m.

Monday, May 11, 2026 beginning at 9:00 a.m.

Tuesday, May 12, 2026 beginning at 9:00 a.m.

Friday, May 15, 2026 beginning at 9:00 a.m.

Tuesday, May 19, 2026 beginning at 9:00 a.m.

Friday, May 22, 2026 beginning at 9:00 a.m.

I will look forward to hearing from you with regard to scheduling.  I would remind you that our email correspondence address scheduling matters only.  All other issues should be brought by motion.

HJH

### *Hon. Holly J. Henze*

521 Vermont Street

Quincy, IL 62301

217-277-2032

hhenze@adamscountyil.gov

**From:** Luke Thomas < thomaslitigation2022@gmail.com >
**Sent:** Friday, February 20, 2026 2:59 PM
**To:** Holly Henze < hhenze@adamscountyil.gov >
**Cc:** Gwendolyn Thomas < gwenthomaslaw@gmail.com >
**Subject:** Re: IRMO Thomas

Judge,

In light of Gwen's indication that she wishes to proceed to hearing, I am writing to request my pending pleadings not be dismissed for want of prosecution.

I will attempt to narrow the issues raised by my pending pleadings, as some may be moot due to the passage of time.

Thank you.

Luke Thomas

6278591

On Tue, Feb 17, 2026, 4:12 PM Gwendolyn Thomas <gwenthomaslaw@gmail.com> wrote:

> Judge Henze,
>
> I went back through my emails to locate the one you sent on December 1st, as I apparently overlooked it.  Please accept my apology.  I actually thought we were just waiting on the appeal.  I have not yet received notice from the appellate court that the case was dismissed.  Thank you for reaching out and advising that it was dismissed.
>
> Now that the case is able to move forward, I would like to proceed.  I do not want my pleadings dismissed for want of prosecution.  My suggestion is that we set the case for a Zoom status to re-set discovery deadlines.  I tendered discovery quite some time ago, but have received no response.  Additionally, I have not received a Financial Affidavit from Luke which I believe was ordered.
>
> Sincerely,
>
> Gwen Thomas
>
> On Tue, Feb 17, 2026 at 10:53 AM Holly Henze <hhenze@adamscountyil.gov> wrote:
>
>> I have not heard back from either of you regarding the proposed hearing dates provided in my email of December 1, and I note that the most recent Appeal was dismissed on January 16.

If either of you intend on proceeding to hearing on your respective petitions and motions, please advise at your earliest convenience. I will send out additional dates for scheduling purposes.

If I do not hear from you by close of business on Friday, February 20, I will enter an order which dismisses all pending petitions and motions for want of prosecution.

HJH

### Hon. Holly J. Henze

521 Vermont Street

Quincy, IL 62301

217-277-2032

hhenze@adamscountyil.gov

--

Gwendolyn M. Thomas, Attorney
416 N. Sylvan Street
Ashland, IL 62612
(217) 291-3892

The information contained in this message is privileged and confidential information, intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby on notice that you are in possession of confidential information.  Please immediately notify the sender of your inadvertent receipt and do not disseminate the contents of this message.  The attorney/client privilege is claimed.

 Gmail

**Luke Thomas <thomaslitigation2022@gmail.com>**

## RE: IRMO Thomas
1 message

**Holly Henze** <hhenze@adamscountyil.gov>                    Fri, Mar 20, 2026 at 8:29 AM
To: Gwendolyn Thomas <gwenthomaslaw@gmail.com>
Cc: Luke Thomas <thomaslitigation2022@gmail.com>

Mr. Thomas, please let us hear back from you with regard to your availability.  If I have not heard back from you by noon on Monday, March 23, 2026, I will select a date and enter a scheduling order.


HJH


### *Hon. Holly J. Henze*

521 Vermont Street

Quincy, IL 62301

217-277-2032

hhenze@adamscountyil.gov


**From:** Gwendolyn Thomas <  gwenthomaslaw@gmail.com  >
**Sent:** Thursday, March 19, 2026 5:06 PM
**To:** Holly Henze <  hhenze@adamscountyil.gov  >
**Cc:** Luke Thomas <  thomaslitigation2022@gmail.com  >
**Subject:** Re: IRMO Thomas


Judge Henze,


Please see my response in red on your email with regard to the various proposed dates.


Sincerely,


Gwen Thomas


On Mon, Mar 9, 2026 at 3:43 PM Holly Henze <hhenze@adamscountyil.gov> wrote:

> I apologize for the delay in getting back with you for alternative dates to schedule a hearing on all pending motions.  I spent a week at Ed Con and then spent last week playing catch up.

I have the following dates to offer for scheduling, and I will set aside all day so all motions and petitions can be heard and disposed of.


Tuesday, March 24, 2026 beginning at 9:00 a.m.  AVAILABLE

Tuesday, March 31, 2026 beginning at 9:00 a.m.  AVAILABLE

Tuesday, May 5, 2026 beginning at 9:00 a.m.  Criminal/juvenile day -- not available

Friday, May 8, 2026 beginning at 9:00 a.m.  AVAILABLE

Monday, May 11, 2026 beginning at 9:00 a.m.  Jury docket -- not available

Tuesday, May 12, 2026 beginning at 9:00 a.m.  Jury docket -- not available

Friday, May 15, 2026 beginning at 9:00 a.m.  Jury docket -- not available

Tuesday, May 19, 2026 beginning at 9:00 a.m.  Jury docket -- not available

Friday, May 22, 2026 beginning at 9:00 a.m.  Available (even if I have juries, I don't think any would go until this date.  if they did, I would need to continue our case)


I will look forward to hearing from you with regard to scheduling.  I would remind you that our email correspondence address scheduling matters only.  All other issues should be brought by motion.


HJH


## Hon. Holly J. Henze

521 Vermont Street

Quincy, IL 62301

217-277-2032

hhenze@adamscountyil.gov

---

**From:** Luke Thomas <  thomaslitigation2022@gmail.com  >
**Sent:** Friday, February 20, 2026 2:59 PM
**To:** Holly Henze <  hhenze@adamscountyil.gov  >
**Cc:** Gwendolyn Thomas <  gwenthomaslaw@gmail.com  >
**Subject:** Re: IRMO Thomas


Judge,


In light of Gwen's indication that she wishes to proceed to hearing, I am writing to request my pending pleadings not be dismissed for want of prosecution.

I will attempt to narrow the issues raised by my pending pleadings, as some may be moot due to the passage of time.

Thank you.

Luke Thomas

6278591

On Tue, Feb 17, 2026, 4:12 PM Gwendolyn Thomas <gwenthomaslaw@gmail.com> wrote:

> Judge Henze,
>
> I went back through my emails to locate the one you sent on December 1st, as I apparently overlooked it.  Please accept my apology.  I actually thought we were just waiting on the appeal.  I have not yet received notice from the appellate court that the case was dismissed.  Thank you for reaching out and advising that it was dismissed.
>
> Now that the case is able to move forward, I would like to proceed.  I do not want my pleadings dismissed for want of prosecution.  My suggestion is that we set the case for a Zoom status to re-set discovery deadlines.  I tendered discovery quite some time ago, but have received no response.  Additionally, I have not received a Financial Affidavit from Luke which I believe was ordered.
>
> Sincerely,
>
> Gwen Thomas
>
> On Tue, Feb 17, 2026 at 10:53 AM Holly Henze <hhenze@adamscountyil.gov> wrote:
>
>> I have not heard back from either of you regarding the proposed hearing dates provided in my email of December 1, and I note that the most recent Appeal was dismissed on January 16.
>>
>> If either of you intend on proceeding to hearing on your respective petitions and motions, please advise at your earliest convenience. I will send out additional dates for scheduling purposes.
>>
>> If I do not hear from you by close of business on Friday, February 20, I will enter an order which dismisses all pending petitions and motions for want of prosecution.
>>
>> HJH
>>
>> *Hon. Holly J. Henze*
>> 521 Vermont Street

Quincy, IL 62301

217-277-2032

hhenze@adamscountyil.gov

--

Gwendolyn M. Thomas, Attorney
416 N. Sylvan Street
Ashland, IL 62612
(217) 291-3892

The information contained in this message is privileged and confidential information, intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby on notice that you are in possession of confidential information.  Please immediately notify the sender of your inadvertent receipt and do not disseminate the contents of this message.  The attorney/client privilege is claimed.

--

Gwendolyn M. Thomas, Attorney
416 N. Sylvan Street
Ashland, IL 62612
(217) 291-3892

The information contained in this message is privileged and confidential information, intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby on notice that you are in possession of confidential information.  Please immediately notify the sender of your inadvertent receipt and do not disseminate the contents of this message.  The attorney/client privilege is claimed.

 Gmail

## IRMO Thomas 2022DC15 re May 22nd Hearing

1 message

**Luke Thomas** <thomaslitigation2022@gmail.com>                    Tue, May 5, 2026 at 10:59 AM
To: Holly Henze <hhenze@adamscountyil.gov>
Cc: Gwendolyn Thomas <gwenthomaslaw@gmail.com>

Judge Henze,

Good morning.  I have attached a courtesy copy of a Motion filed with and accepted by the Circuit Clerk.  In a nutshell, the motion is akin to a motion to continue, while also keeping the record clear. Regretfully, attempts at global settlement have not been fruitful.

I provided a copy of the Motion last night to Gwen in hopes of also presenting a proposed, agreed order to you, but I have not heard back.  I've copied her on this email as well.

If Gwen is agreeable, I ask that she inform us jointly by 1:00 p.m. today.  I should then be able to prepare and present a proposed order to you via email today. If Gwen disagrees or does not respond, please provide me with a hearing date/time for early next week.  If you are able to provide the hearing date/time this afternoon, I will attempt to send out notice today as well.

Thank you.

Respectfully,

Luke Thomas
6278591

**Respondent's Motion re May 22 Hearing.pdf**
330K

 Gmail

Luke Thomas <thomaslitigation2022@gmail.com>

## RE: IRMO Thomas 2022DC15 re May 22nd Hearing

1 message

**Holly Henze** <hhenze@adamscountyil.gov>                                    Tue, May 5, 2026 at 5:52 PM
To: Luke Thomas <thomaslitigation2022@gmail.com>
Cc: Gwendolyn Thomas <gwenthomaslaw@gmail.com>

The intent of my scheduling Order was that the parties agreed on a date and time for the next hearing. I selected the motions/petitions to be heard on that date based on my review of the file and the motions/petitions that were the most urgent.  Any motion/petition requesting a modification of parental responsibility takes priority.  Please advise of any other motions/petitions that have not previously been resolved either by me, Judge McCartney or the Appellate Court.

Finally, I have no time in my schedule to travel to Cass County for a hearing on any pretrial motion(s) prior to May 22. If a global agreement cannot be reached, I would intend to proceed to hearing on as many pending motions/petitions as time will allow on May 22, beginning with the request to modify parental responsibilities.

HJH

### *Hon. Holly J. Henze*

521 Vermont Street

Quincy, IL 62301

217-277-2032

hhenze@adamscountyil.gov

**From:** Luke Thomas <thomaslitigation2022@gmail.com>

**Sent:** Tuesday, May 5, 2026 10:59 AM

**To:** Holly Henze <hhenze@adamscountyil.gov>

I provided a copy of the Motion last night to Gwen in hopes of also presenting a proposed, agreed order to you, but I have not heard back.  I've copied her on this email as well.

If Gwen is agreeable, I ask that she inform us jointly by 1:00 p.m. today.  I should then be able to prepare and present a proposed order to you via email today. If Gwen disagrees or does not respond, please provide me with a hearing date/time for early next week.  If you are able to provide the hearing date/time this afternoon, I will attempt to send out notice today as well.

Thank you.

Respectfully,

Luke Thomas

6278591

| 8 | **June 23, 2026 Order** (Order denying substitution and imposing Rule 137 sanctions) |

**IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT**
**CASS COUNTY, ILLINOIS**

GWENDOLYN M. THOMAS
                    Petitioner

    VS

                        Case No.  22-DC-15

LUKE A. THOMAS

              Respondent

**FILED**

JUN 2 3 2026

Circuit Clerk, Cass County, IL

**ORDER**

    This cause coming before the Court on Respondent's Motion for Substitution of Judge for Cause as to Judge Henze, brought pursuant to 735 ILCS 5/2-1001(a)(3), due notice having been provided, the parties having had the opportunity to be heard, and the Court being fully advised in the premises, the Court finds and orders as follows:

1.  On November 5, 2025, this Court entered a written order denying Respondent's Motion to Reconsider the Court's September 25, 2025 ruling and, among other findings, determined that claims of ongoing judicial prejudice and void jurisdictional orders had been addressed in the Court's ruling and the record, noted that the Appellate Court had addressed such concerns to the extent raised, and expressly found that actual prejudice did not exist. The Court noted that judges are presumed to be impartial and the burden of overcoming this presumption by showing prejudicial trial conduct or personal bias rests on the party making the charge. **In re Marriage of O'Brien,** 958 NE 2d 647, 655, 354 Ill. Dec. 715 (2011). Opinions formed by the judge based on facts introduced or events occurring in the course of the current proceedings or prior proceedings do not constitute a basis for a bias or partiality motion unless they display deep-seeded favoritism or antagonism that would make a fair judgment impossible. **Id.** at 655.

2.  In the September and November hearings before the undersigned, the Court further noted that a Motion for Substitution for Cause had not previously been filed against Judge Henze, confirmed that Judge Henze had been assigned to and would continue to hear the matter, and rejected assertions of improper judicial assignment or conduct based on the record.

3.  Respondent thereafter filed a Motion for Substitution of Judge for Cause as to Judge Henze on May 20, 2026, asserting bias and related allegations tied to case management

and scheduling, and supported by an affidavit. The matter was previously set for hearing on all pending matters by Judge Henze on May 22, 2026, by an order dated March 23, 2026. Thus, the Motion for Substitution of Judge for Cause was filed three days prior to a hearing that had been set two months ago.

4. Illinois Supreme Court Rule 137 authorizes the Court to impose appropriate sanctions, including reasonable expenses and attorney fees, when a pleading, motion, or other document is signed in violation of the Rule's certification requirements, and requires the Court to set forth with specificity the reasons and basis of any sanction imposed. The signature on a pleading certifies that the filer has read the document, conducted a reasonable inquiry into the facts and law, and is not filing for an improper purpose, such as harassment, delay, or cause unnecessary litigation costs.

5. The Court incorporates the November 5, 2025, order and the findings the Court made during the September 25, 2025 hearing, as the operative adjudication of the issues of alleged judicial prejudice and the propriety of judicial assignment. The September 25th and November 5th Orders resolved Respondent's allegations regarding judicial prejudice adversely to Respondent, finding no actual prejudice and confirming the propriety of continued assignment.

6. Under the doctrine of *res judicata*, a final judgment on the merits by a court of competent jurisdiction bars subsequent actions between the same parties on the same claim or cause of action, including matters that were or could have been raised. **Nowak v. St. Rita High School**, 197 Ill.2d 381, 757 N.E.2d 471 (Sup. Ct. 2001). The Court denied the Motion for Substitution of Judge in September 2025 and then upon a timely filed Motion to Reconsider denied that Motion by Order in November 2025. The Respondent filed a Notice of Appeal as to the Court's ruling. The appeal was dismissed on January 16, 2026, by the Fourth District Appellate Court when Respondent failed to file the docketing statement.

The Court hereby concludes that Respondent's present Motion for Substitution of Judge for Cause, which rests upon the same nucleus of operative facts and allegations of judicial bias and assignment impropriety previously adjudicated in the September and November hearings are barred by res judicata. To the extent new allegations were raised subsequent to November 2025, the Court finds that the assertions made are baseless and only used to delay these proceedings again. The Court finds the email exchange between Judge Henze and the parties was completely appropriate in determining a proper

schedule for the pending motions.    The Court also notes that the roughly two months between setting the May hearing and the May hearing itself was sufficient time for the parties to prepare and be ready.    The Court also notes that Judge Henze regularly presides in Adams County and that in the interest of judicial economy and efficiency she was attempting to resolve all matters that could be resolved on the May hearing date as noted by her comments in the multiple email exchanges between her and the parties.

7. Independently and alternatively, to the extent the current motion repackages allegations already addressed in the September and November orders or seeks to relitigate the absence of actual prejudice, the motion fails on the merits for the reasons set forth in that order. The September and November orders determined that opinions formed by the judge based on proceedings in the case do not constitute bias absent deep-seated favoritism or antagonism making fair judgment impossible, and the Court found no actual prejudice on the record.

8. Sanctions under Illinois Supreme Court Rule 137 are warranted where a filing is not well-grounded in fact or law, is not supported by a good-faith argument for a change in law, or is interposed for an improper purpose. Rule 137 authorizes the imposition of sanctions upon motion or on the Court's own initiative and permits monetary sanctions to cover reasonable expenses caused by the filing. Given the prior adjudication of the same allegations in the November and September orders and the preclusive effect of res judicata, the Court finds Respondent's Motion for Substitution of Judge for Cause is not warranted by existing law, is not supported by a good-faith argument for an extension or modification of existing law, and has unreasonably multiplied proceedings.

9. The Court specifically finds: (a) the September and November orders adjudicated Respondent's allegations of judicial prejudice and assignment propriety and found no actual prejudice;    (b) the present motion raises substantially the same contentions in a manner that is precluded; and (c) Respondent's filing necessitated needless motion practice to re-address issues already decided, thereby increasing litigation costs without a legal or factual basis consistent with Rule 137. Rule 137 requires the Court to set forth with specificity the reasons and basis of any sanction, which are stated herein.

**IT IS THEREFORE ORDERED:**

A. The Respondent's Motion for Substitution of Judge for Cause as to Judge Henze is **DENIED**. This denial is based on the preclusive effect of the Court's September 25th and November 5th, 2025, orders and, alternatively, on the merits for the reasons previously stated therein. The prior

orders addressed and rejected allegations of judicial prejudice and confirmed continued assignment.

B. The Court finds that Respondent's Motion for Substitution of Judge for Cause violates Illinois Supreme Court Rule 137. As a sanction under Rule 137, Petitioner is to submit **within 10 days** of this Order an affidavit as to her costs in reviewing Respondent's pleadings, preparing for the hearing, and traveling to and from the hearing.   Respondent LUKE A. THOMAS shall pay for Petitioner's expenses as outlined in her affidavit within 30 days of the same being filed. Payment shall be made to the Cass County Circuit Clerk for disbursement to the Petitioner as Rule 137 authorizes monetary sanctions where a filing is signed in violation of the Rule's certification requirements.

C. The Court's reasons and basis for imposing Rule 137 sanctions are set forth in this order.

D. All other relief requested and not expressly granted is **DENIED.**

E. This is a final and appealable order with respect to the Motion for Substitution of Judge for Cause.

Date: June 23, 2026

_____
Judge

Cc: Petitioner

    Respondent

| 9 | **2023 Illinois State Bar Association Judicial Advisory Poll** (Reflecting Defendant Henze's judicial polling data) |

**Illinois State Bar Association**
**Judicial Advisory Poll**
**2023 Reappointment of Associate Judges**

## Associate Judge Reappointment

Associate judges are subject to reappointment every four years.  The reappointment is accomplished through the casting of secret ballots by circuit court judges in their circuit.  Successful candidates receive votes that tally three-fifths (60%) or greater in favor of their reappointment. Voting concludes prior to the beginning of the new associate judge terms. The new term of office for each reappointed associate judge will begin on July 1, 2023, and terminate on June 30, 2024.

## Illinois State Bar Association Judicial Advisory Polls

This poll of lawyers is conducted by the Illinois State Bar Association (ISBA). The Illinois State Bar Association Judicial Advisory Poll is conducted electronically and by mail, ISBA attorneys in each judicial circuit (except Cook County) are sent a ballot containing the names of every associate judge seeking reappointment in their circuit. Illinois licensed attorneys who are not members of ISBA may request a ballot. Attorneys are asked to respond only if they have sufficient knowledge about the associate judge's qualifications for judicial office to give a fair, informed opinion. Associate judges are rated "recommended" or "not recommended" based on whether respondents agree that the associate judge "meets acceptable requirements for the office."  Associate judges must receive at least 65% "yes" responses to that question in order to be rated as "Recommended". Percentage is based on "yes" responses to each question; "no opinion" responses are not included *Opinions expressed in the poll are of those attorneys who chose to respond and do not reflect the opinion of the Illinois State Bar Association or the opinion of all attorneys.*

***Although the decision on associate judge reappointment is made by circuit judges, the Illinois State Bar Association is releasing the poll results to the public, because all judges are public officials and the opinions of their professional colleagues about their performance is of public interest.***

For additional information on how Judicial Advisory Polls work, please refer to page 20.

To locate associate judges in your circuit, please refer to the county conversion chart on Page 21.

Illinois State Bar Association
2023 Associate Judge Reappointment

| Seventh Judicial Circuit (Cont.) | Number of Responses | Recommended/ Not Recommended | Meets Requirements Of Office | Integrity | Impartiality | Legal Ability | Temperament | Court Management | Health | Sensitivity |
|---|---|---|---|---|---|---|---|---|---|---|
| ▉ | 87 | R | **83.13** | 89.16 | 86.90 | 82.14 | 84.15 | 88.10 | 96.30 | 87.34 |
| | 94 | R | **88.76** | 95.65 | 91.30 | 96.74 | 90.00 | 92.39 | 66.83 | 94.38 |
| | 43 | R | **93.02** | 97.62 | 95.35 | 93.02 | 95.35 | 97.62 | 100 | 97.62 |
| | 129 | R | **90.32** | 91.41 | 90.55 | 88.00 | 92.80 | 97.58 | 99.19 | 94.92 |
| | 90 | R | **94.38** | 96.63 | 87.50 | 94.44 | 88.89 | 94.44 | 96.59 | 93.10 |
| | 62 | R | **93.22** | 96.67 | 93.10 | 94.92 | 91.38 | 90.16 | 94.23 | 94.64 |

## Eighth Judicial Circuit

*Adams, Brown, Calhoun, Cass, Mason, Menard, Pike and Schuyler counties*

| | Number of Responses | Recommended/ Not Recommended | Meets Requirements Of Office | Integrity | Impartiality | Legal Ability | Temperament | Court Management | Health | Sensitivity |
|---|---|---|---|---|---|---|---|---|---|---|
| Holly Henze | 41 | R | **68.29** | 77.50 | 70.00 | 80.00 | 65.85 | 72.50 | 65.71 | 79.49 |
| ▉ | | * | | | | | | | | |
| | 41 | R | **77.50** | 85.00 | 80.49 | 75.61 | 82.50 | 79.49 | 87.50 | 90.00 |
| | 41 | R | **90.24** | 97.56 | 87.80 | 97.56 | 87.80 | 87.80 | 87.50 | 89.74 |

**R** Recommended    **NR** Not Recommended    * Insufficient number of responses    ** Previously Polled (Only one poll is conducted on a judge/candidate in one year)

*Opinions expressed in the poll are of those attorneys who chose to respond and do not reflect the opinion of the Illinois State Bar Association or the opinion of all attorneys.*

**How Judicial Advisory Polls Work**

This poll of lawyers is conducted by the ISBA. ISBA attorneys in each judicial circuit (except Cook County) are mailed a ballot containing the names of every associate judge seeking reappointment in their circuit. Licensed attorneys who are not members of ISBA may request a ballot. Attorneys are asked to respond only if they have sufficient knowledge about the associate judge's qualifications for judicial office to give a fair, informed opinion. Associate judges are rated "recommended" or "not recommended" based on whether respondents agree that the associate judge "meets acceptable requirements for the office." Associate judges receiving 65 percent or more "yes" responses to that question are rated "recommended" and associate judges receiving less than 65 percent are rated "not recommended." **Opinions expressed in the poll are of those attorneys who chose to respond and do not reflect the opinion of the Illinois State Bar Association or the opinion of all attorneys.**

The following questions are asked.

*In your opinion, with respect to this judicial office and in off-the-bench conduct affecting the judicial office, will the candidate:*

Meets Requirements of Office:
(Recommendation) Considering the qualifications of the candidate, do you believe this candidate meets acceptable requirements for the office?

Integrity
Adhere to the high standards of integrity and ethical conduct required of the office?

Impartiality
Act and rule impartially and free of any predisposition or improper influence?

Legal Ability
Have adequate legal experience, knowledge, and ability?

Temperament
Exercise the judicial temperament to serve with appropriate courtesy, consideration, firmness, fairness, patience and dignity?

Court Management
Diligently and promptly attend to the duties of the office and assure the steady progress of court business.

Health
Have the physical, mental and emotional health, stamina and stability needed to perform judicial duties?

Sensitivity to Diversity and Bias
Conduct self and deal with others appropriately to reduce or eliminate conduct or words which manifest bias based on race, gender, national origin, religion, disability, age, sexual orientation or socio-economic status against parties, witnesses, counsel or others?

20

| 10 | **Formal Demands and Notices** (Jan 28, 2024 demand for property return; Feb 26, 2023 notice regarding child welfare) |
|---|---|

ATTORNEY

# LUKE A. THOMAS

**9446 STATE HIGHWAY 29**
**Post Office Box 107**
**CANTRALL, ILLINOIS 62625**

ADMITTED TO PRACTICE:

THE SUPREME COURT OF THE
UNITED STATES

CENTRAL DISTRICT OF ILLINOIS
UNITED STATES DISTRICT COURT

**(217) 490-8028**

**www.lalawthomas.com**

26 February 2023

CENTRAL DISTRICT OF ILLINOIS
UNITED STATES BANKRUPTCY COURT

STATE OF ILLINOIS

Mr. John David Osmer
Mrs. Georgeanne Osmer
██████████████

            Re:    Conduct/Witness Notice

Dear Mr. and Mrs. Osmer:

        I wrote to Mr. Osmer personally under letter dated February 19, 2022. It appears no sooner was the same received, it was forwarded to Gwen for the purpose of interrogating ████ about the letter's origination, circumstances, and content. Your feelings about the letter have also been shared with my children.

        In my attempts to resolve the differences that are negatively affecting my children, prevent such conduct going forward, and to otherwise keep this tragic situation private to the extent possible, I included a very important provision in my aforesaid letter:

        "This letter and its contents are not subjects you or anyone else should discuss with my children. Attempts to do so will only solidify the intimidation and manipulation observed to   date and will also not be tolerated."

        Yet, I regretfully am forced to write to each of you again less than a week later, or at least feel morally compelled to give you the courtesy of doing so.  My letter, rights as a father, and well-being of my children have been once again ignored.  Given the established pattern of similar conduct,  I will be more poignant in my communication to prevent further harm to my children.

        As you probably already know, Gwen made certain comments to me regarding your concerns following our October 18, 2022 hearing in the Courtroom.  If she did not share my response, I will attempt to remove all confusion:

    (1) Despite your concern I was going to "prosecute" you for your action leading up to and following the events of September 12, 2022, I am not a prosecutor and my law license was not even active in 2022 until December.

    (2) As a private attorney, I have no authority to bring criminal charges against anyone.

Mr. & Mrs. Osmer
Page 2
February 26, 2023

Since I am not a prosecutor my opinion whether your any of your actions have been taken out of ignorance, arrogance, or with specific intent are irrelevant.  My purpose of writing to you, my purpose in any pending litigation, and my purpose in life are my children. Quite honestly, I was a bit perplexed you would think I would have the authority to commence prosecution.

███████████████████ ultimately (and regretfully) be called as direct witnesses at trial or hearing in pending and potential federal court litigation. So it is crystal, this has not and should not be discussed with them in any manner whatsoever.  To do so would cause needless and harmful stress at an already stressful time and would only be self-serving on your part.  As Gwen has shared, there is a pending motion in the existing state court litigation to appoint attorneys for the children to protect their rights personally, as witnesses, and to protect any possible legal claims they may have now or in the future.

Given the foregoing it is imperative any attempts to influence, intimidate, coerce or manipulate my children or any actions that may be perceived as such cease permanently and immediately.  It is not only extremely harmful and immoral, but it is also illegal under Illinois and Federal law.  *See* 18 U.S.C. 1512, which applies to all official federal proceedings (civil, bankruptcy, tax, criminal) and I would specifically note "an official proceeding need not be pending or about to be instituted at the time of the offense." 18 U.S.C. § 1512(e)(1). *See United States v. Scaife*, 749 F.2d 338 (6th Cir. 1984). *See also United States v. Shively*, 927 F.2d 804 (5th Cir. 1991).

Again, I am not a prosecutor and am not trying to imply anyone's conduct has criminal implications over which I have control.  Rather, and it bears repeating, my sole purpose is the protection of my children by illustrating one of many reasons your conduct and disregard should cease.

Based on what was shared with my children, I understand you found my prior letter offensive.  I would never waste my time writing to you or anyone to offend, engage in pettiness, bluff, or engage in gamesmanship, especially involving litigation involving my family or my children.  Letters are sent as a courtesy.  Unwarranted attempts at compromise are a courtesy.  Giving opportunities to change course in various facets have been courtesies.  In all instances between us, these have been gratuitous courtesies of which I am certain most attorneys and people in general would say have been completely unwarranted both morally and from a legal and evidentiary standpoint.

Even though Mr. Osmer has 36 years of law enforcement experience and your daughter has 16+ years of experience as an attorney, I must inform you if you do not understand any of the contents of this letter or any communication from me, you should consult with your attorney if you have one.  In the event you have an attorney, please have your attorney contact me or provide his/her contact information.  I will then be prohibited from communicating directly with you and will direct all future communications to your attorney in accordance with the limitations imposed by the Illinois Rules of Professional Conduct.

Mr. & Mrs. Osmer
Page 3
February 26, 2023

Sincerely,

By

Luke A. Thomas

LAT:mm

**C**:  G:\Secure\DocServer\Encrypt\Upload\Witnessid\Notices\Protect\Osmer2.ltr

**LUKE A. THOMAS**

**Thomaslitigation2022@gmail.com**

**January 24, 2024**

To:

| | | |
|---|---|---|
| Mrs. Gwendolyn M. Thomas | Mr. John D. Osmer | Mrs. Georgeanne Osmer |
| 416 North Sylvan Street | 1408 Jefferson Street | 1408 Jefferson Street |
| Ashland, IL 62612 | Beardstown, IL 62618 | Beardstown, IL 62618 |

*Sent via electronic mail to:* gwenthomaslaw@gmail.com *&* odot@casscomm.com in Portable Document Format (PDF). *Not proofread*

Re:    Return of Firearms, Ammunition, Firearm Magazines, Scopes, Accessories, Personal Property, & Demand for Accounting, Location thereof, Transfer, &/or Disposal

Gwen, Georgeanne & David:

On or about January 18, 2024, I received an electronic copy of the Judgment of Dissolution of Marriage entered by the Circuit Court of the Eight Judicial Circuit, Cass County, Illinois, Case Number 2022DC15, entered by the Honorable Holly J. Henze, bearing an entry date of January 17, 2024. The Judgment contains certain findings of fact and provides certain authority affecting my exclusive ownership interests and legal rights in the above referenced property.

I understand each of you, individually and collectively, have either received a copy of said Judgment, were made aware of the contents of said judgment, or both. In the event my understanding is incorrect, I have attached a copy of said Judgment hereto in Portable Document Format (PDF) as provided to me by the Cass County Circuit Clerk, and will address the portions relevant to this communication below. Please take notice this communication is not intended to supplant or limit the contents of any other any demand, notice, or other communication heretofore made and/or pending in any other court now or in the future.

For the purposes of this communication, the relevant portions of the Judgment provide:

The court is aware from past hearings that Luke has claimed a portion of the gun collection is his sole, non-marital property. However, since Luke did not provide a listing of his claimed non-marital property in his Pretrial Affidavit, the court is unable to ascertain which of the guns would have been considered non-marital and, as such, makes no designation of any portion of the gun collection as being non-marital. Luke has had sufficient time but has shown no inclination to obtain his FOID card and retrieve any portion of the gun collection, whether marital or non-marital.

The witnesses identified as providing testimony and/or evidence to the Court on January 11, 2024, as identified in the Judgment and as set forth in the Court's electronic online docket are: Gwendolyn M. Thomas; Alison Vawter; and John D. Osmer. The record and Report of Proceedings also identify Georgeanne Osmer as providing testimony and/or unsigned "inventory" (acknowledged by Georgeanne Osmer and Gwendolyn M. Thomas as being inaccurate, incomplete and/or both). No updated, corrected or modified "inventory" has been provided to the me, filed with any court or otherwise communicated in any fashion to me. Other than the incomplete/inaccurate "inventory" filed in case 2022DC15,

Considering the numerous demands made upon you, individually and/or collectively, including, but not limited to, written demands made upon you, made of record in 2022DC15 and/or cause number 3:23-cv-3037 (United States District Court, Central District of Illinois), any evidence or finding that I have shown "no inclination to retrieve any portion of the gun collection" is clearly erroneous and therefore such conclusion was reached based incorrect, false and/or misleading information either supplied or withheld at the January 11, 2024 hearing or supplied in an improper manner prior to the Court, or based on facts not known (or ignored) by the Court. In addition to any pending claim for relief related to or affecting the *res* subject of this correspondence, I have or will seek relief from that portion of the January 17, 2024 Judgment affecting or related to the *res* and any purported authority granted to you justifying your continued possession, sale or disposal thereof. Therefore, my previous demands, and renewal thereof herein, remain in effect.

Additionally, the firearms or "gun collection" subject of this letter, including those items of personal property that have not been identified by you, remain subject of the Complaint filed in 3:23-cv-3037. Notwithstanding the absurdity of the Court's conclusory statement that I have shown no inclination to "obtain a FOID card", you know, should know, or otherwise advised that I am under no restriction under state or federal law that would terminate my ownership of said property or to possession of the same. I have been and continue to be a resident of the State of Minnesota under all applicable laws and time periods (including at the time of trial and entry of the Judgment). In fact, the Judgment itself even recognizes my residency as being established in the State of Minnesota. Minnesota (including all other states except Illinois) has no "FOID" card requirements, as "FOID" cards and the laws from which the same are derived are exclusive to Illinois residents.

To the contrary, as of January 1, 2024, Illinois law makes your continued possession of many of the firearms, accessories, or both Illinois by you (*See* Public Act 102-1116).  For the reasons discussed above, P.A. 102-1116, does not terminate my ownership or possessory interest.  In the event my residency returns to Illinois by physical change or application of law, the Act provides exceptions and individual rights that would otherwise prevent the termination of my ownership and possessory rights which I, and I alone, can and intend to exercise.

At no time have I attempted to transfer any firearms to any of you or any other person since the effective date of the Act.  I have made my intentions clear to you and as made of record in 2022DC15. I have further advised you, the Court and others, the taking, concealment, conversion, and or disposal of the *res,* records related thereto, and continued failure to return the same has made and continues to make it impossible to properly complete transactional and ownership records necessary to comply with applicable rules, regulations and laws under federal law.

Given your repeated failures to respond or comply to the demands heretofore made, I anticipate you will ignore the demands made herein.  In the event this presumption is incorrect, you should immediately confirm your intention to comply with the demands made, in whole or in part, by sending said confirmation to: thomaslitigation2022@gmail.com. Arrangements will then be made for delivery of regulated property to a properly licensed and independent Federal Firearms License holder located in the State of Minnesota.  I will also provide you with delivery instructions for all records and nonregulated property so that prompt delivery can be made.

In the event you intend to transfer possession of the property in any manner, including to each other, temporarily of otherwise, based on the Judgment or any other authority other than strict compliance with applicable law, demand is made upon you to provide a copy of this letter and any other demand heretofore made to any person you have or intend to transfer possession of said property, as consignee, bailee, transferee and/or selling agent so that they are apprised of the demands, my ownership, and interpretation of applicable federal and state laws.

Without regard to whether you believe you are acting under legal authority, any transfers of possession, temporarily or otherwise, must be immediately reported to me so I may properly comply with all legal reporting requirements.  Similarly, demand is made you refrain from any attempt to transfer possession, ownership, or act under the guise of as my agent.  No actual or apparent agency exists between us. In the event you disagree, I expressly disclaim and/or revoke any agency, past or present for all purposes.

No further demands shall be made.

Luke A. Thomas

cc: *Redacted*   Enc.  1-17-2024 Judgment for Dissolution

| 13 | **ADA Accommodations Request (Initial); Order Addressing Request and Correspondences (for illustrative purposes—ADA Process)** |
|----|----|

 **Gmail**

**Luke Thomas <thomaslitigation2022@gmail.com>**

## Fwd: Hearing Unavailable

1 message

**Luke Thomas** <thomaslitigation2022@gmail.com>                    Thu, Jul 24, 2025 at 7:15 AM
To: Holly Henze <hhenze@adamscountyil.gov>, Gwendolyn Thomas <gwenthomaslaw@gmail.com>

Dear Judge Henze,

I just wanted to follow up to ensure you and Gwen received my message below. I did not want to needlessly take up your schedules. I remain unavailable today.

In addition to the issues/matters raised below I have begun research and may need time to speak to someone the chief judge's office and/or the Administration Office to see ADA accommodations in the way this case is administered procedurally going forward.

If either of you know of the process in place currently in the Eighth Circuitvfor making accommodations requests, I would greatly appreciate any guidance.

Thank you.

Luke Thomas

---------- Forwarded message ---------
From: **Luke Thomas** <thomaslitigation2022@gmail.com>
Date: Wed, Jul 23, 2025, 6:19 AM
Subject: Hearing Unavailable
To: Holly Henze <hhenze@adamscountyil.gov>, Gwendolyn Thomas <gwenthomaslaw@gmail.com>

Judge Henze,

I apologize for the delay in response.  My employment with Peoria Housing Authority commenced January 21,2025 and ended by resignation effective July 8, 2025.

  My employment as Assistant City Attorney commenced July 21, 2025. I maintained BCBS of Illinois PPO Gold Family Health, Dental and vision coverage while with the Housing Authority, with coverage terminating July 31st. I will be finalizing signing up for BCBS family coverage as part of my orientation this week. Coverage will be effective July 21st.

I am in orientation this week and unavailable for Zoom. Additionally, I have only had time to recently download and skin the documents. I would need time to review and determine if hiring counsel or consulting one through Legal insurance is necessary. I would need time to plead as well.

I am hopeful the order setting tomorrow's Zoom meeting will be vacated without the need of a hurried Motion. Please advise. I would not be available to prepare such motion until 7:30 pm today.

Thank you for your time and consideration.

Luke Thomas

 Gmail

**Luke Thomas <thomaslitigation2022@gmail.com>**

## RE: Hearing Unavailable

1 message

**Holly Henze** <hhenze@adamscountyil.gov>　　　　　　　　　Thu, Jul 24, 2025 at 8:32 AM
To: Luke Thomas <thomaslitigation2022@gmail.com>, Gwendolyn Thomas <gwenthomaslaw@gmail.com>
Cc: Sharon Main <smain@adamscountyil.gov>, Roger Thomson <masoncountyjudge@gmail.com>

Mr. Thomas,

This will serve to confirm that I have received both emails.  I will not be addressing any matters – other than the scheduling of court dates/times via email.  All other matters shall be brought via written motion.

As far as a request for ADA accommodations, you may contact Sharon Main, the Trial Court Administrator for the Eighth Judicial Circuit.  I have copied her on this email.

HJH

### *Hon. Holly J. Henze*

521 Vermont Street

Quincy, IL 62301

217-277-2032

hhenze@adamscountyil.gov

---

**From:** Luke Thomas <thomaslitigation2022@gmail.com>
**Sent:** Thursday, July 24, 2025 7:16 AM
**To:** Holly Henze <hhenze@adamscountyil.gov>; Gwendolyn Thomas <gwenthomaslaw@gmail.com>
**Subject:** Fwd: Hearing Unavailable

Dear Judge Henze,

I just wanted to follow up to ensure you and Gwen received my message below. I did not want to needlessly take up your schedules. I remain unavailable today.

In addition to the issues/matters raised below I have begun research and may need time to speak to someone the chief judge's office and/or the Administration Office to see ADA accommodations in the way this case is administered procedurally going forward.

If either of you know of the process in place currently in the Eighth Circuitvfor making accommodations requests, I would greatly appreciate any guidance.

Thank you.

Luke Thomas

---------- Forwarded message ---------
From: **Luke Thomas** <thomaslitigation2022@gmail.com>
Date: Wed, Jul 23, 2025, 6:19 AM
Subject: Hearing Unavailable
To: Holly Henze <hhenze@adamscountyil.gov>, Gwendolyn Thomas <gwenthomaslaw@gmail.com>

Judge Henze,

I apologize for the delay in response.  My employment with Peoria Housing Authority commenced January 21,2025 and ended by resignation effective July 8, 2025.

  My employment as Assistant City Attorney commenced July 21, 2025. I maintained BCBS of Illinois PPO Gold Family Health, Dental and vision coverage while with the Housing Authority, with coverage terminating July 31st. I will be finalizing signing up for BCBS family coverage as part of my orientation this week. Coverage will be effective July 21st.

I am in orientation this week and unavailable for Zoom. Additionally, I have only had time to recently download and skin the documents. I would need time to review and determine if hiring counsel or consulting one through Legal insurance is necessary. I would need time to plead as well.

I am hopeful the order setting tomorrow's Zoom meeting will be vacated without the need of a hurried Motion. Please advise. I would not be available to prepare such motion until 7:30 pm today.

Thank you for your time and consideration.

Luke Thomas

# Luke A. Thomas
Attorney at Law | Peoria, Illinois

13 August 2025

The Honorable Roger Thomson
Chief Judge, Eighth Judicial Circuit
125 North Plum St.
Havana, IL 62644

Administrative Office of the Illinois Courts
Attn: ADA Requests and Judicial Assignments
3101 Old Jacksonville Rd.
Springfield, IL 62704

Ms. Sharon Main
Trial Court Administrator
Eighth Judicial Circuit
Adams County Courthouse
521 Vermont St
Quincy, IL 62301
smain@adamscountyil.gov

Mr. Brad Parlier
Cass County Courthouse
100 East Springfield St.
Virginia, IL 62691
casscircuitclerk@casscomm.com

**Re: Request for ADA Accommodations and Clarification of Administrative Matters
Case: *In re Marriage of Thomas*, No. 2022-DC-15 (Cass County)**

Dear Gentlepersons

Although I have come to know you as a practicing attorney in the Circuit over the past two decades, I am writing as a pro se litigant in the above-referenced post-dissolution matter.

The purpose of this letter is twofold: first, to formally request reasonable accommodations pursuant to the Americans with Disabilities Act (ADA) to ensure my full and meaningful participation in all future court proceedings; and second, to address critical administrative and procedural issues that impact the validity of the proceedings and my right to due process.

**I. Formal Request for ADA Accommodations**
I have documented medical conditions, including ADHD and mild PTSD, which substantially impact my ability to process information, organize my thoughts, and participate in complex legal proceedings. The history of this case—which is replete with instances of ex-parte communications, a failure to preserve the record, and sudden, unrecorded hearings—has significantly exacerbated these conditions.
To ensure I am afforded a fair opportunity to participate, I respectfully request the following accommodations:

**EXHIBIT 'A'-Motion to Continue and for Status on  Administrative Matters**

## Luke A. Thomas
Attorney at Law | Peoria, Illinois

*Honorable Roger Thomson, et. al.*
13 August 2025
Page 2

1. **All Proceedings to be Officially Recorded:** All hearings, status conferences, and any other substantive communications with the court must be recorded by a certified court reporter to create a complete and accurate record. This is essential for my peace of mind and is a medical necessity to mitigate the stress and anxiety caused by my PTSD, which is directly linked to the history of unrecorded and disputed events in this case.

2. **In-Person Evidentiary Hearings:** Due to my ADHD diagnosis, which affects executive functioning, it is essential that all evidentiary hearings be conducted in person. This allows me to visually process testimony, observe witness demeanor, and physically organize exhibits, which is critical for my ability to effectively present evidence and conduct cross-examination.

3. **Adequate Time for Preparation and Response:** I request that I be afforded, at a minimum, the full statutory time allowed by law to respond to motions and prepare for hearings. My ADHD requires additional time to process complex legal arguments and organize my thoughts. The practice of holding hearings on "emergency" motions with less than 48 hours' notice has previously denied me the ability to meaningfully participate.

4. **Official Record of Communications:** All communications, including emails and text messages sent to or from the court, must be contemporaneously filed and made part of the official court record.

**II. Critical Administrative and Procedural Matters**

In addition to my need for accommodations, there are significant procedural issues that require clarification to ensure the integrity of the judicial process.

1. **Preservation of the Record:** As noted above, the failure to record proceedings has been a persistent issue. The official record on appeal is missing transcripts from multiple hearings simply because no recording was made, despite my repeated requests. This systemic failure must be rectified immediately.

2. **Judicial Assignment and Authority:** My review of the court file and related communications has revealed a critical jurisdictional issue that must be addressed:
   - On **September 19, 2022**, an order was entered in this case recusing the Honorable Roger Thomson.

**EXHIBIT 'A'-Motion to Continue and for Status on Administrative Matters**

**Luke A. Thomas**
Attorney at Law | Peoria, Illinois

*Hon. Roger Thomson et. al.*
12 August 2025
Page 3

- o It is my understanding that Judge Thomson now serves as the Chief Judge of the Eighth Judicial Circuit.
- o I stumbled across an email dated **July 18, 2025**, the Honorable Holly J. Henze advised that her reassignment to our post-dissolution case was confirmed by "Chief Judge Roger Thomson and Cass County Presiding Judge TJ Wessel."
- o A diligent search of the court record reveals no formal, written order from a non-conflicted judge reassigning Judge Henze to these post-judgment proceedings.
- o As you know, a judge who has been recused from a case is legally and ethically barred from taking any further action in that matter, including the administrative act of assigning a new judge.

Given that the current Chief Judge is recused from this case, I respectfully request clarification as to which judge holds the administrative authority to make judicial assignments in this matter and that a formal order of assignment be entered into the record to ensure all subsequent orders are valid.

My requests are made in good faith and are supported by my documented medical history and the procedural history of this case. My sole objective is to ensure a fair, transparent, and accessible judicial process for all parties. I am prepared to provide medical documentation to the court under seal upon request.

I would appreciate a written response to my request for accommodations at your earliest convenience so that we may proceed in a manner that is fair and in accordance with the law.

Thank you for your time and attention to these important matters.

Respectfully,

Luke A. Thomas
ARDC No: 6278591

*Courtesy Copy:* Honorable Holly J. Henze    hhenze@adamscountyil.gov

**EXHIBIT 'A'-Motion to Continue and for Status on Administrative Matters**



**CIRCUIT COURT**
EIGHTH JUDICIAL CIRCUIT
**STATE OF ILLINOIS**

CHAMBERS OF
**HOLLY J. HENZE**
ASSOCIATE JUDGE

ADAMS COUNTY COURTHOUSE
521 VERMONT STREET
QUINCY, ILLINOIS 62301
(217) 277-2032
FAX (217) 277-2072
EMAIL hhenze@co.adams.il.us

August 22, 2025

Mr. Luke Thomas
Attorney at Law
5240 N. Big Hollow Road
Peoria, IL 61615-3455

RE:     Request for ADA Accommodations

Dear Mr. Thomas:

Mr. Parlier and I have reviewed your request for ADA Accommodations as set out on page 2 of your August 13, 2025 correspondence, and I have the following to pass along to you.

1.   All Proceedings to be Officially Recorded.  This request is granted.

2.   In-Person Evidentiary Hearings.  This request is granted.  I will appear in person in Cass County for all evidentiary proceedings.

3.   Adequate Time for Preparation and Response.  This request is granted.  You will be allowed the full statutory time allowed by law to respond to motions, petitions and discovery.  If you believe in any given circumstance that additional time is necessary, you may file a motion requesting an extension of time.

4.   Official Record of Communications.  This request is denied.

Sincerely,

Holly J. Henze

Copy:  Roger Thomson
       Brad Parlier
       Nicole Kopec
       Sharon Main
       AOIC

EIGHTH JUDICIAL CIRCUIT: ADAMS, BROWN, CALHOUN, CASS, MASON, MENARD, PIKE, SCHUYLER COUNTIES

 Gmail

**Luke Thomas <thomaslitigation2022@gmail.com>**

## Re: Seeing the Girls (This Weekend & Labor Day)
1 message

**Luke Thomas** <thomaslitigation2022@gmail.com>                                    Fri, Aug 22, 2025 at 5:03 PM
To: Gwendolyn Thomas <gwenthomaslaw@gmail.com>

Gwen,

Good afternoon.  I received your recent response regarding my request for visitation this weekend and Labor Day weekend.  I am therefore writing to clarify the purpose of my request for ADA accommodations to assuage any safety concerns you may have while the girls are in my care.

The request  was made solely to ensure I can meaningfully participate in court proceedings, as is my right under the law. It has no bearing on my ability to safely care for our children. If you have legitimate concerns about the girls' safety, whether with me or anyone else, I appreciate you wanting additional information.  In this case, you made no inquiry. In light thereof, using my request to the Court as a basis to deny me time with the girls is inappropriate.  While I am willing to discuss my request for accommodations and why it is appropriate from a professional standpoint, it does not appear that you have questions in that regard. While perhaps not as common in the courts we have historically practiced in, ADA requests by attorneys and litigants is fairly commonplace.  My Mayo providers are supportive and believe my request is reasonable.

I don't mean to belabor the issue, but I really think it is important for the girls' well-being.  As such, I am still hopeful we can arrange a visit. My offer to see the girls this weekend and/or over the upcoming Labor Day weekend still stands.

However, if we are unable to agree on a consistent visitation schedule directly, the existing order requires us to attend mediation. If that is the path after today,  please provide me with the names of one or two mediators you would be comfortable using, and I will initiate the process.

Please let me know how you would like to proceed.

Thank you for your time.

Luke

On Wed, Aug 20, 2025 at 6:14 PM Gwendolyn Thomas <gwenthomaslaw@gmail.com> wrote:
> You have indicated you have disabilities that interfere with your ability to understand and make quick decisions.  In light of this, they will not be going with you as you are apparently unable to safely provide for their care.  You can take this up with the court.
>
> Gwen
>
>
> Sent from my iPhone
>
>
>     On Aug 20, 2025, at 5:16 PM, Luke Thomas <thomaslitigation2022@gmail.com> wrote:
>
>
>
>     Gwen,
>
>     I hope this finds you and the girls doing well.
>
>     I'm writing to coordinate seeing the girls this weekend and to follow up on the proposed preliminary schedule for the start of the school year. I know we weren't able to work out the details for last weekend, but I'm hopeful you will be willing to work on a couple of immediate dates.

We have now allotted the past 6 months to transitioning into a more frequent and regular schedule. The girls, ███ and I are all ready for this change. The kids have all confirmed that they want visits to take place even if they have other commitments and cannot be present. They are loving, caring kids and make it clear they would not become jealous or envious in these situations.

Here are my proposals:

1. **This Weekend (August 22-24):** I am available to pick the girls up either Friday evening after work or on Saturday, depending on their softball schedule. I would return them to Ashland on Sunday evening.

2. **Labor Day Weekend (August 29 - September 1):** I would like to have the girls for the holiday weekend. I could pick them up Friday evening (around 6:30 p.m.) and would return them on Monday at 5:00 p.m.

If you have suggestions or a proposed calendar, please let me know. My goal at the time was to create a reliable plan while also being mindful of the girls' activities and your family traditions, like the Fall Fun Festival.

I understand that schedules can get busy, and I'm happy to remain flexible. My main goal is to ensure the girls have consistent and meaningful time with me and Grant.

I appreciate your time.

Thank you.

Luke

| | |
|---|---|
| **14** | **Pre-litigation Disability/Financial Status**; Prior Knowledge re Medical Conditions re Duty to Engage in ADA Interactive Process |



**Gwendolyn Thomas <gwendolynthomas@mcclurethomaslaw.com>**

---

## RE: Capital One Bank v. Luke Thomas (Cass County Case No. 21-SC-131) 21003745
5 messages

---

**David Gordon** <dgordon@blittandgaines.com>                    Wed, Jan 12, 2022 at 1:53 PM
To: Gwendolyn Thomas <gwendolynthomas@mcclurethomaslaw.com>

Gwen,


Thank you for providing additional information regarding the circumstances that you and your family are going through. We will pass this information on to the Bank for further review and consideration.


Regards,


DEG




**David Gordon | Blitt & Gaines, P.C.**
Senior Attorney | Attorney at Law

**Arizona ▪ Illinois ▪ Indiana ▪ Iowa ▪ Kansas ▪ Missouri ▪ Wisconsin**
www.blittandgaines.com | *847-941-9633*


**From:** Gwendolyn Thomas <gwendolynthomas@mcclurethomaslaw.com>
**Sent:** Wednesday, January 12, 2022 1:08 PM
**To:** David Gordon <dgordon@blittandgaines.com>
**Subject:** Capital One Bank v. Luke Thomas (Cass County Case No. 21-SC-131)


Mr. Gordon,


This will acknowledge and thank you for taking the time to speak with me this afternoon.  I am the spouse of Luke Thomas who is named as the Defendant in the above-referenced matter.  Luke was diagnosed with rectal cancer in April 2019.  He has undergone various treatment and surgery, but has not bounced back as we had hoped.  As a result of his treatment, Luke has not actively engaged in the practice of law since his diagnosis and is currently unable to work.

 **Gwendolyn Thomas <gwendolynthomas@mcclurethomaslaw.com>**

## (no subject)
7 messages

**Gwendolyn Thomas** <gwendolynthomas@mcclurethomaslaw.com>                                    Sun, Feb 21, 2021 at 9:46 AM
To: "Geselbracht, Thomas F." <Thomas.Geselbracht@dlapiper.com>, Jerry Hooker <jerryjhooker@gmail.com>

Judge and Counsel,

I have been dealing with significant personal issues and am requesting a continuance of this week's call.  While I will eventually disclose the nature of these issues, I am currently not wanting my personal issues to become public.

Sincerely,

Gwendolyn M. Thomas
McClure, Thomas & Thomas
113 S. State Street
P.O. Box 170
Beardstown, IL 62618
Tel: (217) 323-2211
Fax:  (217) 323-5522
Web:  www.mcclurethomaslaw.com

The information contained in this message is privileged and confidential information, intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby on notice that you are in possession of confidential information.  Please immediately notify the sender of your inadvertent receipt and do not disseminate the contents of this message.  The attorney/client privilege is claimed.

---

**Geselbracht, Thomas F.** <thomas.geselbracht@dlapiper.com>                                    Sun, Feb 21, 2021 at 11:21 AM
To: Gwendolyn Thomas <gwendolynthomas@mcclurethomaslaw.com>, Jerry Hooker <jerryjhooker@gmail.com>

Under the circumstances, I don't object to a short continuance.

Get Outlook for iOS

---

**From:** Gwendolyn Thomas <gwendolynthomas@mcclurethomaslaw.com>
**Sent:** Sunday, February 21, 2021 8:46:11 AM
**To:** Geselbracht, Thomas F. <Thomas.Geselbracht@us.dlapiper.com>; Jerry Hooker <jerryjhooker@gmail.com>
**Subject:**

**[EXTERNAL]**

---

[Quoted text hidden]

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

**Jerry Hooker** <jerryjhooker@gmail.com>                                    Sun, Feb 21, 2021 at 4:19 PM
To: "Geselbracht, Thomas F." <thomas.geselbracht@dlapiper.com>
Cc: Gwendolyn Thomas <gwendolynthomas@mcclurethomaslaw.com>

That's fine with me . We will reschedule.    JJ Hooker

Sent from my iPhone
[Quoted text hidden]

---

**Gwendolyn Thomas** <gwendolynthomas@mcclurethomaslaw.com>          Sun, Mar 7, 2021 at 10:25 AM

To: Jerry Hooker <jerryjhooker@gmail.com>
Cc: "Geselbracht, Thomas F." <thomas.geselbracht@dlapiper.com>

All,

My husband and I have been having marital issues and discussed dissolving our marriage and general partnership. As you may be aware, I have been the only one working outside the home and it has taken a toll. We are trying to work through things and get on the same page. While I have not wanted this information disclosed, it undoubtedly has impacted my ability to focus on work.

Subsequently, our 12 year old son, Grant, started having blood in his stool and rectal bleeding, which symptoms presented just like my husband's did when he was diagnosed with rectal cancer. Grant has seen a pediatric gastroenterologist and had a colonoscopy last week. The results were good - no polyps, hemorrhoids or mass - but there was a "rectal nodularity". Biopsies did not indicate cancer, thank the Lord, but the dr is still trying to determine the source of the bleeding. So far, he has not become anemic. Grant is also a Type 1 diabetic, so whatever issues are going on, are causing tremendous spikes in his blood sugar. A certain type of abdominal scan is being ordered for this coming week to see if he has Merck's diverticulum. We have not been advised of the date or time of the scan. If Grant has Merck's diverticulum, he would likely need to have a portion of his colon removed and resected. If it is not Merck's diverticulum, and maybe even if it is, we may take Grant to Mayo for evaluation. We have been in contact with Luke's GI team and forwarded them Grant's medical reports, so they would consider seeing him as a patient.

I have a lot on my plate at this moment and ensuring my son receives the best possible medical care is my top priority. I will certainly keep you all posted. In the meantime, all my cases are being stagnated and I apologize.
[Quoted text hidden]
[Quoted text hidden]

---

**Jerry Hooker** <jerryjhooker@gmail.com>                                    Sun, Mar 7, 2021 at 3:03 PM
To: "Geselbracht, Thomas F." <thomas.geselbracht@dlapiper.com>
Cc: Gwendolyn Thomas <gwendolynthomas@mcclurethomaslaw.com>

Gwen, I'm so sorry to hear what you are going through. Obviously you need to continue to put your family first and work will just have to adapt. You and tom can talk when able and let me know what works best for everyone. Take care .    JJ Hooker

Sent from my iPhone

On Mar 7, 2021, at 7:40 AM, Geselbracht, Thomas F. <thomas.geselbracht@dlapiper.com> wrote:

   Is there a new date for a status?


*Thomas F. Geselbracht*

Senior Counsel

DLA Piper LLP (US)

444 West Lake Street, Suite 900

Chicago, Illinois 60606

Phone: (312) 368-4094

Fax: (312) 630-7348

Thomas.Geselbracht@US.DLAPiper.com

---

**From:** Jerry Hooker <jerryjhooker@gmail.com>
**Sent:** Sunday, February 21, 2021 4:20 PM
**To:** Geselbracht, Thomas F. <Thomas.Geselbracht@us.dlapiper.com>
**Cc:** Gwendolyn Thomas <gwendolynthomas@mcclurethomaslaw.com>
**Subject:** Re:

**[EXTERNAL]**

[Quoted text hidden]
[Quoted text hidden]

---

**Geselbracht, Thomas F.** <thomas.geselbracht@dlapiper.com>                Fri, Apr 16, 2021 at 9:41 AM
To: Gwendolyn Thomas <gwendolynthomas@mcclurethomaslaw.com>

Gwen:

I hope things have improved for you. I don't want to put any pressure on you, but I need to let my client know what the status of this matter is. Can you let me know where you and the plaintiffs stand on all this? Are we going to put the "stay-in-place" tolling agreement in place, or resume the litigation?

Thanx.

*Thomas F. Geselbracht*

Senior Counsel

DLA Piper LLP (US)

444 West Lake Street, Suite 900

Chicago, Illinois 60606

Phone: (312) 368-4094

Fax: (312) 630-7348

Thomas.Geselbracht@US.DLAPiper.com

**From:** Jerry Hooker <jerryjhooker@gmail.com>
**Sent:** Sunday, March 7, 2021 3:03 PM
**To:** Geselbracht, Thomas F. <Thomas.Geselbracht@us.dlapiper.com>
**Cc:** Gwendolyn Thomas <gwendolynthomas@mcclurethomaslaw.com>
**Subject:** Re: RE: Re:


**[EXTERNAL]**

---

[Quoted text hidden]
[Quoted text hidden]

---

**Geselbracht, Thomas F.** <thomas.geselbracht@dlapiper.com>                    Mon, May 3, 2021 at 8:23 AM
To: Gwendolyn Thomas <gwendolynthomas@mcclurethomaslaw.com>


Gwen:


      Can you please get back to me on this?

[Quoted text hidden]
[Quoted text hidden]

As Luke's business partner, I attempted to continue practicing law during and after his treatment. Additionally, my son (now age 13), has struggled with Type 1 diabetes (physically and emotionally), requiring hospitalization and change of provider to Mayo Clinic in Rochester, Minnesota.  This caused him to miss school and even more of my time at home and traveling to appointments.  With my family's health in crisis, Covid, and the inability to make payroll, I was forced to close our office considering my business was rapidly becoming insolvent and my family's well-being has all but evaporated.

With our astronomical health costs, lack of income and mounting debt, Luke simply could not and cannot pay the amount demanded.  He has been unable to pay his student loans and we scrape by to feed our four kids and keep a roof over our heads.   I am hopeful your clients understand we never dreamed of being in this position. Unexpected health crises, coupled with a global pandemic, has upended our finances terribly.   It is my sincere hope your client will authorize the dismissal of the case.

Again, thank you for your time and your client's consideration.

Sincerely,

Gwendolyn M. Thomas
McClure, Thomas & Thomas
113 S. State Street
P.O. Box 170
Beardstown, IL 62618
Tel: (217) 323-2211
Fax:  (217) 323-5522

Web:  www.mcclurethomaslaw.com

The information contained in this message is privileged and confidential information, intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby on notice that you are in possession of confidential information.  Please immediately notify the sender of your inadvertent receipt and do not disseminate the contents of this message.  The attorney/client privilege is claimed.

If you require TTY services please dial 711.

You may at any time opt out of receiving emails to this email address from Blitt and Gaines, P.C. by clicking this link, replying to this email with the word STOP or by emailing Blitt and Gaines, P.C. at contactus@blittandgaines.com with the words opt out in the subject line, by mail at the address below, or by phone at 888-920-0620. Withdrawing consent to communicate via email means that we will not be able to communicate with you using email until a new consent has been established.

The information in this email and any attachments are for the sole use of the intended recipient and may contain privileged and confidential information. If you are not the intended recipient, any use, disclosure, copying or distribution of this message or attachment is strictly prohibited. If you believe that you have received this email in error, please contact the sender immediately and delete the email and all of its attachments. Blitt and Gaines, P.C. acts as a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please mail all written correspondence to 775 Corporate Woods Parkway, Vernon Hills, IL 60061.

**Gwendolyn Thomas** <gwendolynthomas@mcclurethomaslaw.com>                    Mon, Jan 31, 2022 at 8:06 AM
To: David Gordon <dgordon@blittandgaines.com>

David,

I am reaching out to follow up on our previous communications.  Have you received a response from your client?
[Quoted text hidden]
[Quoted text hidden]

**Gwendolyn Thomas** <gwendolynthomas@mcclurethomaslaw.com>    Mon, Feb 7, 2022 at 10:32 AM
To: David Gordon <dgordon@blittandgaines.com>

David,

This will serve to follow up with my email while you were out of the office.  I understand this may be your first day back and I am certain you are swamped.  Just wanted to make sure my previous email didn't get lost in the shuffle.  When you have an opportunity, I would appreciate hearing from you regarding your client's position.

Please disregard the contact information in my signature block of my previous emails.  We no longer have an office.  If you wish to speak to me by phone, please contact my cell at 217-370-0141.

Thank you.

Sincerely,

Gwendolyn M. Thomas

[Quoted text hidden]

[Quoted text hidden]

---

**David Gordon** <dgordon@blittandgaines.com>    Mon, Feb 7, 2022 at 10:52 AM
To: Gwendolyn Thomas <gwendolynthomas@mcclurethomaslaw.com>

FOR SETTLEMENT PURPOSES ONLY

Gwen,

Two things have happened since we last spoke. First, the fraud claim was denied and supporting documents seem to have been sent to your attention last week.

But more importantly, a hardship request has been granted by the Bank and we will be dismissing the matter without prejudice. I do not believe that we have a future court date so we will initiate the dismissal by filing a motion to dismiss later this month.

[Quoted text hidden]
[Quoted text hidden]

---

**Gwendolyn Thomas** <gwendolynthomas@mcclurethomaslaw.com>    Mon, Feb 7, 2022 at 11:00 AM
To: David Gordon <dgordon@blittandgaines.com>

David,

It is so nice to hear some positive news!  While life is full of trials, I hope your family never experiences the trials we continue to face.  We sincerely thank you for your assistance.
[Quoted text hidden]
[Quoted text hidden]