E-FILED
Thursday, 16 July, 2026  04:23:18 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LUKE A. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-cv-3219 |
| | ) | |
| HOLLY J. HENZE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Luke A. Thomas, an attorney proceeding *pro se*, filed a complaint (Doc. 1) against several individual defendants and entities.[1] The Court reviews the Complaint for merit under 28 U.S.C. § 1915(e)(2) based on Plaintiff's Application to Proceed in District Court without Prepaying Fees and Costs attached to the Complaint. (Doc. 1-4).

I.    BACKGROUND

Plaintiff alleges the existence of a "coordinated, multi-year conspiracy executed under color of state law" against him, in which "[s]tate actors and private individuals

---

[1] The Complaint names Defendants as follows: "Holly J. Henze, in her official capacity only; Jerry J. Hooker, in his official capacity only; Devron Ohrn, in his official and individual capacities; Justin Oliver, in his official and individual capacities; Gwendolyn M. Thomas, in her official and individual capacities; Georgeanne Osmer, individually; John D. Osmer, individually; Cass County, Illinois; Menard County, Illinois; the Eighth Judicial Circuit of Illinois; John Does 1–10, individually and in their official capacities (as applicable)." (Doc. 1). Defendants Holly J. Henze and Jerry J. Hooker are Associate Judges of the Eighth Judicial Circuit; Gwendolyn M. Thomas is Plaintiff's ex-wife and the Menard County State's Attorney; the Osmers are Gwendolyn M. Thomas's parents (and John Osmer is the former Cass County Sheriff); Devron Ohrn is the current Cass County Sheriff; Justin Oliver is the Brown County Sheriff; and John Does 1–10 are unknown law enforcement officers and private citizens who allegedly acted in concert with Sheriff Ohrn. (Doc. 1 at 4–5; Doc. 1-6).

weaponized a local state court docket to circumvent the Americans with Disabilities Act (ADA) and orchestrate the unrecorded, warrantless seizure and conversion of Plaintiff's federally regulated firearms." (Doc. 1 at 1). In September 2022, Defendant Thomas and others seized from Plaintiff's home his inventory of firearms and ammunition pursuant to an ex-parte emergency order of protection.[2] (*Id.* at 8). These items were later auctioned and sold. (*Id.* at 10). Plaintiff complains that "[d]espite [his] repeated notifications to both Judge Hooker and Judge Henze that a substantial portion of the seized firearms were non-marital property . . . and therefore could not lawfully be sold, . . . the trial court entered general orders authorization the sale and liquidation of the collection without regard to the foregoing and/or controlling law."[3] (*Id.*). Plaintiff filed a Rule 383 Motion for a Supervisory Order with the Illinois Supreme Court but was unsuccessful. (*Id.* at 3).

Plaintiff further complains that "[w]hile the state court nominally approved ADA accommodations [for him], the Defendant Judges and opposing counsel[, Thomas,] engaged in systemic sabotage of these protections." (*Id.* at 11). The accommodations in 2022-DC-15 (Cass County) required that all hearings, status conferences, and any other substantive communications be recorded by a court reporter; all evidentiary hearings held in person; "adequate time" granted to Plaintiff to respond to written motions and prepare for hearings; and all communications (including emails) made part of the record. (*Id.* at 136). Defendant Judges and Thomas "weaponiz[ed] Plaintiff's request for ADA

---

[2] The Court takes judicial notice of Cass County Circuit Court case number 2022-OP-66. *See Opoka v. Immigration and Naturalization Service*, 94 F.3d 392, 394–95 (7th Cir. 1996) (collecting cases for the "well-settled principle that the decision of another court or agency . . . is a proper subject of judicial notice").
[3] Cass County Circuit Court case number 2022-DC-15 (divorce proceeding).

accommodations as a pretext to terminate his parental visitation" (*id.* at 11) and engaged in "unrecorded ex-parte hearings and procedural ambushes designed to exploit Plaintiff's cognitive limitations" (*id.* at 2). Plaintiff's motion to disqualify the circuit judge was denied and monetary sanctions were entered against Plaintiff under Rule 137. (*Id.* at 15).

Plaintiff brings several claims under the ADA and § 1983. The Prayer for Relief includes the following relevant portions:

A. Prospective Injunctive Relief enjoining the Defendant Judges, the Eighth Judicial Circuit, and all agents acting in concert with them from conducting further proceedings involving Plaintiff without strict, documented enforcement of Plaintiff's ADA Title II accommodations;

B. A Temporary Restraining Order and Preliminary Injunction requiring the immediate preservation, accounting, and freezing of all Plaintiff's FFL assets, ammunition, and liquidation proceeds currently held by, or distributed to, any Defendant or their proxies;

C. Declaratory Judgment stating that the Defendants' actions violated the Fourth and Fourteenth Amendments and Title II of the ADA;

D. Declaratory Judgment that compliance with Illinois Supreme Court Rule 2.9 i[s] mandatory, essential to Due Process, and that Defendants' refusal to make such disclosures, as applied to the instant case, violates Plaintiff's rights of due process under the U.S. and Illinois Constitutions;

E. Compensatory and Punitive Damages against the Individual Defendants (excluding the Defendant Judges) for the actual market replacement value of the fraudulently liquidated FFL inventory and for emotional and constitutional injuries[.]

(*Id.* at 19–20).[4]

---

[4] The Court notes Plaintiff previously filed suit against his ex-wife, Thomas, and her mother, Georgeanne Osmer, in case number 23-cv-3037, in which this Court dismissed the "potentially frivolous" suit for lack of subject matter jurisdiction and admonished Plaintiff, as a member of the bar, for utilizing a federal forum

## II.    DISCUSSION

### A. *In Forma Pauperis* Petition

Plaintiff requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). (Doc. 1-4). He submitted an affidavit signed under penalty of perjury that demonstrates he is unable to pay the costs of proceeding in this action. (*Id.*). Accordingly, Plaintiff's request to proceed *in forma pauperis* is GRANTED.

### B. Legal Standard

28 U.S.C. § 1915(e)(2) obligates district courts to screen complaints before service on defendants. *Suess v. Obama*, No. 14-CV-01, 2014 WL 293817, at *1 (N.D. Ind. Jan. 27, 2014). Any claim that "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief," must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). When determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii), the standard under Federal Rule of Civil Procedure 12(b)(6) applies. *Coleman v. Lab & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). Applying that standard, the court accepts a complaint's factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient to state a claim. *See id.* at 651–52. "[A] complaint must contain facts that are sufficient, when accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

"as a means to harass and air his personal grievances against his [ex-]wife." *Thomas v. Osmer*, No. 23-cv-3037, 2024 U.S. Dist. LEXIS 15536, at *10 (C.D. Ill. Jan. 29, 2024).

*Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Roake v. Forest Preserve Dist. of Cook Cnty.*, 849 F.3d 342, 346 (7th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### C. Analysis

A federal court has an independent duty to assure itself that it has subject matter jurisdiction before proceeding to the merits of a case. *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). Here, the Court finds this case must be dismissed under the *Rooker-Feldman* doctrine because Plaintiff asks the Court to "attack[] the judgment [of the state court] itself or the procedures used in obtaining that judgment." *Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 705 (7th Cir. 2014) (internal quotation marks omitted).

The doctrine functions as a "limitation on the subject-matter jurisdiction of lower federal courts." *Id.* at 704 (citation omitted). It applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In those cases, "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court," *Lance v. Dennis*, 546 U.S. 459, 466 (2006), *Rooker-Feldman* "requires dismissal for want of subject-matter jurisdiction," *T.M. v. Univ. of Md. Med. Sys.*

*Corp.*, No. 25-197, 2026 U.S. LEXIS 2557, at *13 (U.S. June 18, 2026) (internal quotation marks omitted and cleaned up).

Plaintiff asks this Court to review the constitutionality of the order of protection issued in Cass County Circuit Court case number 2022-OP-66, and the judicial rulings in Cass County Circuit Court case number 2022-DC-15.[5] This Court cannot and will not intervene in the underlying dispute, let alone review the circuit court's management of the case, nor can it review any ruling concerning the ownership and disposition of Plaintiff's firearm inventory. Plaintiff's claims are "inextricably intertwined" with a state court judgment, so this Court lacks subject matter jurisdiction over them. *Edwards v. Ill. Bd. of Admissions*, 261 F.3d 723, 729 (7th Cir. 2001).

Furthermore, § 1983 expressly prohibits Plaintiff's requested injunctive relief against Defendant Judges. The law provides "that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." *Smith v. City of Hammond*, 388 F.3d 304, 307 (7th Cir. 2004) (quoting 42 U.S.C. § 1983). Additionally, this Court cannot involve itself in the underlying divorce proceeding based on the long-held principle that a federal court cannot entertain a domestic relations dispute, *see Marshall v. Marshall*, 547 U.S. 293, 307–08 (2006); *Struck v. Cook County Pub. Guardian*, 508 F.3d 858, 860 (7th Cir. 2007), as well as the *Younger*

---

[5] As said, Plaintiff contends the circuit court authorized the sale of his firearms inventory "without regard to the foregoing and/or controlling law." (Doc. 1 at 10).

abstention doctrine, which cautions against federal interference in ongoing state proceedings, *see SKS & Assocs. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). Therefore, the case is hereby DISMISSED.

## III.    CONCLUSION

For the reasons stated herein, the Petition for Leave to Proceed *In Forma Pauperis* (Doc. 1-4) is GRANTED. The Clerk is directed to enter Plaintiff's Petition for Leave to Proceed *In Forma Pauperis* (Doc. 1-4). Plaintiff's Complaint (Doc. 1) is DISMISSED without prejudice for lack of federal subject matter jurisdiction. The Clerk is directed to terminate Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 2) and Defendants Osmers' Motion to Dismiss (Doc. 25) as MOOT. The Court grants Plaintiff leave to file an amended complaint over which this Court has subject matter jurisdiction within 21 days from the entry of this Order. Failure to file an amended complaint within that time may result in dismissal of this case with prejudice.

ENTER: July 16, 2026

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE