E-FILED
Monday, 02 November, 2026 01:05:40 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **LUKE A. THOMAS,**<br>**Plaintiff,**<br><br>**v.**<br><br>**DEVRON ORNN, et al.,**<br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 26-cv-3219** |

**OPINION**

**COLLEEN R. LAWLESS, United States District Judge:**

Plaintiff, who is a licensed attorney in Illinois, claims Defendants[1] unlawfully seized, auctioned, and sold his collection of firearms and ammunition. He further claims the Eighth Judicial Circuit Court has violated his rights under Title II of the Americans with Disabilities Act ("ADA"). He seeks damages and injunctive relief as "[t]he state court has refused to enforce its own orders, refused to rule on Plaintiff's motions, and entered sanctions without due process." (Doc. 37-1 at 14). Before the Court are Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, Motion to Expedite

[1] Defendants are Devron Ohrn; Justin Oliver; Gwendolyn M. Thomas; Georgeanne Osmer; John D. Osmer; Cass County, Illinois; Menard County, Illinois; The Eighth Judicial Circuit of Illinois; and John Does 1–10. (Doc. 33). Defendant Ohrn is the current Cass County Sheriff; Justin Oliver is the Brown County Sheriff; Gwendolyn M. Thomas is Plaintiff's ex-wife and the Menard County State's Attorney; the Osmers are Gwendolyn M. Thomas's parents (and John Osmer is the former Cass County Sheriff); and John Does 1-10 are "unknown individuals who acted in concert with the named Defendants to deprive Plaintiff of his constitutional rights." (*Id.* at ¶ 17).

consideration of the same, and Motion to Supplement (Docs. 37, 64, and 70), and Defendant Osmers' Motion to Dismiss (Doc. 44).[2]

## I. RELEVANT BACKGROUND

Plaintiff owned a collection of firearms and ammunition that were sold in a judicial sale as marital property following the dissolution of his marriage with Defendant Thomas. The property was seized from his home pursuant to an *ex parte* emergency order of protection entered in Cass County Circuit Court case number 2022-OP-66.[3] Plaintiff believes the sale was orchestrated by his ex-wife, her family, and state actors, acting in concert to deprive him of his rights. To date, the divorce and post-decree proceedings are ongoing in Cass County Circuit Court case number 2022-DC-15. This Court has previously admonished Plaintiff for filing "a potentially frivolous federal lawsuit as a means to harass and air his personal grievances against his wife" after spending "46 pages of his 52-page Complaint divulging the personal and intimate details of the downfall of his marriage." *Thomas v. Osmer*, No. 23-cv-3037, 2024 U.S. Dist. LEXIS 15536, at *3, *10 (C.D. Ill. Jan. 29, 2024).

Here, Plaintiff further complains that the Cass County Circuit Court in 2022-DC-15 has denied him reasonable ADA accommodations as a litigant who is a qualified

---

[2] Defendant Osmers' Motion to Dismiss filed *pro se* appears to be grounded in Rules 12(b)(1) and (b)(6). Defendants Ohrn, Oliver, Ms. Thomas, and Cass and Menard Counties' responses to Plaintiff's motions also include requests for screening and dismissal. (Docs. 56 and 66).

[3] *See Opoka v. Immigration and Naturalization Service*, 94 F.3d 392, 394–95 (7th Cir. 1996) (collecting cases for the "well-settled principle that the decision of another court or agency . . . is a proper subject of judicial notice").

individual with a disability due to his "history of Stage III rectal cancer, Type 1 Diabetes, ADHD, and PTSD." (*Id.* at ¶ 7).

With respect to the sale of firearms and ammunition, Plaintiff alleges violations of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983, a conspiracy to deprive him of his civil rights, and conversion. He further alleges a Title II ADA claim against the Eighth Judicial Circuit Court for denial of accommodations. This Court previously determined it lacked subject matter jurisdiction over Plaintiff's claims but granted him leave to file an amended complaint to cure defects.

## II. DISCUSSION

### A. Legal Standard

A motion to dismiss under Rule 12(b)(1) contests a district court's subject matter jurisdiction over the case. *Hallinan v. FOP*, 570 F.3d 811, 820 (7th Cir. 2009). The Court "accept[s] as true all well-pleaded factual allegations and draw[s] all reasonable inferences in favor of the plaintiff." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Because Defendants challenge subject matter jurisdiction as a matter of fact, *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015), "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists," *Long*, 182 F.3d at 554 (quotation omitted).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). The Court construes the complaint in the light most favorable to the plaintiff, accepting all well-

pleaded allegations in the complaint as true and construing all reasonable inferences in the plaintiff's favor. *Id.* at 457. To state a claim for relief, the plaintiff need only provide "a short and plain statement of the claim" that shows she is entitled to relief, "sufficient to provide the defendant with fair notice of the claim and its basis." *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (internal quotation marks omitted). The complaint must set forth facts that plausibly demonstrate a claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the court can reasonably infer that a defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Moreover, when an indigent plaintiff is permitted to proceed without prepayment of fees, 28 U.S.C. § 1915(e)(2) directs that the district court screen the complaint for dismissal "at any time" if the action is found to be "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."

**B. Analysis**

This Court lacks subject matter jurisdiction for several reasons. First, the allegations arise from a divorce proceeding over which federal courts traditionally do not exercise jurisdiction. *Marshall v. Marshall*, 547 U.S. 293, 308 (2006); *Struck v. Cook Cnty. Pub. Guardian*, 508 F.3d 858, 859–60 (7th Cir. 2007). Even if this Court could navigate the underlying divorce proceedings, it would not elect to do so. *See Struck*, 508 F.3d at 860

(discussing the proficiency of state courts in domestic-relations matters as compared to federal courts).

Second, this case "implicates the principles of equity, comity, and federalism that are the foundation for *Younger* abstention." *SKS & Assocs. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). "*Younger* doctrine requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." *Id.; see also Younger v. Harris*, 401 U.S. 37, 53–54 (1971). Here, Plaintiff's claims under the Fourth and Fourteenth Amendment seek to disturb the judicial "seizure" and sale of marital property in the ongoing state proceedings in the Cass County Circuit Court, case number 2022-DC-15. (Doc. 33 at ¶¶ 23, 27).

Third, *Rooker-Feldman* applies because the action is inextricably intertwined with a state court judgment. The doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 704–05 (7th Cir. 2014). Plaintiff's ultimate complaint is about the state court's division and disposition of marital property, from which he may not appeal to this Court. *Cf. Landers Seed Co. v. Champaign Nat'l Bank*, 15 F.3d 729, 732 (7th Cir. 1994) ("By asking the district court to order Champaign National Bank to return the property

it secured by way of a state court judgment, Landers essentially asks that the district court invalidate a state court judgment.").

The applicability of these doctrines is further evidenced by Plaintiff's copious supplemental filings.[4] Many concern Plaintiff's dissatisfaction with the ongoing state proceedings or past court orders and serve as nothing more than mere updates from his ongoing dissolution proceeding. That is not the function of this Court and Plaintiff is fully aware of that.

Plaintiff's ADA claim also fails for independent reasons. Although "Title II properly abrogated states' sovereign immunity," it did so only with respect to "cases 'implicating the fundamental right of access to the courts.'" *King v. Marion Circuit Court*, 868 F.3d 589, 592 (7th Cir. 2017) (quoting *Tennessee v. Lane*, 541 U.S. 509, 533–34 (2004)). "[T]he fundamental right of access to the court refers to those constitutional rights that protect a litigant's ability to get into court and to receive a judgment." *Reed v. Illinois*, 798 F. App'x 932, 934 (7th Cir. 2020). For example, in *Lane*, "a wheelchair-bound litigant could not reach a courtroom on the second floor of a building that lacked an elevator or any way to get a wheelchair up the stairs." *King*, 868 F.3d at 592 (contrasting *Lane*); *see also Reed*, 798 F. App'x at 934 ("Reed was not denied fundamental access to the court, even if the State made litigating more difficult by denying her chosen accommodation."). It can't

[4] To date, since the filing of his second motion for a temporary restraining order and preliminary injunction (Doc. 37), Plaintiff has filed 27 notices of supplemental evidence. (Docs. 38–43, 47, 50–55, 59–63, 65, 67, 71–74, 77–78, 80). Many contain "updates" concerning the case before the state court that Plaintiff has issue with. (*See, e.g.*, Doc. 77 ("Plaintiff . . . respectfully submits this Notice of Filing of Supplemental Evidence to inform the Court of a new, dispositive event that occurred on October 16, 2026.")).

be said here that Plaintiff has been deprived of his fundamental right of access to the state court, as he continues to litigate there, *id.* at 935 (citing *King*, 868 F.3d at 593, for its conclusion that "no fundamental right of access was denied when claimant was able to litigate in court"), and none of the identified failures to accommodate in the amended complaint implicate a denial of fundamental access, (Doc. 33 at ¶¶ 33, 50).[5] Accordingly, the Eighth Judicial Circuit Court[6] is immune from this suit. *See King*, 868 F.3d at 953.

## III. CONCLUSION

Based on the foregoing reasons, Defendant Osmers' Motion to Dismiss (Doc. 44) is GRANTED. The Court otherwise exercises its screening authority under 28 U.S.C. § 1915(e)(2) to dismiss the action. All other pending motions are terminated as MOOT. (Docs. 37, 64, and 70). Having dismissed all federal claims, the Court relinquishes supplemental jurisdiction over Plaintiff's state-law conversion claim. The Court DISMISSES Plaintiff's Amended Complaint (Doc. 33) with prejudice as any further amendment would prove futile and cause substantial delay and prejudice for the reasons discussed throughout this Opinion and based on the evidence that has been submitted. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Clerk is directed to terminate this case and enter Judgment for Defendants.

---

[5] Plaintiff's claim is otherwise lacking sufficient detail concerning his disability, request for reasonable accommodations in light of his disability, denial of his request for accommodations, and the court's "retaliation" against him.

[6] The Eighth Judicial Circuit Court is a division of Illinois, so Plaintiff's suit is one against the State of Illinois itself. *King*, 868 F.3d at 591; *Landers Seed Co.*, 15 F.3d at 731–32.

ENTER: November 2, 2026

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE